IN THE UNITED STATES DISTRICT COURT
FOR THE WESTEN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NO. 1:21 CV 00305-MR-WCM

| BRO T. HESED-EL, | ) | |
|---|---|---|
| Plaintiff, | ) | **DEFENDANT ROBIN BRYSON,** |
| | ) | **MISSION HOSPITAL, INC. AND** |
| vs. | ) | **ANC HEALTHCARE, INC.'s** |
| | ) | **RESPONSE TO PLAINTIFF'S** |
| | ) | **MOTION TO PERMIT OR** |
| ROBIN BRYSON, et. al., | ) | **CORRECT CASE CAPTION** |
| | ) | |
| Defendant. | ) | |

NOW COME DEFENDANTS Robin Bryson, Mission Hospital, Inc., and ANC Healthcare, Inc. (collectively herein "these Mission Defendants"), responding to Plaintiff's Motion To Permit Or Correct Case Caption (hereinafter "Second Motion to Amend") by showing unto the Court the following:

## BACKGROUND

In Civil Case No. 1:19-cv-00271-MR-WCM in this Court (hereinafter "**Case #1**"), Plaintiff asserted claims using the pseudonym "Confidential Plaintiff" or "CP". On September 30, 2019 the Honorable Martin Reidinger entered an Order (hereinafter "Judge Reidinger's Order") addressing Plaintiff's attempt to proceed anonymously in light of the requirements of Rule 10(a). Judge Reidinger ordered that "(4) The Plaintiff will be required to use *his full name...* in any future pleadings;" [Case #1 Document 6, pp. 15]. (emphasis added)

1

Thereafter, Plaintiff filed Civil Case No. 1:19-cv-00285-MR-WCM (hereinafter "**Case #2**") and appeared to again be using a pseudonym: "Bro T. Hesed-El". This appeared to have been confirmed by Plaintiff's Brief In Opposition To Defendants' Motion To Dismiss [Case #2, Document 16], in which Plaintiff described having filed a December 2018 state court motion under the name of Taqi Lel Agabey to obtain the release of his related 2016 records, and attached thereto an Order [Exhibit A thereto] by state District Court Judge Ward D. Scott specifically noting "that the Court is satisfied that Mr. Agabey is, in fact, the person whom the records sought concern, based upon the independent recollection of Mr. Agabey's appointed counsel that Mr. Agabey is the same person he interviewed when initially appointed in 2016."

As a result, Defendants Mission and Bryson moved to dismiss on this and other grounds. [Case #2 Document 19 and Document 20, pages 3-5] The question of Plaintiff's identity was thereafter initially addressed in the Memorandum And Recommendation of U.S. Magistrate Judge W. Carlton Metcalf [Case #2 Doc. 63 at pages 14-15], but Plaintiff voluntarily dismissed all claims against these Defendants prior to any further determination.

Plaintiff then filed this current action (hereinafter "**Case #3**"), again using the name "Bro T. Hesed-El". In response, and in support of their motion to dismiss that Complaint, these Mission Defendants filed a motion for the taking of judicial notice

2

(the "Defendants' Judicial Notice Motion") [Case #3 Doc. 12]. As demonstrated by the Exhibits attached to the Defendants' Judicial Notice Motion, federal court records from Georgia indicated: that Plaintiff had changed his name from Stephen Anthony Lee to Taqi Elaga Bey in 2013; that Plaintiff was thereafter named Taqi Elaga Bey (or Taqi El Agabey or some similar iteration thereof) until at least January 30, 2017 (which is after the Defendants' alleged treatment of the Plaintiff ended in October 2016); that beginning on January 30, 2017, the Plaintiff was named "Taqi El"; and that his use of photo identifications in his various filings confirmed that that person was the same individual who was prosecuting the current Case #3 as "Bro T. Hesed-El".

On February 22, 2022, Plaintiff filed an Amended Complaint which unequivocally clarified that "Bro T. Hesed-El" is not Plaintiff's full name. Plaintiff acknowledged that "Bro T. Hesed-El" uses only the first initial of his first name, omits both of his middle names, and hyphenates his last names. Despite Rule 10(a) and the Judge Reidinger's Order, Plaintiff explained that the names he had decided to omit were "not necessary for identification purposes nor relevant to this action." Plaintiff continued his redaction of those names in that Amended Complaint. [Doc. 14 at page 7]

On March 3, 2022, in response to Defendants' Judicial Notice Motion, Plaintiff filed Plaintiff's Response In Opposition To Defendants' Motion To Take

3

Judicial Notice (hereinafter the "Response"), acknowledging that he was, in fact, the same individual referenced in the Exhibits to the Defendants' Judicial Notice Motion. Plaintiff, however, in his Response, continued redacting his name, again explaining that he had decided to continue omitting those parts of his full name because they were "not necessary for identification purposes nor relevant to this action". [Case #3 Doc.23 at page 2]

On March 7, 2022, these Mission Defendants filed a Reply to Plaintiff's Response to the Defendants' Judicial Notice Motion, pointing out Plaintiff's continued redactions and continued violations of the Rules and Judge Reidinger's Order.

Thereafter, on March 10, 2022, and only after Plaintiff realized that these Mission Defendants were not going to "let this go", the Plaintiff first identified himself in Plaintiff's Motion To Permit Or Correct Case Caption (herein "Second Motion To Amend"). [Case #3 Doc. 30]

## ARGUMENT

Plaintiff's Second Motion To Amend is governed by Rule 15(a)(2), which states that the Court should freely allow leave to amend "when justice so requires". These Mission Defendants contend that now allowing Plaintiff to finally amend his pleadings to comply with the orders of this Court is not required by justice; rather,

4

justice here requires that Plaintiff's Second Motion To Amend be denied and that this action be dismissed.

