IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

BRO. T. HESED-EL,              )
                                )
    Plaintiff,                 )    Civil Action No. **1:21-cv-305-MR-WCM**
v.                              )
                                )
ROBIN BRYSON, et al.,           )
                                )
    Defendants.                )

FILED
Asheville, NC
MAR 28 2022
Clerk, US District Court
Western District of NC

## **PLAINTIFF'S MOTION FOR JUDICIAL NOTICE**

COMES NOW Brother T. HESED – EL (hereinafter "Plaintiff") and moves the Court pursuant to Fed. R. Evid. 201 for an Order taking judicial notice of these five (5) adjudicative facts. The six (6) legislative facts requested below are not governed under the strictures of Rule 201. All facts come from documents filed in the public record, the world wide web, this instant action, or other sources that are not subject to a reasonable dispute.

### THE ADJUDICATIVE FACTS

1. The term "Honorific" is defined as *conferring or conveying honor*. This definition is found in the Merriam-Webster dictionary. **Exhibit Fact #1**

2. The term "Brother" has been used as an honorific in one or more religions. The Catholic Church and the Franciscan Brotherhood have used that term. **Exhibit Fact #2**

3. On May 20, 2015, Plaintiff changed his name to "TAQI EYR HHAMUL HESED EL". This fact is a matter of public record and filed in this case. **Exhibit Fact #3**

4. The term "Anonymous" is defined as *having an unknown or unacknowledged name*. This definition is found in the American Heritage Dictionary (5th ed. 2022). **Exhibit Fact #4**

5. The term "Pseudonym" is defined as *a fictitious name*. This definition is found in the Merriam-Webster dictionary. **Exhibit Fact #5**

## THE LEGISLATIVE FACTS

6. The phrase "full legal name" is defined as *the name that best identifies a person, may consist of initials only (for example, "Harry S. Truman" or "F. Scott Fitzgerald"). Last names must be written in full.* This definition is found in U.S. federal law, 8 FAM 403 PERSONALLY IDENTIFIABLE INFORMATION, 8 FAM 403.1-5(A)(c)(8), Acceptable Immaterial Discrepancies. **Exhibit Fact #6**

7. The fact that, pursuant to the provisions of North Carolina's involuntary commitment statutes, particularly North Carolina Gen. Stat. § 122C-263(c)(3), with respect to the respondent during a first examination, the examination shall include an assessment of the respondent's ability to survive safely without inpatient commitment, including the availability of supervision from family, friends, or others. **Exhibit #7**

8. The fact that, pursuant to the provisions of North Carolina's involuntary commitment statutes, particularly North Carolina Gen. Stat. 122C-3(8a) and § 122C-263(g), the commitment examiner, at the completion of the examination, shall provide the respondent with specific information regarding the next steps that will occur. **Exhibit Fact #8**

9. The fact that, pursuant to the provisions of North Carolina's involuntary commitment statutes, particularly North Carolina Gen. Stat. 122C-263(d)(2), if a 24-hour facility is not immediately available or appropriate to the respondent's medical condition, the respondent may be temporarily detained under appropriate supervision at the site of the first examination. If the respondent is temporarily detained and a 24-hour facility is not available or medically appropriate seven days after the issuance of the custody order, a commitment examiner shall report this fact to the clerk of superior court and the proceedings shall be terminated. **Exhibit Fact #9**

10. The fact that, pursuant to the provisions of North Carolina's involuntary commitment statutes, particularly North Carolina Gen. Stat. § 122C-268(a), a hearing shall be held in district court within 10 days of the day the respondent is taken into law enforcement custody pursuant to G.S. 122C-261(e) or G.S. 122C-262. A continuance of not more than five days may be granted. **Exhibit Fact #10**

11. The fact that the records of the North Carolina Secretary of State indicate that ANC Healthcare, Inc. was previously known as Mission Health System, Inc. (as shown on **Exhibit Fact #11** which is being filed herewith).

## ARGUMENT

"[I]t is not uncommon for courts to take judicial notice of factual information found on the world wide web." *Jeandron v. Bd. of Regents of the Univ. Sys. of Md.*, No. 12-1724, 11 (4th Cir. 2013). We note that "[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records." *Colonial Penn Insurance v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989). "[A] court may take judicial notice of facts not subject to reasonable dispute, which includes facts capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned...Judicial notice taken within a civil proceeding is deemed as a conclusive fact under Fed.R.Evid. 201(g)." *Charlotte-Mecklenburg Bd. of Educ. v. Schenkel Shultz*, Civil Action No. 3:05 CV 69, 4 (W.D.N.C. Jun. 12, 2006). "[C]ourts may consider relevant facts obtained from the public record, so long as these facts are construed in the light most favorable to the plaintiff along with the well-pleaded allegations of the complaint." *Goldfarb v. Mayor*, 791 F.3d 500, 508-9 (4th Cir. 2015).

"A federal court may take judicial notice of state law." *United States v. O'Neal*, No. 98-4549, 1999 U.S. App. LEXIS 347, at *7 (4th Cir. 1999). Federal "statutes are

considered legislative facts" of which the authority of courts to take judicial notice is "unquestionable." *United States v. Gavegnano*, 305 F. App'x 954, 956 (4th Cir. 2009)

## CONCLUSION

WHEREFORE, Plaintiff prays that this motion is granted.

Respectfully, this 21st day of Sha'ban in the year 1443 A.H.

*[signature]*
Bro T. Hesed-El, Plaintiff *pro se*

**Mailing Address:**
c/o TAQI EL AGABEY MANAGEMENT
30 N Gould St, Ste. R, Sheridan, WY 82801
Ph: (762) 333-2075 / teamwork3@gmail.com

Filing Agent's Wet Ink Signature:
*[signature] Authorized Agent*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| BRO. T. HESED-EL, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. **1:21-cv-305-MR-WCM** |
| v. ) | |
| ) | |
| ROBIN BRYSON, et al., ) | |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

This certifies that PLAINTIFF'S MOTION FOR JUDICIAL NOTICE was electronically served upon the below defendants, by attachment to an email, to ensure delivery to:

**Robin Bryson, Mission Hospital Inc., and ANC Healthcare Inc.**
℅ Attorney Richard S. Daniels
Patla, Straus, Robinson & Moore, P.A.
Post Office Box 7625
Asheville, North Carolina 28802
rsd@psrmlaw.com

This 24th day of March 2022 A.D.

*[signature]*
Bro T. Hesed-El, Plaintiff *pro se*

Filing Agent's Wet Ink Signature:
*authorized agent* [signature]