IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

BRO. T. HESED-EL, )
)
    Plaintiff, ) Civil Action No. **1:21-cv-305-MR-WCM**
v. )
)
ROBIN BRYSON, et al., )
)
    Defendants. )

FILED
Asheville, NC
MAR 28 2022
Clerk, US District Court
Western District of NC

## PLAINTIFF'S MOTION TO TOLL STATUTE OF LIMITATIONS

COMES NOW Brother T. HESED – EL (hereinafter "Plaintiff") and hereby moves the Court to enter an Order tolling the statute of limitations as having accrued from January 17, 2019. In support of this motion, Plaintiff respectfully shows unto the Court as follows:

### ARGUMENT

In an **unrebutted** affidavit filed in Civil Case No. 1-19-cv-00285-MR-WCM (Case #2), Plaintiff affirmed that he was not in possession of the necessary facts or specific information that would have revealed the harm caused by Robin Bryson and Adam Herzog until the court unsealed and released its records on January 17, 2019. *See* Case #2, Doc. 8-1, p. 7, ¶ 18. That undisputed fact is relevant to this action. For example, Plaintiff was not provided a copy of Robin Bryson's involuntary commitment petition/affidavit until January 17, 2019. Plaintiff had never seen nor heard the name Robin Bryson until nearly three (3) years after his detainment at Mission Hospital. "[F]or a cause of action to accrue, it is critical that the plaintiff know that he has been hurt and who inflicted the injury." *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995).

As alleged in Plaintiff's amended complaint in this case, Robin Bryson (hereinafter "Bryson") "is an employee of Mission Hospital, Inc. ("Mission Hospital") and/or ANC Healthcare, Inc. ("ANC")" [and] Adam Herzog [hereinafter "Herzog"]…is an employee of Mission Hospital and/or ANC." [Doc. 14, p. 7, ¶¶ 2-3]. Plaintiff didn't know they both inflicted his injury until 2019.

When Plaintiff first arrived at ANC's hospital in Asheville, Herzog "secretly injected Plaintiff with a cocktail of drugs without Plaintiff's consent. The heavy drugs altered Plaintiff's mind state and caused him to lose consciousness. At 2:58pm, Plaintiff was not arousable. At 9:02pm, after a nurse recorded that Plaintiff was calmly resting in his assigned involuntary patient room, Herzog secretly drugged Plaintiff again without his consent. The second dosage of the cocktail was administered via intravenous drip while Plaintiff was still unconscious." [Doc. 14, p. 10, ¶¶ 19-22]. Later that night, at "11:01pm, while Plaintiff was still in bed with his eyes closed, Defendant Robin Bryson purportedly completed an examination to have Plaintiff committed." [Doc. 14, p. 11, ¶ 23]. As shown, both defendants arguably acted without Plaintiff's knowledge.

It is Plaintiff's position that the causes of action against Herzog for lack of informed consent, gross negligence, and negligent infliction of emotional distress were not revealed until the state court's records were unsealed and released to Plaintiff on January 17, 2019. Similarly, it is Plaintiff's position that his causes of action against Bryson for gross negligence and negligent infliction of emotional distress were not revealed until the state court's records were unsealed and released to Plaintiff on January 17, 2019. Given ANC's failure to provide Plaintiff with any facts during his confinement that would have led to a reasonable inquiry of his causes action, Plaintiff had no way of knowing that he was hurt and who inflicted his injuries until the facts were obtained.

