## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| BRO. T. HESED-EL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. **1:21-cv-305-MR-WCM** |
| v. | ) | |
| | ) | |
| ROBIN BRYSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

FILED
Asheville, NC

MAR 2 8 2022

Clerk, US District Court
Western District of NC

### PLAINTIFF'S MOTION TO CLARIFY THE COURT'S ORDER IN CASE NO. 1

COMES NOW Brother T. HESED – EL (hereinafter "Plaintiff") and hereby moves the Court to provide clarification as to the correct meaning of the phrase "full name" as instructed in Judge Reidinger's Order dated 09/30/19, Civil Case No. 1:19-cv-00271-MR-WCM (hereinafter "Case #1"), Doc. 6. In support of this motion, Plaintiff respectfully shows as follows:

### FACTS

In Case #1, Judge Reidinger denied Plaintiff's application to prosecute anonymously and under seal. Judge Reidinger ruled that "Plaintiff will be required to use his full name, and the full names of any identified Defendants, in any future pleadings." [Case #1, pp. 12-13]. The Order did not, however, define the legal meaning of the phrase "his full name". The Order did not specifically require Plaintiff to file his pleadings using his first name, second name, third name, fourth name, and last name. The instruction is unclear to Plaintiff. In this case, Plaintiff is not prosecuting under a pseudonym. "T. HESED-EL" is his first name initial, fourth name, and last name written in full.

### ARGUMENT

In accordance with federal law and Plaintiff's religion, "T. HESED-EL" constitutes his legal full name. In Islamism, it is required that a Moorish-American Moslem style his name in a format like "E. Mealy El", "Kirkman Bey", or "Bro. J. Mosby El". *See* Plaintiff's **Exhibit P3**.

Notice that each name is styled with a single initial as the first name followed by "El" or "Bey" as the last name. It has been recognized for many years that Moorish-Americans have a right "to use the name affixes El or Ali or Bey or any other prefix or suffix to which they have heretofore been accustomed to use or which they may hereafter acquire the right to use." [**Exhibit P4**, p. 4367]. Moorish-American Moslems do not normally express their full name such as *John Smith Frederick Hamilton Bey*. Under their religious customs, it would be styled as Hamilton Bey or Brother J. Hamilton Bey. According to accustomed usages, Plaintiff is best identified by the name Brother T. Hesed-El because it identifies his person and distinguishes him from any other people and cultures. Said stylization is "a requirement for all Moorish American Moslems." [Doc. 23, p. 5].

### "Full legal name" is defined under federal law.

Federal law defines "full legal name" as the last name written in full. The law does not prohibit the use of initials in place of one's first and middle names.[1] On May 20, 2015, Plaintiff obtained a court order changing his name to TAQI EYR HHAMUL HESED EL. These Mission Defendants seek to argue that Plaintiff is prosecuting under a pseudonym because he didn't file this lawsuit using "Eyr" and "Hhamul", his second and third names. The defendants seek to argue that Plaintiff changed his name to Moorish titles that are not his name. Their arguments are flawed.[2]

"T. HESED-EL" is not a fictitious name. Plaintiff never obtained a court order legally changing his name to "Taqi El Agabey" or "Taqi Elaga Bey", which are Moorish titles. Further, "Taqi Lel Agabey" is a pseudonym that was exclusively created by these Mission Defendants, or their co-conspirators. At best, the defendants' exhibits included with their first motion for judicial notice show that said Moorish titles, and said pseudonym, are mere *words* of art.

---

[1] *See* 8 FAM 403.1-5(A)(c)(8) – Acceptable Immaterial Discrepancy – "Sometimes, a full legal name, which is the name that best identifies a person, may consist of initials only (for example, "Harry S. Truman" or "F. Scott Fitzgerald"). Last names must be written in full."

[2] See *United States v. Hamrick*, No. 3:90cr12, 2013 U.S. Dist. LEXIS 63095, at *4-5 (E.D. Va. May 1, 2013) (holding that religious certificates of an assumed name are not verifiable evidence of a legal name change)

