IN THE UNITED STATES DISTRICT COURT
FOR THE WESTEN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NO. 1:21 CV 00305-MR-WCM

| BRO T. HESED-EL, | ) | |
|---|---|---|
| Plaintiff, | ) | **DEFENDANTS ROBIN BRYSON** |
| | ) | **MISSION HOSPITAL, INC. AND** |
| vs. | ) | **ANC HEALTHCARE, INC.'S** |
| | ) | **RESPONSE TO PLAINTIFF'S** |
| | ) | **MOTION TO CLARIFY THE** |
| ROBIN BRYSON, et. al., | ) | **COURT'S ORDER IN CASE NO. 1** |
| | ) | |
| Defendant. | ) | |

NOW COME DEFENDANTS Robin Bryson, Mission Hospital, Inc. and ANC Healthcare, Inc. (collectively herein "these Mission Defendants") and respond to Plaintiff's Motion To Clarify The Court's Order In Case No. 1 (hereinafter "Motion To Clarify") by showing unto the Court the following.

## ARGUMENT

*Assuming arguendo* that Plaintiff is correct in asserting that the May 20, 2015 Order from the Superior Court in Richmond County, Georgia legally changed his name, then Plaintiff's full name since that time has undeniably been Taqi Eyr Hhamul Hesed El. Now, however, some two and a half years (and multiple related pleadings) after Judge Reidinger's Order of October 1, 2019, Plaintiff first complains that Judge Reidinger's Order was unclear by failing to define "his full

1

name". Further, Plaintiff asserts that **Bro. T Hesed-El** is the full name of **Taqi Eyr Hhamul Hesed El**.

Plaintiff makes these assertions while acknowledging that: (i) the "Bro" is an abbreviation of a common honorific and therefore not a distinguishing identifier; and (ii) the "El" is a common affix that is also not a distinguishing identifier. As a result, "Bro. T Hesed-El" provides only a first initial and a single distinguishing last name. It is the equivalent of the undersigned asserting that his full name is 'Mr. R. Daniels'. It does nothing to distinguish him from every Richard, Robert, Rachel, Ronald, Rebekah, etc. Daniels in the world, and wholly fails to satisfy the public's interest in maintaining open court proceedings and in preventing prejudice to the Defendants, which were the stated bases for Judge Reidinger's Order.

Plaintiff also asserts that, because limited fragments of his full name are contained within "Bro. T Hesed-El" it is not a "pseudonym" and that he is therefore in compliance with Judge Reidinger's Order. Plaintiff appears to intentionally miss the point – Judge Reidinger's Order clearly goes further than prohibiting pseudonyms - it specifically orders the inclusion of Plaintiff's full name.

Also, apparently in an effort to blame Defendant Mission Hospital for the confusion surrounding what he calls himself, Plaintiff asserts that "Plaintiff never obtained a court order legally changing his name to 'Taqi El Agabey' or Taqi

2

Elaga Bey', which are Moorish titles. Further, 'Taqi Lel Agabey' is a pseudonym that was exclusively created by these Mission Defendants, or their co-conspirators." Plaintiff makes these statements despite the fact that, as demonstrated by Documents 12-1, 12-2,12-4 and 12-13 herein, Plaintiff was using Taqi Elaga Bey and various iterations thereof in pleadings that he was filing in federal court in Georgia, both before and after he was at Mission Hospital in September and October of 2016, and thereafter identified himself as Taqi Lel Agabey in state District Court in North Carolina when seeking his IVC records (Doc. 12-13).

These Mission Defendants are aware that *pro se* litigants are entitled to some deference from the courts. While *pro se* litigants "are not exempt from compliance with procedural rules, *pro se* litigant generally are afforded liberal treatment by courts regarding the procedural requirements of the Federal Rules of Civil Procedure so as to permit them to pursue the merits of their claims." Green v. Brock & Scott, PLLC, No. 3:19-CV-00075-KDB, 2020 U.S. Dist. LEXIS 108207, at *4 (W.D.N.C. June 19, 2020)

Accordingly, courts grant significant leeway to *pro se* litigants on procedural issues such as being unaware of the need to respond to motions for summary judgment Roseboro v Garrison 528 F.2d 309 (4th Cir. 1975), being unaware that an amended complaint needs to include all of the original claims that

3

a plaintiff wishes to preserve <u>Smith v. Charter Communs</u>., No. 3:18-cv-00080-MOC-DSC, 2019 U.S. Dist., LEXIS 40536 at *10-11 (W.D.N.C. Mar. 13, 2019) and giving liberal construction, even "active interpretation" to inartful pleadings. However, the matter before the Court on this Motion To Clarify is not any procedural subtlety, nor is this "*pro se* litigant" an inexperienced neophyte to federal litigation. To the contrary, this is a repeated failure to comply with a clear order of the Court, by an experienced litigant in numerous federal court matters. (Document 12-10 p.2)

## CONCLUSION

The Court should clarify that when it ordered the Plaintiff to use his full name, it meant that he was required to use his full name: Taqi Eyr Hhamul Hesed El. The Court should further rule that the term "full name" was not reasonably subject to the misinterpretation that Plaintiff now is attempting to place upon it. The Court should exercise its discretion in finding that the Plaintiff has intentionally disobeyed a clear Order and is now seeking cover under the customary "*pro se*" protections not intended for litigants such as him. The Court should sanction the Plaintiff accordingly.

4

Respectfully submitted this the 11th day of April, 2022.

<pre>                                        / s/ Richard S. Daniels                </pre>
N.C. Bar No. 8716
*Attorney for Defendants Robin Bryson, Mission Hospital, Inc. and ANC Healthcare, Inc.*
Patla, Straus, Robinson & Moore, P.A.
Post Office Box 7625
Asheville, North Carolina 28802
Telephone: (828) 255-7641
Facsimile: (828) 258-9222
rsd@psrmlaw.com (email)

# **CERTIFICATE OF SERVICE**

I hereby certify that on April11, 2022, I served the foregoing *Defendants Robin Bryson, Mission Hospital, Inc. and ANC Healthcare, Inc.'s Response To Plaintiff's Motion To Clarify the Court's Order In Case No. 1* by electronically filing same with the Clerk of Court using the CM/ECF system and by depositing a copy, contained in a first-class postage-paid wrapper, into a depository under the exclusive care and custody of the United States Postal Service, addressed as follows:

> **Bro. T. Hesed-El**
> **c/o Taqi El Agabey Mgmt.**
> **30 N. Gould Street, Suite R**
> **Sheridan, WY  82801**

A courtesy copy will be emailed to the Plaintiff at:  teamwork3@gmail.com.

This the 11th day of April, 2022.

>  / s/ Richard S. Daniels
> N.C. Bar No. 8716
> *Attorney for Defendants Robin Bryson, Mission Hospital, Inc. and ANC Healthcare, Inc.*
> Patla, Straus, Robinson & Moore, P.A.
> Post Office Box 7625
> Asheville, North Carolina 28802
> Telephone:  (828) 255-7641
> Facsimile:  (828) 258-9222
> rsd@psrmlaw.com (email)