# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTEN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CASE NO. 1:21 CV 00305-MR-WCM

| | | |
|---|---|---|
| BRO T. HESED-EL, | ) | |
| | ) | |
|    Plaintiff, | ) | **DEFENDANTS ROBIN BRYSON,** |
| | ) | **MISSION HOSPITAL, INC. AND** |
| vs. | ) | **ANC HEALTHCARE, INC.'S** |
| | ) | **RESPONSE TO PLAINTIFF'S** |
| | ) | **MOTION TO STRIKE** |
| ROBIN BRYSON, et. al., | ) | **DEFENDANTS' AFFIRMATIVE** |
| | ) | **DEFENSE** |
|    Defendant. | ) | |

NOW COME DEFENDANTS Robin Bryson, Mission Hospital, Inc. and ANC Healthcare, Inc. (collectively herein "these Mission Defendants") and respond to Plaintiff's Motion to Strike Defendants' Affirmative Defense (hereinafter "Motion To Strike") by showing unto the Court the following:

## PROCEDURAL BACKGROUND

On September 23, 2019, Plaintiff filed Civil Case No. 1:19-cv-00271-MR-WCM in this Court (hereinafter "**Case #1**"), against Defendants Robin Bryson (hereinafter "Bryson") and Mission Hospital, Inc. (hereinafter "Mission") among others, but not against ANC Healthcare, Inc. (hereinafter "ANC") or any ANC predecessor entity, based upon alleged actions and/or omissions by the Defendants taking place from September 20, 2016 until approximately 15 days later. Case #1 ended when Judgment was entered upon that Order entered on September 30, 2019

1

by the Honorable Martin Reidinger dismissing Case #1 for lack of subject matter jurisdiction [Case #1, Docs 6 and 7].

On October 7, 2019, Plaintiff filed Civil Case No. 1:19-cv-00285-MR-WCM in this Court (hereinafter "**Case #2**") and in his Amended Complaint [Case #2 Document 8] asserted claims against Bryson and Mission, among others, but not against ANC or any ANC predecessor entity, based upon alleged actions and/or omissions by the Defendants taking place from September 20, 2016 until approximately 15 days later. Case #2 ended with respect to Defendants Bryson and Mission when Plaintiff filed a voluntary dismissal on October 22, 2020 [Case #2, Doc. 67].

On October 18, 2021, Plaintiff filed this action (hereinafter "**Case #3**") against these Mission Defendants, John Doe and Hospital Does 1-20, based upon alleged actions and/or omissions by the Defendants taking place from September 20, 2016 until approximately 15 days later.

On February 22, 2022, Plaintiff filed an Amended Complaint in Case #3 against the same Defendants plus purported new Defendants Adam Herzog (hereinafter "Herzog") and Stirling Barlow (hereinafter "Barlow"), based upon alleged actions and/or omissions by the Defendant taking place from September 20, 2016 until approximately 15 days later.

Prior to filing his Complaint in this Case #3, Plaintiff had never asserted any claims against or even included allegations regarding Defendant ANC Healthcare, Inc. (hereinafter "Defendant ANC"), either under its current name or under one of its prior corporate names such as "Mission Health System, Inc.". Likewise, prior to Case #3, Plaintiff had never asserted any claims against or even included allegations regarding any "parent" corporation or other corporate affiliate of Defendant Mission Hospital, Inc.

## ARGUMENT

For a Plaintiff to be able to take advantage of North Carolina's Rule 41(a) one-year extension of the statute of limitations, the refiled case must be "…substantially the same, involving *the same parties*, the same cause of action, and the same right." (emphasis added) *Cherokee Ins. Co. v R/I, Inc.*, 97 N.C. App. 295, 297, 388 S.E.2d 239, 240, cert. denied, 326 N.C. 594 (1990) quoting McIntosh, *North Carolina Practice and Procedure* Section 312 (1956). "Although Rule 41(a)(1) does not specifically mandate that the new action involve the same defendants, North Carolina courts have interpreted the statute to include such a requirement." *Pridgett V Royster-Clark, Inc*. 1996 U.S. Dist. LEXIS 18222 (E.D.N.C. 1996). Because the Plaintiff never asserted claims against Defendant ANC in Cases #1 or #2, he cannot successfully take advantage of Rule 41 to now include Defendant ANC as a defendant for the first time in Case #3.

