IN THE UNITED STATES DISTRICT COURT
FOR THE WESTEN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NO. 1:21 CV 00305-MR-WCM

| BRO T. HESED-EL, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | **DEFENDANTS ROBIN BRYSON,** |
| | ) | **MISSION HOSPITAL, INC. AND** |
| vs. | ) | **ANC HEALTHCARE, INC.'S** |
| | ) | **RESPONSE TO PLAINTIFF'S** |
| | ) | **MOTION TO TOLL STATUTE** |
| ROBIN BRYSON, et. al., | ) | **OF LIMITATIONS** |
| | ) | |
| Defendant. | ) | |

NOW COME DEFENDANTS Robin Bryson, Mission Hospital, Inc. and ANC Healthcare, Inc. (collectively herein "these Mission Defendants") and respond to Plaintiff's Motion To Toll Statute Of Limitations (Doc. 41) (herein "Motion To Toll") by showing unto the Court the following:

## BACKGROUND

Plaintiff alleges that he was taken to Mission Hospital on September 20, 2016 and confined for a period of 16 days thereafter before being released. *Assuming arguendo* that the Plaintiff was under a disability as defined in N.C.G.S. §1-17(a) until his release on October 6, 2016, then the three-year statute of limitations[1]

---

[1] These Mission Defendants believe that it is not contested that N.C.G.S. §1-15(c) and §1-52 govern all of the Plaintiff's claims against these Mission Defendants.

1

applicable to Plaintiff's claims against these Mission Defendants expired no later than[2] Monday, October 7, 2019.

In support of his Motion To Toll, Plaintiff cites his verified Amended Complaint in Case #2, specifically his affidavit attached thereto (Case #2 Docs 8 and 8-1 respectively), plus another affidavit filed by the Plaintiff in Case #2 (Case #2 Doc.17-1). Those pleadings cited by Plaintiff clarify a number of dates relevant to Plaintiff's Motion To Toll, including the following sequence of events:

**September 30, 2016** (approximate) – Plaintiff was medicated while conscious and stating that "I do not consent". (Case #2 Doc 8 ¶¶23, 24 and 72; Doc. 17-1 ¶53-54).

**September 6, 2018** – Plaintiff contacted Defendant Mission Hospital, Inc. to obtain a copy of his medical records. (Case #2 Doc 8-1 ¶4; Doc. 17-1 ¶9)

**October 2, 2018** – Plaintiff received a copy of his medical records from Defendant Mission Hospital. (Case #2 Doc. 17-1 ¶9)

**Between 10-02-18 and 01-17-19 -** Plaintiff further contacted Defendant Mission Hospital to inquire about Robin Bryson, and Defendant Mission Hospital informed the Plaintiff that she was the Licensed Clinical Social

---

[2] These Mission Defendants do not concede that the applicable statutes of limitation did not expire earlier than October 7, 2019 and reserve the right to include that as an affirmative defense when answering the Amended Complaint. These Mission Defendants are now arguing only the position that the applicable statutes of limitation should not be tolled to any time *beyond* October 7, 2019.

2

Case 1:21-cv-00305-MR-WCM   Document 48   Filed 04/11/22   Page 2 of 8

Worker who had submitted the petition in his IVC proceeding. (Case #2 Doc. 8-1 ¶5; Doc. 17-1 ¶10)

**Between 10-02-18 and 01-17-19** - Plaintiff sought legal advice concerning this matter. (Case #2 Doc. 8-1 ¶5; Doc. 17-1 ¶10)

**Between 10-02-18 and 01-17-19** - Based upon legal advice, Plaintiff contacted Buncombe County and was advised by Deputy Clerk of Superior Court Janet Watson that her office could not release his IVC records without a court order. (Case #2 Doc. 8-1 ¶5; Doc. 17-1 ¶10)

**January 17, 2019** – Order entered by Judge Wade Scott releasing his IVC records to the Plaintiff. (Case #2 Doc. 8-1 ¶5; Doc. 17-1 ¶10)

**February 1, 2019** – Plaintiff sought further legal advice concerning this matter. (Case #2 Doc 8-1 ¶5; Doc. 17-1 ¶10)

**January – September 2019** – Plaintiff consulted with multiple attorneys about legally vindicating his rights related to his IVC. (Case #2 Doc. 8-1 ¶6; Doc. 17-1 ¶11)

## ARGUMENT

"Equitable tolling applies only in 'those rare instances where – due to circumstances external to the [Plaintiffs'] own conduct – it would be unconscionable to enforce the limitation against the [Plaintiffs']" *Land vs.*

3

*Greentree Servicing LLC*, 140 F Supp. 3d 539, 547 (DSC 2015) (quoting *Harris v. Hutchinson*, 209 F. 3d 325, 330 (Fourth Cir. 2000) (alterations in *Land*). To utilize the doctrine, Plaintiff "must show that '(1) the party pleading the statute of limitations fraudulently concealed facts that are the basis of the [Plaintiffs'] claim, and (2) the [Plaintiffs] failed to discover those facts within the statutory period, despite (3) the exercise of due diligence.'" *Land* quoting *Supermarket of Marlinton v Meadow Gold Dairies* 71 F.3d 119, 122 (4th Cir. 1995). See also *Harris* at 330. The Plaintiff here satisfies none of the necessary criteria.

During the hiatus between his October 6, 2016 release and his September 6, 2018 request for his medical records, Plaintiff clearly had the mental and physical wherewithal to have requested the medical and IVC records and otherwise investigated his potential claims. As demonstrated by the Exhibits attached to these Mission Defendants First Motion For Judicial Notice herein (Doc 12): in January 2017, the Plaintiff filed multiple pleadings in a pending federal *pro se* case he had earlier filed in Georgia (Docs. 12-2, 12-3 and 12-4); and in January 2018 he filed another federal *pro se* civil action in Georgia (Doc. 12-5).

