ORIGINAL DOCUMENT - Page 1 of 5

FILED
Asheville, NC
APR 21 2022
Clerk, US District Court
Western District of NC

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

BRO. T. HESED-EL, )
)
Plaintiff, ) Civil Action No. **1:21-cv-305-MR-WCM**
v. )
)
ROBIN BRYSON, et al., )
)
Defendants. )

## PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

COMES NOW Brother T. HESED – EL (hereinafter "Plaintiff"), and hereby respectfully moves the Court to grant him leave to amend his complaint filed on February 22, 2022 ("first amended complaint"). The grounds in support of this motion are as follows:

1) On March 18, 2022, Defendants Robin Bryson, Mission Hospital, Inc., and ANC Healthcare, Inc. ("Defendants") filed a motion dismiss to Plaintiff's first amended complaint. Therein, Defendants asserted five reasons why they believe this case should be dismissed in its entirety.

   a. **The first reason** is for a lack of diversity due to the inclusion of the John Doe defendants.

      i. On March 28, 2022, Plaintiff voluntarily dismissed all Doe defendants. Thereby, this issue has been resolved.

      ii. This issue is addressed in Plaintiff's attached opposition to motion dismiss as well.

   b. **The second reason** is Defendants' belief that "T. Hesed-El" is not Plaintiff's real name. Defendants assert that Plaintiff repeatedly and willfully failed to comply with Judge Reidinger's September 30, 2019 Order entered in CASE #1 by filing subsequent pleadings under Plaintiff's name, T. Hesed-El.

      i. This issue was initially resolved on October 9, 2020 in CASE #2 by Magistrate Judge W. Carleton Metcalf's Report and Recommendation.

  ii. This issue was addressed by Plaintiff in Doc. 38, Request for Judicial Notice, and has since been scheduled for an in-person hearing.

  iii. This issue is addressed in Plaintiff's proposed second amended complaint and attached opposition to motion dismiss.

c. **The third reason** is based on Defendants' belief that Plaintiff first asserted his claims against ANC beyond the statute of limitations.

  i. Plaintiff's first amended complaint and proposed second amended complaint raises questions of fact as to when those claims began to accrue and whether ANC and Mission should be treated as one party.

  ii. The first amended complaint and proposed second amended complaint does not contain on their face all the necessary facts to resolve those questions. The time bar is not apparent on the face of the complaints.

  iii. This issue is addressed in Plaintiff's attached opposition to motion dismiss as well. This issue should be decided by summary judgment.

d. **The fourth reason** is based on Defendants' belief that Plaintiff failed to state claim for negligent infliction of emotional distress.

  i. This issue is cured by the proposed Second Amended Complaint. Plaintiff further detailed the distress caused by the Defendants.

  ii. This issue is addressed in Plaintiff's attached opposition to motion dismiss as well. This issue should be decided by summary judgment.

e. **The fifth reason** is based on Defendants' belief that Plaintiff was required to include a state Rule 9(j) certification with his pleadings.

  i. Plaintiff's first amended complaint and proposed second amended complaint includes a Rule 11 certification which supersedes North Carolina's Rule 9(j) certification requirement.

  ii. This issue is addressed in Plaintiff's attached opposition to motion dismiss as well. This issue was already decided in Plaintiff's favor in *Pledger v. Lynch*, 5 F.4th 511 (4th Cir. 2021).

As shown above, Defendants' motion to dismiss is founded upon procedural arguments that have been since decided, resolved, addressed, or cured. It is Plaintiff's position that he should be allowed proceed on the merits of the Second Amended Complaint as it renders moot Defendants' five reasons for dismissal. Moreover, it is Plaintiff's position that his Second Amended Complaint states a plausible claim against all named defendants.

## ARGUMENT

The language of FRCP Rule 15(a)(2) states that an amendment should be freely allowed "when justice so requires." Most courts have interpreted this language to require them to allow an amendment unless one of the following justifies denial: (a) undue delay; (b) bad faith or dilatory motive by the moving party; (c) repeated failure to cure deficiencies by previous amendments; (d) undue prejudice to the opposing party; or (e) futility. See *Foman v. Davis*, 371 U.S. 178, 182 (1962) (providing this basic set of factors for denying an amendment).

Plaintiff's second amended complaint is not interposed to cause an undue delay as it is served before the April 20, 2022 deadline set by the Court to oppose Defendants' motion to dismiss; it is not presented in bad faith or with a dilatory motive; it cures any prior deficiency(ies); it does not cause any undue prejudice to the opposing party(ies); and it is not futile. For these reasons, it is Plaintiff's position that the proposed amendment should be allowed.

## MEMORANDUM OF AUTHORITY

"It is now established doctrine that pleadings should not be scrutinized with such technical nicety that a meritorious claim should be defeated, and even if the claim is insufficient in substance, it may be amended to achieve justice." *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Although it is true that the complaint must contain sufficient facts to state a claim that is plausible on its face, it nevertheless need only give the defendant fair notice of what the claim is and the grounds on which it rests. Thus, we have emphasized that a complaint is to be construed liberally so as to do substantial justice." *Hall v. DIRECTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017) (internal quotation marks and citations omitted).

## CONCLUSION

WHEREFORE, Plaintiff prays that the Court will provide the following relief:

A) Grant Plaintiff leave and direct the Clerk to file the proposed second amended complaint (attached). Extend the time up to and including May 9, 2022 for Defendants to answer or otherwise respond to Plaintiff's second amended complaint;

*Or in the alternative if leave to amend is denied –*

B) Direct the Clerk to file Plaintiff's attached Opposition to Defendants' Motion to Dismiss.

Respectfully, this 17th day of Ramadan in the year 1443 A.H.

*[signature]*
Bro T. Hesed-El, Plaintiff *pro se*

**Mailing Address:**
Brother T. HESED-EL, Plaintiff
c/o TAQI EL AGABEY MANAGEMENT
30 N Gould St, Ste. R, Sheridan, WY 82801
Ph: (762) 333-2075 / teamwork3@gmail.com

## CERTIFICATE OF SERVICE

This certifies that PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT was electronically served upon the below defendants, by attachment to an email, to ensure delivery to:

**Robin Bryson, Mission Hospital Inc., and ANC Healthcare Inc.**
℅ Attorney Richard S. Daniels
Patla, Straus, Robinson & Moore, P.A.
Post Office Box 7625
Asheville, North Carolina 28802
rsd@psrmlaw.com

This 19th day of April 2022 A.D.

*[signature]*
Bro T. Hesed-El, Plaintiff *pro se*