IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-cv-00305-MR-WCM

| | |
|---|---|
| BRO T. HESED-EL )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ROBIN BRYSON )<br>*Licensed Clinical Social Worker,* )<br>*in her individual and official capacity*, )<br>MISSION HOSPITAL, INC., )<br>ANC HEALTHCARE, INC., )<br>ADAM HERZOG )<br>*Employee of Mission Hospital* )<br>*and/or ANC*, )<br>STIRLING BARLOW )<br>*Employee of Mission Hospital* )<br>*and/or ANC*, )<br>)<br>Defendants. )<br>_____ ) | ORDER |

On May 18, 2022, the court conducted a hearing on the following motions:

1. "Defendants Robin Bryson Mission Hospital, Inc. and ANC Healthcare, Inc.'s Motion to Take Judicial Notice" (Doc. 12).

2. Plaintiff's Motion to Permit or Correct Case Caption (Doc. 30).

3. "Motion to Dismiss Amended Complaint by Defendants Robin Bryson Mission Hospital, Inc. and ANC Healthcare, Inc" (Doc. 33).

4. "Defendants Robin Bryson Mission Hospital Inc.'s and ANC Healthcare, Inc.'s Second Motion to Take Judicial Notice" (Doc. 35).

5. Plaintiff's Motion for Judicial Notice (Doc. 38).

1

6. Plaintiff's "Motion to Withdraw Motion to Permit or Correct Case Caption" (Doc. 39).

7. Plaintiff's Motion to Strike Defendants' Affirmative Defenses (Doc. 40).

8. Plaintiff's Motion to Toll Statute of Limitations (Doc. 41).

9. "Plaintiff's Motion to Clarify the Court's Order in Case No. 1" (Doc. 42).

10. Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 53).[1]

At the conclusion of the hearing, the undersigned orally granted the Motion to Withdraw (Doc. 39) and allowed Plaintiff to withdraw his Motion to Permit or Correct Case Caption (Doc. 30), and took the remaining motions under advisement.

As discussed during the hearing, the undersigned will allow the parties an opportunity to provide limited supplemental briefing on two topics.

First, Plaintiff filed his Complaint pursuant to 28 U.S.C. § 1332 and named "John Doe/Hospital Does 1-20" as defendants. In their Motion to Dismiss, the Mission Defendants argued that the naming of the "Hospital Doe" defendants precluded the exercise of diversity subject matter jurisdiction. Doc. 33.

---

[1] Also pending are Defendant Mary Stirling Barlow's Motion to Dismiss Plaintiff's Amended Complaint ("Barlow's Motion to Dismiss," Doc. 60) and Defendant Adam Herzog's Motion to Dismiss for Improper Service of Process or, in the Alternative, Motion for Extension of Time to File His Response to the Plaintiff's Amended Complaint" ("Herzog's Motion to Dismiss," Doc. 63).

2

On March 28, 2022, Plaintiff filed a Notice of Voluntary Dismissal dismissing "all claims against all *Doe* defendants of this action **with prejudice**." Doc. 37 at 1 (emphasis in Plaintiff's filing).

During the May 18 hearing, the parties agreed that Plaintiff's voluntary dismissal of the Doe defendants resolved any issue regarding this court's subject matter jurisdiction. Nonetheless, as the court has an independent duty to confirm that subject matter jurisdiction exists, the undersigned inquired as to the parties' views regarding § 1332 and Rule 21 of the Federal Rules of Civil Procedure and the potential application of those authorities in this matter. Compare Sandoval v. Doe No. 1, et al., No. 5:20-cv-279-BO, 2022 WL 880732, at *3 (E.D.N.C. March 16, 2022) ("Subject matter jurisdiction must be established at the time a case is filed, Grupo Dataflux v. Atlas Glob. Grp., L.P., 541 U.S. 567, 570, 124 S.Ct. 1920, 158 L.Ed.2d 866 (2004), and the law has long been clear that a federal court may not proceed in the absence of subject matter jurisdiction, nor may it expand its own jurisdiction. Kontrick v. Ryan, 540 U.S. 443, 452, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004). Although 28 U.S.C. § 1441 has been amended by Congress to prevent the inclusion of a Doe defendant from destroying complete diversity for purposes of the removal statute, no similar amendment has been made to § 1332") with Levisa Coal Co. v. Consolidation Coal Co., No. 197CV00117, 2001 WL 515262, at *4 (W.D. Va. Jan. 30, 2001) ("Sound authority supports the view that federal district courts

may cure defects in diversity by dropping a dispensable, non-diverse party whose presence deprives the court of jurisdiction, and motions to do so may be made even after entry of judgment. Thus, federal district courts may cure defects in diversity as opposed to dismissing an action for lack of jurisdiction. However, the court has discretion, and it does not follow as a matter of right that the court should cure defects in diversity at the mere desire of the plaintiff"); Volvo Trademark Holding Aktiebolget v. AIS Const. Equipment Corp., 162 F.Supp.2d 465, 468 (W.D.N.C. 2001) (granting leave to amend to drop non-diverse, dispensable party such that "diversity jurisdiction is established").

Second, Plaintiff acknowledged during the May 18 hearing that his name was changed on May 20, 2015 from "Stephen Anthony Lee" to "Taqi Eyr Hhamul Hesed El," and that his legal name has not been changed by any secular legal authority after May 20, 2015. See also Doc. 29-1. When the court inquired as to whether Plaintiff had any legal objection to appearing in this matter under his full legal name, he at first indicated he did not but subsequently stated there may be authority to support his position that he should be allowed to appear using a modified version of his name in accordance with his religious custom.

**IT IS THEREFORE ORDERED** that each party may submit, on or before June 1, 2022, a supplemental brief not to exceed seven (7) pages addressing either or both of the topics described above.

Signed: May 19, 2022

W. Carleton Metcalf
United States Magistrate Judge