IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| BRO. T. HESED-EL, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. **1:21-cv-305-MR-WCM** |
| v. ) | |
| ) | |
| ROBIN BRYSON, et al., ) | |
| ) | |
| Defendants. ) | |

FILED
ASHEVILLE, NC
JUN 21 2022
U.S. DISTRICT COURT
W. DISTRICT OF N.C.

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT BARLOW'S MOTION TO DISMISS

NOW COMES Brother T. HESED – EL ("Plaintiff") and opposes Defendant Mary Stirling Barlow's ("Barlow") motion to dismiss ("motion") that was filed on May 10, 2022 (Doc. 60). Plaintiff respectfully shows unto this Honorable Court as follows:

### COUNTER-ARGUMENTS

**1. Plaintiff's claims against Barlow were asserted within the statute of limitations.**

The cause of action against Barlow began to accrue on January 17, 2019, the date Robin Bryson's involuntary commitment petition was unsealed and released to Plaintiff. The harm caused by Barlow's malpractice was discovered on January 17, 2019. Federal law dictates that the statute of limitations could not have expired prior to January 17, 2022. As quoted below, Plaintiff asserted his claims against Barlow in the first document of this case. *See* Doc. 1, Complaint, p. 4. Barlow was given actual and constructive notice of those claims.[1]

> Barlow …[was] negligent in… using a therapeutic restraint to extract Plaintiff's bodily fluids against his will…[Barlow's] reckless/willful disregard of Plaintiff's right to determine what is done with his own body proximately caused Plaintiff's damages.

---

[1] Doc. 61, p. 7, Proof of Service, indicates that Plaintiff mailed Barlow a copy of the Doc. 1 on 11/30/2021. This shows that Barlow was given actual notice by mail and given constructive notice by Mission Hospital/ANC Healthcare.

### 2. The issue of diversity has been cured. The Court has subject matter jurisdiction.

The case law cited by Barlow in her supplemental briefs (Doc. 72) is outdated. Contrary to Barlow's arguments, voluntary dismissal of Doe defendants pursuant to Rule 41 is an effective means of curing diversity issues. "[I]t is clear the Fourth Circuit has tacitly approved of the use of [Rule 41(a)] as a vehicle to dismiss discrete claims and parties from actions as well as actions in their entirety." *Bridgetree, Inc. v. Red F Marketing LLC*, Civil Action No.: 3:10-cv-228-FDW-DSC, 3 (W.D.N.C. Sep. 16, 2011). As to the defendants' argument that the dropped Doe defendants could result in a separate action, it should be remembered that Plaintiff's notice of voluntary dismissal specifically dismissed the Doe defendants *with prejudice.*

### CONCLUSION

Plaintiff's claims against Barlow are plausible. To the extent the 1st amended complaint is deficient, Plaintiff's 2nd amended complaint is the cure. Barlow's motion should be denied.

Respectfully, this 18th day of Dhu'l-Qi'dah in the year 1443 A.H.

Bro T. Hesed-El, Plaintiff *pro se*

**Mailing Address:**
Brother T. Hesed-El, Plaintiff
c/o TAQI EL AGABEY MANAGEMENT
30 N Gould St, Ste. R, Sheridan, WY 82801
Ph: (762) 333-2075 / teamwork3@gmail.com

## CERTIFICATE OF SERVICE

This certifies that PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT STIRLING BARLOW'S MOTION TO DISMISS was served upon the below defendants by email and USPS First Class mail.

**Robin Bryson, Adam Herzog, Mission Hospital Inc., and ANC Healthcare Inc.**
℅ Attorney Richard S. Daniels
Patla, Straus, Robinson & Moore, P.A.
Post Office Box 7625
Asheville, North Carolina 28802
rsd@psrmlaw.com

**Mary Stirling Barlow**
c/o Adam F. Peoples and Austin R. Kessler
Hall Booth Smith, P.C.
72 Patton Avenue
Asheville, NC 28801
apeoples@hallboothsmith.com
akessler@hallboothsmith.com

This 17th day of June 2022 A.D.

Bro T. Hesed-El, Plaintiff *pro se*