## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| BRO. T. HESED-EL, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. **1:21-cv-305-MR-WCM** |
| v. ) | |
| ) | **FILED** |
| ROBIN BRYSON, et al., ) | ASHEVILLE, NC |
| ) | |
| Defendants. ) | **JUN 21 2022** |
| | U.S. DISTRICT COURT |
| | W. DISTRICT OF N.C. |

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT ADAM HERZOG'S 2ND MOTION TO DISMISS

NOW COMES Brother T. HESED – EL ("Plaintiff") and opposes Defendant Adam Herzog's ("Herzog") motion to dismiss ("motion") that was filed on June 7, 2022 (Docs. 74-75). Plaintiff respectfully shows unto this Honorable Court as follows:

### COUNTER-ARGUMENTS

**1. Plaintiff's claims against Herzog were asserted within the statute of limitations.**

In his motion, Herzog argues that Plaintiff's claims against him were first asserted beyond the statutes of limitations. Herzog is incorrect. The cause of action against Herzog began to accrue on January 17, 2019, the date Robin Bryson's involuntary commitment petition was unsealed and released to Plaintiff over Mission Hospital's objections. With that petition in hand, Plaintiff was able to determine the harm Herzog had secretly inflicted upon him while in the hospital's joint custody. Prior to that date, Plaintiff did know that Robin Bryson's involuntary commitment petition had arisen out of the harm Herzog had caused Plaintiff.

> "[F]or a cause of action to accrue, it is critical that the plaintiff know that he has been hurt and who inflicted the injury." *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995). "Under federal law a cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action. In order to determine when a claimant possessed sufficient facts to know or have reason to know of the

alleged injury, we may look to the common-law cause of action most closely analogous to the constitutional right at stake as an 'appropriate starting point.'" *Brooks v. City of Winston-Salem*, 85 F.3d 178, 181 (4th Cir. 1996).

Herzog's malpractice and the harm caused thereby was discovered on January 17, 2019. Federal law dictates that the statute of limitations could not have expired prior to January 17, 2022. As quoted below, Plaintiff asserted his claims against Herzog in the first document of this case. *See* Doc. 1, Complaint, p. 4. Herzog was given actual and constructive notice of those claims.[1]

> Adam Herzog …[was] negligent in… forcing medications upon Plaintiff without giving him an opportunity to give expressed consent. The forced care violated Plaintiff's religion and caused harmful side effects negatively affecting Plaintiff's state of mind. After Plaintiff's mind was altered by the forcefully administered medications and induced trauma, Robin Bryson allegedly performed an IVC examination…Herzog owed Plaintiff a duty to inform him of the material risks associated with medical treatment, and give him an opportunity [to] give his expressed consent regarding medical treatment. At the time of administering, Plaintiff had the full capacity and competency to make his own health decisions. [Herzog's] reckless/willful disregard of Plaintiff's right to determine what is done with his own body proximately caused Plaintiff's damages.

## 2. Herzog waived the affirmative defense of statute of limitations.

In his motion, Herzog for the first time raises an affirmative defense that the statute of limitations has expired. Herzog's surprise affirmative defense has caused Plaintiff prejudice. As the record shows, Plaintiff named Herzog as a tortfeasor in the very first document of this case filed on October 18, 2021. On December 21, 2021, Herzog's attorney entered his notice of appearance. In his notice of appearance, Herzog's attorney made no preservation of defenses. Instead, on December 21, 2021, Herzog's attorney requested an extension of time beyond the statute of limitations. The Court granted the extension of time until January 27, 2022.

---

[1] Doc. 61, p. 10, indicates that Plaintiff mailed Herzog a copy of the Doc. 1 on 11/30/2021. This shows that Herzog was given actual notice by mail and given constructive notice by Mission Hospital/ANC Healthcare.

