# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CASE NO. 1:21 CV 00305-MR-WCM

| | |
|---|---|
| TAQI EYR HHAMUL HESED EL a/k/a "Bro T. Hesed-El",<br><br>Plaintiff,<br><br>v.<br><br>ROBIN BRYSON, el. al.<br><br>Defendants. | **ANSWER OF DEFENDANTS ROBIN BRYSON AND MISSION HOSPITAL, INC.** |

Now come Defendants Robin Bryson and Mission Hospital, Inc. (herein collectively the "Mission Defendants") and hereby answer the Amended Complaint herein by alleging and saying as follows:

### FORM PRO SE 5 (Doc. 14 pp. 1-6)

With respect to the allegations contained on Form Pro Se 5, the Mission Defendants admit the following: Robin Bryson was a licensed clinical social worker employed by Mission Hospital Inc., and was a citizen of North Carolina; Defendant Mission Hospital Inc.'s address is correctly stated; and ANC Healthcare Inc.'s address is correctly stated. With respect to the remaining allegations pertaining to the Mission Defendants and ANC Healthcare Inc., the allegations are all denied. With respect to the allegations regarding the Plaintiff, the Mission Defendants are without sufficient information or knowledge to enable them to form

1

a belief as to their veracity, and same are therefore denied. Except as herein admitted, the allegations on Form Pro Se 5 are denied.

## ATTACHMENT TO COMPLAINT (Doc. 14 pp. 7-18)

## PARTIES, JURISDICTION, AND VENUE

1. It is admitted that on or about May 20, 2015, a "Final Decree Changing The Name Of An Adult" was entered by Superior Court Judge J. David Roper in Richmond County, Georgia which changed the name of one Stephen Anthony Lee to Taqi Eyr Hhamul Hesed El. It is also admitted that said Final Decree is a matter of public record. With respect to the remaining allegations in this paragraph, the Mission Defendants are without sufficient information or knowledge to enable them to form a belief as their veracity, and same are therefore denied.

2. It is denied that Defendant Bryson is or has been an employee of ANC Healthcare, Inc. It is further denied that this Court has subject matter jurisdiction over those claims asserted in the Complaint against Defendant Bryson. Except as herein denied, the allegations in this paragraph are admitted.

3. It is denied that Adam Herzog is or has been an employee of ANC Healthcare, Inc. It is further denied that this Court has subject matter jurisdiction over those claims asserted in the Amended Complaint against Adam Herzog, all of which claims have been properly dismissed with prejudice by the Court. Except as herein denied, the allegations in this paragraph are admitted.

4. It is denied that Stirling Barlow is or has been an employee of either Mission Hospital, Inc. or ANC Healthcare, Inc. With respect to the remaining allegations in this paragraph, the Mission Defendants are without sufficient information or knowledge to enable them to form a belief as their veracity, and same are therefore denied.

5. It is denied that this Court has subject matter jurisdiction over those claims asserted in the Complaint against Defendant Mission Hospital, Inc. Except as herein denied, the allegations in this paragraph are admitted.

6. It is denied that this Court has subject matter jurisdiction over those claims asserted in the Complaint against ANC Healthcare, Inc., all of which claims have been properly dismissed with prejudice by the Court. Due to the use of undefined terms, the Mission Defendants are without sufficient information or knowledge to enable them to form a belief as the veracity of the allegations in the final sentence of this paragraph, and same are therefore denied. Except as herein denied, the allegations in this paragraph are admitted.

7. It is denied that any employee of ANC Healthcare, Inc. ever participated in any treatment or care of the Plaintiff. It is further denied that any employee of Defendant Mission Hospital, Inc. ever negligently caused any injury to the Plaintiff. With respect to the remaining allegations contained in this paragraph,

3

these Mission Defendants are without sufficient information or knowledge to enable them to form a belief as to their veracity, and same are therefore denied.

8. It is not denied that the events alleged in the Amended Complaint took place in Buncombe County, North Carolina. The remainder of this paragraph is comprised of conclusions of law to which no response is required. Other than as admitted herein, any allegations of fact in this paragraph are denied.

