IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-cv-00305-MR-WCM

| | |
|---|---|
| TAQI EYR HHAMUL HESED EL A/K/A BRO T. HESED-EL, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| ROBIN BRYSON *Licensed Clinical Social Worker, in her individual and official capacity*, MISSION HOSPITAL, INC., | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

ORDER

This matter is before the Court on Plaintiff's "Motion in the Cause or in the Alternative Motion to Amend" (the "Motion to Amend," Doc. 112), Plaintiff's "Motion to Determine Immunity Standard" (the "Motion Regarding Immunity," Doc. 113), and for case management purposes.

I. **The Motion to Amend**

On October 18, 2021, Plaintiff filed the instant matter naming "John Doe (Individual Capacity), Hospital Does 1-20 (Individual and Official Capacity)" (collectively, the "John Doe Defendants"), Robin Bryson ("Bryson"), Mission Hospital, Inc. ("Mission"), and ANC Healthcare, Inc. ("ANC") as defendants. Doc. 1.

On February 22, 2022, Plaintiff filed an Amended Complaint, adding claims against Stirling Barlow ("Barlow") and Adam Herzog ("Herzog").

On August 16, 2022, the Court, among other things, dismissed Plaintiff's claims against ANC, Barlow, and Herzog as untimely and denied Plaintiff's Motion for Leave to File Second Amended Complaint. See Doc. 87. The August 16 Order further stated that:

> The case shall proceed with respect to the following claims: (1) "Gross Negligence/Willful and Wanton Conduct" against Defendant Bryson; (2) negligent infliction of emotional distress against Defendant Bryson; (3) "Negligent Supervision and/or Training" against Defendant Mission; and (4) "Respondeat Superior" against Defendant Mission.

Id. at 6.

On April 28, 2023, Plaintiff filed the Motion to Amend, by which he seeks an order "finding that Plaintiff satisfactorily pleaded the necessary elements to state a plausible claim for negligence or gross negligence" in his Amended Complaint or, in the alternative, that he be granted leave to file a Second Amended Complaint. Doc. 112 at 6. A proposed Second Amended Complaint is attached to the Motion to Amend. Doc. 112-1.

To the extent Plaintiff seeks a finding that he has "satisfactorily pleaded" certain claims, such a ruling is unnecessary as the August 16 Order explicitly identified the claims that were allowed to proceed.

To the extent Plaintiff seeks, in the alternative, leave to file a Second

Amended Complaint, Plaintiff does not indicate whether the parties have conferred about that issue and, if so, whether Defendants consent to or oppose the request. See Local Civil Rule 7.1(b). Additionally, Plaintiff's proposed pleading appears to reassert claims against one or more dismissed parties.

II.  The Motion Regarding Immunity

By the Motion Regarding Immunity, Plaintiff asks the Court to "enter an Order finding the proper standard for determining immunity in this case under N.C.G.S. 122-210.1." Doc. 113 at 1. In particular, Plaintiff contends that, because Bryson and Mission have asserted an immunity defense in their Answer to the Amended Complaint, see Doc. 93 at 15, the Court should determine whether such defense is appropriately considered under the version of N.C.G.S. § 122C-210.1 that was in effect before October 1, 2019 or the version of that statute that became effective on October 1, 2019. According to Plaintiff, there is a "significant difference" between the two versions of the statute and the new version, if applied, would require Plaintiff to show that "the defendants were grossly negligent" and would "have the effect of barring Plaintiff's accrued causes of action…." Doc. 113 at 4. Plaintiff further contends, though, that "he may find additional requisite procedures and evidence of gross negligence during discovery." Id. at 4.

The undersigned is not persuaded that the Court, at this stage of this matter and on the current record, should construe N.C.G.S. § 122C-210.1 as it

3

may apply to Defendants' immunity defense. After a Pretrial Order and Case Management Plan is entered, the parties will be free to proceed with court-enforceable discovery and the filing of dispositive motions, if appropriate. Defendants' immunity defense can then be considered, as necessary, on a more complete record.

### III. Case Management

On September 30, 2022, the parties submitted a Certification and Report of Fed. R. Civ. P. 26(F) Conference and Discovery Plan (the "Certification Form," Doc. 101). The Court noted the filing, but deferred consideration of the parties' proposed discovery plan and the entry of a Pretrial Order in light of Plaintiff's expressed interest in participating in the Pro Se Settlement Assistance Program (the "Program").

On January 30, 2023, the undersigned granted a Motion for Appointment of Program Attorney and instructed the parties to proceed with mediation. The January 30 Order advised the parties that if, after the completion of the settlement conference, this matter was not dismissed in its entirety, the parties were to conduct another Initial Attorney's Conference as specified in Local Rule 16.1 and file a revised Certification Form for reference by the Court in connection with the entry of an appropriate Pretrial Order.

On April 27, 2023, a Report of Mediation was filed indicating that the parties had reached an impasse. Doc. 111. Consequently, a revised

4

Case 1:21-cv-00305-MR-WCM   Document 115   Filed 05/04/23   Page 4 of 5

Certification Form will be due shortly.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's "Motion in the Cause or in the Alternative Motion to Amend" (Doc. 112) is **DENIED**;

2. Plaintiff's "Motion to Determine Immunity Standard" (Doc. 113) is **DENIED**; and

3. The parties **SHALL FILE**, on or before **Friday, May 19, 2023** a revised Certification Form.

Signed: May 3, 2023

W. Carleton Metcalf
United States Magistrate Judge