Plaintiff first knowingly violated Judge Reidinger's Order when he filed Case #2 under "Bro T. Hesed-El", which the Plaintiff has finally admitted is far from being his full name. Plaintiff next knowingly violated Judge Reidinger's Order when he filed his original Complaint in Case #3 under "Bro T. Hesed-El". The Plaintiff next knowingly violated Judge Reidinger's Order when filing his Amended Complaint in Case #3 redacting all but "Bro. T. Hesed-El". The Plaintiff for a fourth time knowingly violated Judge Reidinger's Order when filing his Response to the Defendants' Judicial Notice Motion and redacting all but "Bro T. Hesed-El". These were not inadvertent violations, but were clearly intentional: Judge Reidinger's Order could not have been clearer, and after each violation these Mission Defendants filed pleadings specifically pointing out Plaintiff's failure to comply with Judge Reidinger's Order and the Rules.

In his Second Motion To Amend, Plaintiff states that these Mission Defendants "seem to be confused" as to his real name and he asserts that he had earlier filed a document in the District Court in Georgia "clarifying his identification in accordance with this court ordered name change, dated May 20, 2015". However, that document (the first four pages of which were Exhibit 4 of the Defendants' Judicial Notice Motion, and which is being filed herewith as

5

Exhibit 1) does no such thing. To the contrary, it contains neither the Plaintiff's currently alleged full name, nor the name "Bro T. Hesed-El," nor any mention of a 2015 name change. Instead, it cites a 2017 name change to Taqi El "supported by a Court's Order" and identifies the Plaintiff only as either Taqi Elaga Bey or Taqi El. It should also be noted that this identity clarification to the Georgia federal court and the 2017 name change cited therein came long after Plaintiff's alleged name change in May 2015. Plaintiff's identity is therefore still far from uncertain; however, that is not critical because, even assuming that Plaintiff has now finally provided his full name, the result should be the same.

There are two assumptions that Plaintiff now makes that these Mission Defendants contest. First, Plaintiff appears to assume that because "Bro T. Hesed-El" is supposedly made up of some portions of his real name, rather than being a complete pseudonym, he has complied with Judge Reidinger's Order. That is incorrect. Judge Reidinger ordered that the Plaintiff was required to "use his full name", and the Plaintiff's effort to disguise his identity while using some portions of his real name clearly failed to comply with Judge Reidinger's Order and Plaintiff knew that it.

Second, after repeated intentional violations thereof, Plaintiff appears to assume that he can now finally comply with Judge Reidingers' Order and blithely proceed as though nothing had happened. These Mission Defendants disagree.

6

The inherent authority of the Court to compel compliance of its Orders should be utilized to sanction the Plaintiff by dismissing this action. The source of the court's inherent power is "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v Washburn R.R*. 370 US 626, 630-631 (1962). The court's authority extends to all matters that come before the court. There is no limit as to the type of proceedings in which sanctions may issue. *United States v Kouri-Perez* 1999 U.S. App. LEXIS 8811 (1st Cir. 1999)

If the Court is not inclined to sanction Plaintiff's behavior with a dismissal, these Mission Defendants would like to be heard with respect to sanctioning the Plaintiff by taxing him with these Mission Defendants' attorney's fees and expenses directly related to their continued efforts to require the Plaintiff to legitimately identify himself and comply with Judge Reidinger's Order.

Finally, because Plaintiff is appearing *pro se*, it should be noted that he is an experienced litigant in U.S. District Courts. (See the Exhibits to the Defendants' Judicial Notice Motion.) As importantly, it should be noted that this is not a situation in which a non-attorney has failed to follow some complicated or arcane rule - the directive by Judge Reidinger's Order could not have been any clearer, whether given to an attorney or to a lay person, and Plaintiff chose to disobey it despite being given constant reminders.

Respectfully submitted, the 22nd day of March, 2022.

                          / s/Richard S. Daniels
                          N.C. Bar No. 8716
                          *Attorney for Defendants Robin Bryson,*
                          *Mission Hospital, Inc. and*
                          *ANC Healthcare, Inc.*
                          Patla, Straus, Robinson & Moore, P.A.
                          Post Office Box 7625
                          Asheville, North Carolina 28802
                          Telephone: (828) 255-7641
                          Facsimile: (828) 258-9222
                          rsd@psrmlaw.com (email)

**CERTIFICATE OF SERVICE**

I hereby certify that on March 22, 2022, I served the foregoing *Defendant Robin Bryson, Mission Hospital, Inc. And ANC Healthcare, Inc.'s Response To Plaintiff's Motion To Permit Or Correct Case Caption* by electronically filing same with the Clerk of Court using the CM/ECF system and by depositing a copy, contained in a first-class postage-paid wrapper, into a depository under the exclusive care and custody of the United States Postal Service, addressed as follows:

**Bro. T. Hesed-El**
**c/o Taqi El Agabey Mgmt.**
**30 N. Gould Street, Suite R**
**Sheridan, WY 82801**

A courtesy copy will be emailed to the Plaintiff at: teamwork3@gmail.com.

This the 22nd day of March, 2022.

/ s/ Richard S. Daniels
N.C. Bar No. 8716
*Attorney for Defendants Robin Bryson,*
*Mission Hospital, Inc. and*
*ANC Healthcare, Inc.*
Patla, Straus, Robinson & Moore, P.A.
Post Office Box 7625
Asheville, North Carolina 28802
Telephone: (828) 255-7641
Facsimile: (828) 258-9222
rsd@psrmlaw.com (email)

9