For example, in another **unrebutted** affidavit filed in Case #2, Plaintiff affirmed that while detained, he "was not provided with an explanation or the grounds for [his] confinement; nor served with the petition to commence an involuntary commitment; nor served with any magistrate's custody order; nor served with any notice of a [state] court hearing… [he] was not provided with any papers showing any facts of [his] confinement. Under those circumstances, the legal injury, loss, and/or damages caused by Mission Hospital's gross negligence, malpractice, and deprivation

of rights was not readily apparent…[he] didn't discover the facts of the defendants' violations of law until after the court released the records on January 17, 2019." [Case #2, Doc. 17-1, p. 31, ¶¶ 6-8]. Simply put, Plaintiff had no way of knowing prior to the full release of records the facts of Bryson's misconduct, the defendant who conducted an unauthorized first examination and filed the petition to have Plaintiff committed. Similarly, Plaintiff had no way of knowing during his confinement that Herzog's secret injections had hurt him and would be used against him.

Only after obtaining a copy of Bryson's petition on January 17, 2019 was it was revealed that Plaintiff's commitment was based upon her false conclusions that Plaintiff's alleged religious statements were non-sensical and evidence of a mental illness. Bryson's petition also revealed that she had violated the state's laws in carrying out an unauthorized first examination and had failed to comply with the state's notice requirements. Upon review of the state court's records released on January 17, 2019, it was further revealed that Bryson's failure to comply with the notice requirements deprived Plaintiff of insight into his situation, and that lack of insight was repeatedly cited by ANC's hospital staff as a factor for continuing Plaintiff's commitment for 16 days.

Although Plaintiff was diligent in his attempts to uncover the defendants' misconduct for nearly 12 months prior to the expiration of the 3-year limitations period, it was impossible that Plaintiff could have known said causes of action against ANC and Mission Hospital until he became in possession of sufficient facts concerning Herzog and Bryson's medical malpractice. For these reasons, it is Plaintiff's position that the causes of action against Mission Hospital and ANC for Negligent Supervision/Training and Respondeat Superior, which arise out of and include the misconduct of Herzog and Bryson, did not begin to accrue until the day after January 17, 2019.[1]

---

[1] "[T]he Supreme Court determined that tolling [is] appropriate because secretive conduct… prevented [Plaintiff] from knowing that a violation of [his] rights had occurred." Freeman v. Berryhill, NO. 1:18-CV-156-GCM, 4 (W.D.N.C. Dec. 9, 2019).

## STANDARD OF REVIEW

"Under federal law a cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action. In order to determine when a claimant possessed sufficient facts to know or have reason to know of the alleged injury, we may look to the common-law cause of action most closely analogous to the constitutional right at stake as an 'appropriate starting point.'" *Brooks v. City of Winston-Salem*, 85 F.3d 178, 181 (4th Cir. 1996).

## SUMMARY OF ARGUMENT

The statute of limitations as to the claims against ANC, Mission, Herzog, and Bryson should be tolled to and including January 17, 2019.

## CONCLUSION

WHEREFORE, Plaintiff prays that this motion is granted.


Respectfully, this 21st day of Sha'ban in the year 1443 A.H.

Bro T. Hesed-El, Plaintiff *pro se*

**Mailing Address:**
c/o TAQI EL AGABEY MANAGEMENT
30 N Gould St, Ste. R, Sheridan, WY 82801
Ph: (762) 333-2075 / teamwork3@gmail.com


Filing Agent's Wet Ink Signature:

*Authorized Agent*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| BRO. T. HESED-EL, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. **1:21-cv-305-MR-WCM** |
| v. ) | |
| ) | |
| ROBIN BRYSON, et al., ) | |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

This certifies that PLAINTIFF'S MOTION TO TOLL STATUTE OF LIMITATIONS was electronically served upon the below defendants, by attachment to an email, to ensure delivery to:

**Robin Bryson, Mission Hospital Inc., and ANC Healthcare Inc.**
℅ Attorney Richard S. Daniels
Patla, Straus, Robinson & Moore, P.A.
Post Office Box 7625
Asheville, North Carolina 28802
rsd@psrmlaw.com

This 24th day of March 2022 A.D.

*[signature]*
Bro T. Hesed-El, Plaintiff *pro se*

Filing Agent's Wet Ink Signature:
*Authorized Agent*