## STANDARD OF REVIEW

"[J]udges must provide *pro se* litigants with procedural instruction to ensure, where possible, resolution on the merits." *Smith v. Charter Communs.*, No. 3:18-cv-00080-MOC-DSC, 2019 U.S. Dist. LEXIS 40536, at *10-11 (W.D.N.C. Mar. 13, 2019). "[P]*ro se* litigants generally are afforded liberal treatment by courts regarding the procedural requirements of the Federal Rules of Civil Procedure so as to permit them to pursue the merits of their claims. *See, e.g., Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007); *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989) ("Pro se litigants are entitled to some deference from courts.")" *Green v. Brock & Scott, PLLC*, No. 3:19-CV-00075-KDB, 2020 U.S. Dist. LEXIS 108207, at *4-5 (W.D.N.C. June 19, 2020). District courts "should provide [a] pro se litigant with a statement of deficiencies so that the opportunity to amend is a meaningful one…[they] should supply minimal notice of the consequences of not complying with procedural rules." *Bridgewater v. Hayes Valley Ltd. P'ship*, No. C 10-0703 SBA, 2011 U.S. Dist. LEXIS 83564, at *13 (N.D. Cal. 2011) (parentheses removed). "In particular, where a party files a dispositive motion against a pro se litigant such that failure to comply with procedural rules would produce a final judgment to the detriment of the pro se litigant, the United States Court of Appeals for the D.C. Circuit instructs courts to notify the pro se litigant of the consequences of non-compliance." *United States v. Funds from Prudential Sec.*, 245 F. Supp. 2d 41, 42 (D.D.C. 2003).

## SUMMARY OF ARGUMENT

Plaintiff did not intentionally violate Judge Reidinger's Order in Case #1. In the event that Judge Reidinger's instruction to Plaintiff meant that he was required to use his first, second, third, fourth, and fifth names in all future pleadings, Plaintiff misunderstood the instruction. In accordance with federal law and Plaintiff's religion, "Brother T. HESED-EL" is "his full name".

## CONCLUSION

WHEREFORE, Plaintiff prays that this motion is granted.


Respectfully, this 21st day of Sha'ban in the year 1443 A.H.

Bro T. Hesed-El, Plaintiff *pro se*

**Mailing Address:**
c/o TAQI EL AGABEY MANAGEMENT
30 N Gould St, Ste. R, Sheridan, WY 82801
Ph: (762) 333-2075 / teamwork3@gmail.com


Filing Agent's Wet Ink Signature:

*authorized agent*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA

BRO. T. HESED-EL,                                )
                                                 )
              Plaintiff,                         )    Civil Action No. **1:21-cv-305-MR-WCM**
                                                 )
v.                                               )
                                                 )
ROBIN BRYSON, et al.,                            )
                                                 )
              Defendants.                        )

## CERTIFICATE OF SERVICE

This certifies that PLAINTIFF'S MOTION TO CLARIFY THE COURT'S ORDER IN

CASE NO. 1 was electronically served upon the below defendants, by attachment to an email, to

ensure delivery to:


**Robin Bryson, Mission Hospital Inc., and ANC Healthcare Inc.**
℅ Attorney Richard S. Daniels
Patla, Straus, Robinson & Moore, P.A.
Post Office Box 7625
Asheville, North Carolina 28802
rsd@psrmlaw.com


This 24ᵗʰ day of March 2022 A.D.

Bro T. Hesed-El, Plaintiff *pro se*


Filing Agent's Wet Ink Signature:

_authorized agent_

# Exhibit P3

MOORISH SCIENCE TEMPLE OF AMERICA

NOBLE DREW ALI, Founder

Home Office: 3718 Prairie Ave. - Tel. Douglas 2725

Send all official Business to the Home Office in
Care of E. MEALY EL, S.G.S                    Chicago, ILL

(VICTORY.)                        5/14th. 1931

Blessed is the Man who knows ALLAH as his God for Victory is His.

ISLAM

Bro. J. Mosby El
301 W. Leigh St.
Richmond Virginia

My dear brother, I am sure you and as many as were interested
in the Welfare and outcome of the trial, you wanted to hear there
suits. Which you shall have in full. In the outset, I want to say
to all; ALLAH is Mine and always will be and in Him and through I
live and have my being. Speaking of the case, it was as I said,
and I spoke as he Prophet Guided me, I told the people when they
went to court, they would find far different than what they
thought; because there is a difference in our mines and that which
is LAW. The idle of the people of the world lost in the case; to
the anointed one, Noble Drew Ali, and when he was here. He said,
"You Follow where I lead and victory is yours." I have all of His
to be right; in all of His ways. Kirkman Bey told it in Court that
he is head of the organization; and he could remember he was made
advisor and when he elected, but he couldn't remember when he was
made or voted out, in the convention, till the judge told him he
was only self appointed. And that he showed him what I had told
him was right, when I told him he couldn't be or act as Supreme

Grand Advisor of the Moorish Science Temple of America. Because that position could only be filled by the Prophet. And any man who tried to take that position would do so at his own risk. And self-appointment and would place opposition through the GRAND BODY OF THE MOORISH SCIENCE TEMPLE OF AMERICA. But, was He convinced by the Bro.? No, he had to be told by the same man, he said had nothing to do with it; well why did he take the case to the man. He also said that I would bet that when I went to court that I had no right as charge of the M.S.T. of A. But I went to Court as E. Mealy El, S.G.S. and came out the same.