3

In his Motion To Strike, Plaintiff cites cases and make arguments that are not relevant to his having voluntarily dismissed Case #2. First, Plaintiff cites Holden v. R.J. Reynolds Indus., Inc., 82 F.R.D. 157, 161 (M.D.N.C., 1979) and Goodman v. Praxair, 494 F.3d 458, 475 (4th Cir. 2007), both of which are Rule 15(c) cases. Neither case involved a dismissal and refiling. The Holden case in particular emphasizes the dramatic difference between in Rule 15(c) and Rule 41(a) in similar situations.  The Holden Court notes that, in determining whether the new party to be added via amendment pursuant to Rule 15(c) might have satisfied the "knowledge" requirements of Rule 15, "the relationship needed to satisfy the identity of interest exists between a parent and a wholly-owned subsidiary or between related corporations whose officers, directors or shareholders are substantially identical and who may have similar names or conduct their business from the same offices…typically, the intended defendant receives notice of the action and is aware of Plaintiff's mistake…" Holden at 161. In contrast, the Cherokee Court discussing the application of Rule 41 determined that it was immaterial that the original corporate defendant and the corporation that Plaintiff sought to add shared similar names, shared the same address, shared the same officers, shared the same directors, and that the corporation sought to be added likely had "actual notice" of the earlier action.

4

Likewise, the fact that Defendant ANC is the parent corporation of Defendant Mission Hospital is also not relevant. In *Pridgett*, Mulberry Phosphates, Inc. (formerly the initial Royster Company) was the parent corporation of Mid-Atlantic Fertilizer, Inc. (formerly Royster Mid-Atlantic Company). Plaintiff's original action had included Mid-Atlantic Fertilizer, Inc. as a defendant, but not Mulberry Phosphates. Following a dismissal without prejudice and refiling, the court determined that the statute of limitation had not been tolled with respect to parent corporation Mulberry Phosphates.

Second, Plaintiff cites Johnson v. Flowers Indus., Inc., 814 F.2d 978, 981 (4th Cir. 1987) and Broussard v. Meineke Disc. Muffler Shops, 155 F.3d 331, 349 (4th Cir. 1998).  Those are cases involving "piercing the corporate veil", in which all of the relevant defendants had been named as defendants in the original Complaint – there were no dismissals under consideration.  (These cases cited by Plaintiff do, however, demonstrate the kind of "extraordinary circumstances" necessary for a parent corporation to be held liable for the acts of its subsidiary, even if the parent had originally been named as a defendant, which circumstances are absent from the conclusory allegations in Plaintiff's Amended Complaint.)

These Mission Defendants' assertion of the statute of limitations defense on behalf of Defendant ANC is neither an insufficient defense nor does it contain redundant, immaterial, impertinent or scandalous matters.  To the contrary, this

defense on behalf of Defendant ANC should require its dismissal from this action.

Plaintiff's Motion To Strike pursuant to Rule 12(f) should be denied.

Respectfully submitted this the 11th day of April, 2022.

/ s/ Richard S. Daniels
N.C. Bar No. 8716
*Attorney for Defendants Robin Bryson,*
*Mission Hospital, Inc. and ANC*
*Healthcare, Inc.*
Patla, Straus, Robinson & Moore, P.A.
Post Office Box 7625
Asheville, North Carolina 28802
Telephone:  (828) 255-7641
Facsimile:  (828) 258-9222
rsd@psrmlaw.com (email)

6

## CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2022, I served the foregoing *Defendants Robin Bryson, Mission Hospital, Inc. and ANC Healthcare, Inc.'s Response To Plaintiff's Motion To Strike Defendants' Affirmative Defense* by electronically filing same with the Clerk of Court using the CM/ECF system and by depositing a copy, contained in a first-class postage-paid wrapper, into a depository under the exclusive care and custody of the United States Postal Service, addressed as follows:

**Bro. T. Hesed-El**
**c/o Taqi El Agabey Mgmt.**
**30 N. Gould Street, Suite R**
**Sheridan, WY  82801**

A courtesy copy will be emailed to the Plaintiff at:  teamwork3@gmail.com.

This the 11ᵗʰ day of April, 2022.

/ s/ Richard S. Daniels
N.C. Bar No. 8716
*Attorney for Defendants Robin Bryson,*
*Mission Hospital, Inc. and ANC*
*Healthcare, Inc.*
Patla, Straus, Robinson & Moore, P.A.
Post Office Box 7625
Asheville, North Carolina 28802
Telephone:  (828) 255-7641
Facsimile:  (828) 258-9222
rsd@psrmlaw.com (email)

7