There were no fraudulent or wrongful acts on the part of these Mission Defendants that prevented the Plaintiff from his filing his claims in a timely manner. To the contrary, he received his medical records from Defendant Mission Hospital less than a month following his September 6, 2018 request, and received accurate

information about Defendant Robin Bryson when he thereafter called Defendant Mission Hospital. At some point after receiving those medical records on October 2, 2018, Plaintiff realized that he had to obtain a court order to enable the Clerk of Superior Court to release his involuntary commitment records. While it is unclear exactly when he sought such an order, he received those records shortly thereafter per Judge Ward Scott's Order on January 17, 2019.

Thus, by February 1, 2019, over eight months before his October 7, 2019 deadline, Plaintiff was in possession of all of the relevant medical and IVC records and had consulted with legal counsel about whatever claims he thought he might have. It therefore simply cannot be said that either the actions of these Mission Defendants or any 'extraordinary circumstances' beyond the Plaintiff's control made it impossible for him to file his claims on time.

At the time of his release in October 2016, the Plaintiff was clearly aware of his confinement, of having had his blood drawn, and of at least one occasion on which he was medicated without his consent. Plaintiff nevertheless argues that the statutes of limitation should be tolled until he knew the names of the alleged tortfeasors and the details of all of the alleged torts of which he now complains. The Plaintiff is incorrect.

While state law determines the applicable statutes of limitation for state law claims, federal law governs the date on which the limitation period begins to run.

5

*Owens v. Balt. City*, 767 F.3d 379 (4th Cir. 2014) *citing Wallace v. Kato*, 549 U.S. 384, 388, 127 S. Ct. 1091 (2007). "Under federal law, a cause of action accrues when a Plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Nasim v. Warden*, 64 F.3d 951, 955 (4th Cir. 1995) citing *U.S. v Kubrick*, 444 U.S. 111, 122-124, 100 S. Ct. 352 (1979). To be placed upon this "inquiry notice", a Plaintiff *need not know the identity* of the eventual defendant.[3] (emphasis added) In *Gould v. US HHS*, 905 F.2d 738 (4th Cir. 1990), the Court specifically rejected the Plaintiff's argument that accrual did not occur until Plaintiff had discovered the legal identity of alleged tortfeasor. In so finding, the *Gould* Court cited with approval both *Dyniewicz v. United States*, 742 F.2d 484, 486 (9th Cir. 1984) ("Discovery of the cause of one's injury, however, does not mean knowing who is responsible for it. 'The cause' is known when the immediate physical cause of the injury is discovery") and *Zeleznik v. United States*, 770 F.2d 20, 23 (3rd Cir. 1985) ("…the critical question…was whether the injured party had sufficient notice of the invasion of his legal rights to require that he investigate and make a timely claim or risk its loss. Once the injured party is put on notice, the burden is upon him to determine within the limitations period whether

---

[3] *Kubrick* and *Nasim* stand for the proposition that the identity of the Defendant is sufficient but not necessary to put a Plaintiff upon "inquiry notice". In neither case was the identity of the Defendant ever in question, and *Nasim* clarifies that 'knowledge of the fact of the injury and who caused it' is simply one example of how a Plaintiff might be put on notice to make reasonable inquiry. ("…the cause of action accrues either when the Plaintiff has knowledge of his claim or when he is put on notice – *e.g.* by the knowledge of the fact of injury and who caused it – to make reasonable inquiry and that inquiry would reveal the existence of a colorable claim." (*Nasim* at 955) (emphasis added).

any party may be liable to him.") See also: *Blanck v. McKeen*, 707 F.2d 817, 820 (4th Cir. 1983) ("It is not necessary that appellants knew, in 1976, all of the persons involved in, *or all of the details of the appellees' alleged torts*. Appellants' action is time-barred as long as they were "on notice" of the conduct about which they complain.). (emphasis added)

The Plaintiff has shown no legitimate basis for the tolling of any statute of limitation beyond October 7, 2019, and his Motion To Toll should be denied.

Respectfully submitted this the 11th day of April, 2022.

/ s/ Richard S. Daniels
N.C. Bar No. 8716
*Attorney for Defendants Robin Bryson, Mission Hospital, Inc. and ANC Healthcare, Inc.*
Patla, Straus, Robinson & Moore, P.A.
Post Office Box 7625
Asheville, North Carolina 28802
Telephone: (828) 255-7641
Facsimile: (828) 258-9222
rsd@psrmlaw.com (email)

7

# CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2022, I served the foregoing *Defendants Robin Bryson, Mission Hospital, Inc. and ANC Healthcare, Inc.'s Response To Plaintiff's Motion To Toll Statute Of Limitations* by electronically filing same with the Clerk of Court using the CM/ECF system and by depositing a copy, contained in a first-class postage-paid wrapper, into a depository under the exclusive care and custody of the United States Postal Service, addressed as follows:

**Bro. T. Hesed-El
c/o Taqi El Agabey Mgmt.
30 N. Gould Street, Suite R
Sheridan, WY 82801**

A courtesy copy will be emailed to the Plaintiff at: teamwork3@gmail.com.

This the 11th day of April, 2022.

/ s/ Richard S. Daniels
N.C. Bar No. 8716
*Attorney for Defendants Robin Bryson, Mission Hospital, Inc. and ANC Healthcare, Inc.*
Patla, Straus, Robinson & Moore, P.A.
Post Office Box 7625
Asheville, North Carolina 28802
Telephone: (828) 255-7641
Facsimile: (828) 258-9222
rsd@psrmlaw.com (email)