On January 27, 2022, Herzog's attorney filed a motion dismiss. Doc. 10. Therein, Herzog's attorney acknowledged the claims against Herzog, but failed to give Plaintiff a fair warning that an affirmative defense related to the statute of limitations would or could be raised. Instead, Herzog's attorney argued about a lack of diversity. *See* Doc. 11, p. 5, ¶ 4. On March 18, 2022, Herzog's attorney filed another motion to dismiss including detailed arguments about Plaintiff's NIED, IIED, and general malpractice claims against Herzog. Therein, Herzog's attorney again failed to give Plaintiff a fair warning that an affirmative defense of statute of limitations would or could be raised on Herzog's behalf. Instead, like before, Herzog's attorney argued about other reasons for dismissal. *See* Doc. 34, pp. 2-4, 21-22.

On May 17, 2022, Herzog's attorney filed another motion dismiss (Docs. 63-64) acknowledging Plaintiff's claims against Herzog. Therein, Herzog's attorney again failed to give Plaintiff a fair warning of an affirmative defense of statute of limitations. Finally, on June 7, 2022, Herzog's attorney raised for the first time an affirmative defense arguing that the statute of limitations had expired. The record shows that Herzog's attorney filed three motions that included acknowledgements of the claims against Herzog and arguments for dismissal of those claims, but none of those motions ever mentioned an affirmative defense of statute of limitations.

It is well-settled that "a party's failure to raise an affirmative defense in the appropriate pleading results in waiver." *Brinkley v. Harbour Rec. Club*, 180 F.3d 598, 612 (4th Cir. 1999). Here, Herzog's attorney sandbagged the affirmative defense of statute of limitations from December 21, 2021 and waited until the very last moment to raise the defense on June 7, 2022. This delay in raising the affirmative defense has prejudiced Plaintiff, constitutes an unfair surprise, and deprived Plaintiff of a chance to address the issue before the statute of limitations expired.

### 3. The issue of diversity has been cured. The Court has subject matter jurisdiction.

The case law cited by the defendants in their supplemental briefs (Docs. 71-72) are outdated. Contrary to the defendants' arguments, voluntary dismissal of Doe defendants pursuant to Rule 41 is an effective means of curing diversity issues. "[I]t is clear the Fourth Circuit has tacitly approved of the use of [Rule 41(a)] as a vehicle to dismiss discrete claims and parties from actions as well as actions in their entirety." *Bridgetree, Inc. v. Red F Marketing LLC*, Civil Action No.: 3:10-cv-228-FDW-DSC, 3 (W.D.N.C. Sep. 16, 2011). As to the defendants' argument that the dropped Doe defendants could result in a separate action, it should be remembered that Plaintiff's notice of voluntary dismissal specifically dismissed the Doe defendants *with prejudice*.

### CONCLUSION

As argued in Plaintiff's previous opposition to motion to dismiss, Doc. 53-2, which is incorporated herein by reference, Plaintiff's claims against Herzog are plausible and Plaintiff has not knowingly violated any rule or procedure of the Court. Further, to the extent the 1st amended complaint is deficient in any way, Plaintiff's 2nd amended complaint is the cure. Herzog's motion should be denied.

Respectfully, this 18th day of Dhu'l-Qi'dah in the year 1443 A.H.

Bro T. Hesed-El, Plaintiff *pro se*

**Mailing Address:**
Brother T. Hesed-El, Plaintiff
c/o TAQI EL AGABEY MANAGEMENT
30 N Gould St, Ste. R, Sheridan, WY 82801
Ph: (762) 333-2075 / teamwork3@gmail.com

## CERTIFICATE OF SERVICE

This certifies that PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT ADAM HERZOG'S 2ND MOTION TO DISMISS was served upon the below defendants by email and USPS First Class mail.

**Robin Bryson, Adam Herzog, Mission Hospital Inc., and ANC Healthcare Inc.**
℅ Attorney Richard S. Daniels
Patla, Straus, Robinson & Moore, P.A.
Post Office Box 7625
Asheville, North Carolina 28802
rsd@psrmlaw.com

**Mary Stirling Barlow**
c/o Adam F. Peoples and Austin R. Kessler
Hall Booth Smith, P.C.
72 Patton Avenue
Asheville, NC 28801
apeoples@hallboothsmith.com
akessler@hallboothsmith.com

This 17th day of June 2022 A.D.

Bro T. Hesed-El, Plaintiff *pro se*