## FACTUAL ALLEGATIONS

9. It is admitted, upon information and belief, that at some time during the day on September 20, 2016, the Plaintiff was nude on the property of the Biltmore Estate in Buncombe County, North Carolina. With respect to the remaining allegations contained in this paragraph, these Mission Defendants are without sufficient information or knowledge to enable them to form a belief as to their veracity, and same are therefore denied.

10. It is denied that at the time Plaintiff arrived at Mission Hospital on September 20, 2016, he was in a competent and healthy state of mind. With respect to the remaining allegations contained in this paragraph, these Mission Defendants are without sufficient information or knowledge to enable them to form a belief as to their veracity, and same are therefore denied.

11. It is denied that when the Plaintiff arrived at Mission Hospital on September 20, 2016, there was no probable cause for the Plaintiff to receive a psychiatric evaluation. With respect to the remaining allegations contained in this paragraph, these Mission Defendants are without sufficient information or knowledge to enable them to form a belief as to their veracity, and same are therefore denied.

12. With respect to the time following his arrival at Mission Hospital, it is denied that the Plaintiff remained calm. With respect to the allegations in this paragraph related to times prior to Plaintiff's arrival at Mission Hospital, these Mission Defendants are without sufficient information or knowledge to enable them to form a belief as to their veracity, and same are therefore denied. Other than as admitted herein, any allegations of fact in this paragraph are denied.

13. It is denied that when the Plaintiff arrived at Mission Hospital on September 20, 2016, he did not meet the statutory criteria for an involuntary commitment. With respect to the remaining allegations contained in this paragraph, these Mission Defendants are without sufficient information or knowledge to enable them to form a belief as to their veracity, and same are therefore denied.

14. Upon information and belief, denied.

15. Upon information and belief, denied.

16. It is admitted that Plaintiff arrived at Mission Hospital on September 20, 2016 via ambulance. With respect to the remaining allegations contained in this paragraph, these Mission Defendants are without sufficient information or knowledge to enable them to form a belief as to their veracity, and same are therefore denied.

17. It is admitted that on at least one occasion on September 20, 2016, Plaintiff declined to give consent to having his blood drawn. It is admitted that the medical records of the Plaintiff speak for themselves. Except as herein admitted, the allegations contained in this paragraph are denied.

18. It is admitted that Plaintiff's blood was drawn on September 20, 2016, to perform appropriate medical tests. It is admitted that the medical records of the Plaintiff speak for themselves. Except as herein admitted, the allegations contained in this paragraph are denied.

19. It is admitted that the medical records of the Plaintiff speak for themselves. Except as herein admitted, the allegations contained in this paragraph are denied.

20. It is admitted that the medical records of the Plaintiff speak for themselves. Except as herein admitted, the allegations contained in this paragraph are denied.

21. It is admitted that the medical records of the Plaintiff speak for themselves. Except as herein admitted, the allegations contained in this paragraph are denied.

22. It is admitted that the medical records of the Plaintiff speak for themselves. Except as herein admitted, the allegations contained in this paragraph are denied

23. It is admitted that the medical records and involuntary commitment ("IVC") records of the Plaintiff speak for themselves. Except as herein admitted, the allegations contained in this paragraph are denied.

24. It is admitted that the medical records and IVC records of the Plaintiff speak for themselves. Except as herein admitted, the allegations contained in this paragraph are denied.

25. It is admitted that the medical records and IVC records of the Plaintiff speak for themselves. Except as herein admitted, the allegations contained in this paragraph are denied.

26. It is admitted that the medical records and IVC records of the Plaintiff speak for themselves. Except as herein admitted, the allegations contained in this paragraph are denied.

27. Denied.

28. Denied.

29. Denied.

30. It is denied that any individuals participating in the care or treatment of the Plaintiff were employed by ANC Healthcare, Inc. The remaining allegations in this paragraph are denied.

31. It is denied that any individuals participating in the care or treatment of the Plaintiff were employed by ANC Healthcare, Inc. It is further denied that any policies that ANC Healthcare, Inc. either had or did not have resulted in any harm or damage to the Plaintiff. The remaining allegations in this paragraph are denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

## CLAIMS FOR RELIEF

### Count I – Lack Of Informed Consent

38. These Mission Defendants are without sufficient information or knowledge to enable them to form a belief as the veracity of the allegations concerning the Plaintiff's prior history of violence and mental health issues, and

same are therefore denied. With respect to the remaining allegations contained in this paragraph, same are denied.