So you can see he was defeated every way he had planned out. He and all of his followers were badly disappointed. Still some believe yet. Tell all the Moors to be careful and what every they do. Live the life and keep the Law and forsake not His ways, look to no man over the Prophet. Peace your Bro in ISLAM.

(SIGNED) E. Mealy El, S.G.S

---

NOBLE DREW ALI, FOUNDER

# Exhibit P4

# House of Representatives

COMMONWEALTH OF PENNSYLVANIA
HARRISBURG

FROM:     PA House of Representatives
          Right-to-Know Office

SUBJECT:  PA Right-to-Know Law Request for House Resolution 75 of 1933

Dear Requester,

This memo is applicable to PA *Right-to-Know Law* requests for PA House Resolution 75 of 1933. Please find attached to this memo a self-authenticated copy of HR 75 of 1933. Also attached, please find copies of the corresponding House Journal pages from May 4, 1933 (the date HR 75 was passed in the House).

### Position on Statement of Certification

According to Pennsylvania Rule of Evidence 902(5): "Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:"

> (5) *"Official Publications.* Books, pamphlets, or other publications purporting to be issued by public authority."

This means that official publications, such as House Resolutions, issued by public authority, such as the PA House of Representatives, are self-authenticating. Therefore, no statement of certification is necessary for this document in order to use it in an official capacity.

PRINTED ON RECYCLED PAPER

## THURSDAY, MAY 4, 1933

The House of Representatives met at 11:00 o'clock A. M.

The Speaker (Grover C. Talbot) in the chair.

The Chaplain, Rev. George F. Conner offered prayer.

The Journal of Thursday, May 4, 1933 was partly read.

Whereupon,

Mr. Long moved that the further reading of the Journal be dispensed with, and the Journal approved,

Which was agreed to.

Mr. Hutton offered a resolution from the Committee on Rules fixing the order of business for the day, which was twice read, as follows:

Resolved, That the order of business of the House for the Session, Thursday, May 4, 1933, shall be as follows:

1. Communications from the Governor and the Senate, reference of bills or petitions to committees; signing of bills or other papers; and clearing the table privileged at any time.

2. The asking of leave of absence.

3. The receiving reports of committees. Reports from committees may also be received immediately before or after a recess or before adjournment. (All bills reported from committee, shall be read for the first time).

4. Resolutions:

    A. House and concurrent resolutions originating in the House other than those to discharge committee from consideration of bills and fixing special orders of business.

    B. Resolution recalling bills from the Governor and the Senate, and resolutions returning bills to the Governor are privileged.

5. Motions to recommit (this motion may also be made when a bill is reached in its regular order).

6. Motions to reconsider privileged at any time.

7. Bills on second reading.

8. Bills on final passage recalled from the Governor.

9. Bills on final passage (bills on the final passage postponed calendar may be called up under this order of business).

10. Bills on third reading (bills on the third reading or final pas-

Mr. Peters moved that the vote by which Resolution No. 80 passed the House be reconsidered.

Mr. Forrest seconded the motion.

The motion was agreed to.

Mr. Peters moved that this resolution be laid upon the table.

The motion was agreed to.

Mr. Witkin called up resolution No. 75.

The resolution was read as follows:

In the House of Representatives, April 17, 1933.

Many sons and daughters of that proud and handsome race which inspired the architecture of Northern Africa and carried into Spain the influence of its artistic temperament have become citizens of this Nation.

In the City of Philadelphia there exists a Moorish-American Society made up of Moors who have found here the end of their quest for a home and of the children of those who journeyed here from the plains of Morocco.

This Society has done much to bring about a thorough absorption by these people of those principles which are necessary to make them good American citizens.

These Moorish-Americans have since being here missed the use of the titles and name annexations that were so familiar at home and which are used in accordance with the doctrines of the religious faith to which they are adherents therefore be it

Resolved, That this House commends the Moorish-American Society of Philadelphia for the efficient service it has rendered the Nation in bringing about a speedy and thorough Americanization of these former Moors and that in accordance with the fullest right of religious independence guaranteed every citizen we recognize also the right of these people to use the name affixes El or Ali or Bey or any other prefix or suffix to which they have heretofore been accustomed to use or which they may hereafter acquire the right to use.

On the question,

Will the House adopt the resolution?

It was adopted.

Mr. Root offered the following resolution which was twice read, considered and adopted.

Case 1:21-cv-00305-MR-WCM   Document 42   Filed 03/28/22   Page 12 of 12