39. Paragraph 39 is comprised of conclusions of law to which no response is required. Other than as admitted herein, any allegations of fact in this paragraph are denied.

40. It is admitted that, pursuant to appropriate medical order, Plaintiff's blood was drawn without his consent. Except as herein admitted, the allegations contained in this paragraph are denied.

41. It is admitted that, pursuant to appropriate medical order, Adam Herzog participated in the administration of appropriate medications to the Plaintiff. Except as herein admitted, the allegations contained in this paragraph are denied.

42. Denied.

**Count II – Gross Negligence/Willful And Wanton Conduct**

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. This paragraph is comprised of conclusions of law to which no response is required. Other than as admitted herein, any allegations of fact in this paragraph are denied.

48. Denied.

49. Denied.

50. It is denied that any individuals participating in the care or treatment of the Plaintiff were employed by ANC Healthcare, Inc. It is further denied that any policies or procedures that ANC Healthcare Inc. either had or did not have resulted in any harm or damage to the Plaintiff. The remaining allegations in this paragraph are denied.

51. Denied.

**Count III – Negligent Infliction Of Emotional Distress**

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. It is denied that Defendant ANC Healthcare Inc. had any patients such as the Plaintiff, and further denied any individuals participating in the care and treatment of the Plaintiff were employed by ANC Healthcare Inc. The remaining allegations in this paragraph are denied.

59. Denied.

60. Denied.

### Count IV – Negligent Supervision And/Or Training

61. It is denied that any individuals participating in the care and treatment of the Plaintiff were employed by ANC Healthcare, Inc. This paragraph is comprised of conclusions of law to which no response is required. Other than as admitted herein, any allegations of fact in this paragraph are denied.

62. It is denied that any individuals participating in the care and treatment of the Plaintiff were employed by ANC Healthcare, Inc. With respect to the remaining allegations in this paragraph, same are denied.

63. It is denied that any individuals participating in the care and treatment of the Plaintiff were employed by ANC Healthcare, Inc. With respect to the remaining allegations in this paragraph, same are denied.

64. It is denied that any individuals participating in the care and treatment of the Plaintiff were employed by ANC Healthcare, Inc. With respect to the remaining allegations in this paragraph, same are denied.

65. It is denied that any individuals participating in the care and treatment of the Plaintiff were employed by ANC Healthcare, Inc. With respect to the remaining allegations in this paragraph, same are denied.

66. It is denied that any individuals participating in the care and treatment of the Plaintiff were employed by ANC Healthcare, Inc. With respect to the remaining allegations in this paragraph, same are denied.

67. It is denied that any individuals participating in the care and treatment of the Plaintiff were employed by ANC Healthcare, Inc. With respect to the remaining allegations in this paragraph, same are denied.

68. It is denied that any individuals participating in the care and treatment of the Plaintiff were employed by ANC Healthcare, Inc. With respect to the remaining allegations in this paragraph, same are denied.

**Count V – Respondeat Superior**

69. These Mission Defendants incorporate by reference their responses to Paragraphs 1 through 68 as if fully stated herein.

70. It is denied that any individuals participating in the care and treatment of the Plaintiff were employed by ANC Healthcare, Inc. It is further denied that Stirling Barlow was at any time employed by Defendant Mission Hospital, Inc. The assertions in this paragraph concerning *respondeat superior,* accomplice liability, agency and apparent agency are comprised of conclusions of law to which no response is required. It is admitted that in caring for and treating the Plaintiff, Defendant Bryson and Adam Herzog were acting within the course and scope of their employment by Defendant Mission Hospital, Inc. Except as herein admitted, the allegations of this paragraph are denied.

## ADDITIONAL DEFENSES

As further responses and affirmative defenses, these Mission Defendants show unto the Court the following:

## FIRST ADDITIONAL DEFENSE

The Mission Defendants assert that the Court lacks subject matter jurisdiction over this action.

## SECOND ADDITIONAL DEFENSE

The Mission Defendants assert that Stirling Barlow was not an employee or agent of the Defendants. The Mission Defendants further assert that neither the Sheriff of Buncombe County nor any other employees or agents of Buncombe County were employees or agents of the Mission Defendants.

## THIRD ADDITIONAL DEFENSE

The Mission Defendants assert that any and all services provided by the Mission Defendants and any of the Mission Defendants' employees or agents were provided in accordance with the applicable standards of care.

## FOURTH ADDITIONAL DEFENSE

The Mission Defendants assert that if it is determined that the Mission Defendants were in any way negligent, which alleged negligence is specifically denied, then the Mission Defendants' negligence as alleged by the Plaintiff was not a proximate cause of any injuries allegedly suffered by the Plaintiff.

## FIFTH ADDITIONAL DEFENSE

The Mission Defendants assert that if it is determined that they were in any way negligent, which alleged negligence is specifically denied, then the negligence of the Plaintiff was a contributing proximate cause of any injuries alleged by the Plaintiff, Plaintiff's negligence being comprised of failing to exercise reasonable care and diligence for his own safety and well-being by, among other things, failing to behave in a manner which would reasonably demonstrate that he did not, as Plaintiff alleges but as the Mission Defendants deny, meet the criteria for an involuntary commitment. The Mission Defendants plead the same as a total bar to Plaintiff's right to recover anything against the Mission Defendants in this action.

## SIXTH ADDITIONAL DEFENSE

The Mission Defendants assert that the Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted in that the Plaintiff's Amended Complaint is an action for "medical malpractice" as defined in NCGS Section 90–21.11(2), and the Plaintiff failed to include the certification required by Rule 9(j) of the North Carolina Rules of Civil Procedure in any Complaint or other pleading before the expiration of all of the statutes of limitation applicable to Plaintiff's claims. The Rule 9(j) certification contained in the Amended Complaint is untimely and the Amended Complaint should be dismissed pursuant to Rule 41, Rule 12(b)(6) and North Carolina's Rule of Civil Procedure 9(j).

### SEVENTH ADDITIONAL DEFENSE

The Mission Defendants assert that all of the Plaintiff's causes of action against each of them have been asserted after the expiration of all applicable statutes of limitation, which is pled as a total bar to the Plaintiff's right to recover anything against the Mission Defendants in this action.

### EIGHTH ADDITIONAL DEFENSE

The Mission Defendants assert that the Defendants are entitled to immunity pursuant to the provisions of NCGS §122C-210.1.

### RESERVATION TO SERVE ADDITIONAL DEFENSES

The Mission Defendants reserve the right to raise any additional defenses that may become apparent through discovery and/or at trial.

**WHEREFORE**, the Mission Defendants pray unto of the Court as follows:

1. That all of the Plaintiff's causes of action, or those that the Court shall determine, be dismissed;

2. That the Plaintiff have and recover nothing of the Mission Defendants;

3. That the costs of this action, including reasonable attorney's fees were appropriate, be taxed to the Plaintiff;

4. That the Mission Defendants have a trial by jury on all issues; and

5. That the Court grant such other and further relief as it may deem just and proper.

Respectfully submitted this the 9th day of September, 2022.

/ s/ Richard S. Daniels
N.C. Bar No. 8716
*Attorney for Defendants Robin Bryson, Mission Hospital, Inc., ANC Healthcare, Inc. and Adam Herzog*
Patla, Straus, Robinson & Moore, P.A.
Post Office Box 7625
Asheville, North Carolina 28802
Telephone: (828) 255-7641
Facsimile: (828) 258-9222
rsd@psrmlaw.com (email)

# CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2022, I served the foregoing *Answer Of Defendants Robin Bryson and Mission Hospital, Inc.* by electronically filing same with the Clerk of Court using the CM/ECF system and by depositing a copy, contained in a first-class postage-paid wrapper, into a depository under the exclusive care and custody of the United States Postal Service, addressed as follows:

**Bro. T. Hesed-El**
**c/o Taqi El Agabey Mgmt.**
**30 N. Gould Street, Suite R**
**Sheridan, WY  82801**

**Adam F. Peoples**
**Austin R. Kessler**
**Hall Booth Smith, P.C.**
**72 Patton Avenue**
**Asheville, NC 28801**
*Attorney for Mary Sterling Barlow*

This the 9th day of September, 2022.

/ s/ Richard S. Daniels
N.C. Bar No. 8716
*Attorney for Defendants Robin Bryson,*
*Mission Hospital, Inc., ANC*
*Healthcare, Inc. and Adam Herzog*