# PROPOSED AMENDMENT



Pro Se 5 (Rev. 12/16) Complaint for a Civil Case Alleging Negligence

# UNITED STATES DISTRICT COURT

### for the

Western District of North Carolina

Asheville Division

FILED
Asheville, NC

FEB 2 2 2022

Clerk, US District Court
Western District of NC

|  |  |
|---|---|
| BRO. T. HESED-EL | Case No. **1:21-cv-00305** |
| _____ | *(to be filled in by the Clerk's Office)* |
| *Plaintiff(s)* | |
| *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | Jury Trial Demanded: ☑ Yes ☑ |
| -v- | |
| ROBIN BRYSON; ADAM HERZOG; STIRLING BARLOW; MISSION HOSPITAL INC; ANC HEALTHCARE INC; and JOHN DOE 1-20. | ***ALL claims against Herzog, Barlow, and ANC Healthcare have been dismissed from this action per the Court's August 16, 2022 Order, see Doc. 87. The Claims for Respondeat Superior based on the torts of Herzog and Barlow still remain per the Court's August 16, 2022 Order.*** |
| _____ | |
| *Defendant(s)* | |
| *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | |

### *SECOND*
## AMENDED COMPLAINT FOR A CIVIL CASE ALLEGING NEGLIGENCE
### (28 U.S.C. § 1332; Diversity of Citizenship)

I. **The Parties to This Complaint**

A. **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Brother T. Hesed-El |
| Street Address | c/o TAQI EL AGABEY MANAGEMENT 30 N Gould Street - Suite R |
| City and County | Sheridan |
| State and Zip Code | Wyoming 82801 |
| Telephone Number | 762-333-2075 |
| E-mail Address | teamwork3@gmail.com |

Pro Se 5 (Rev. 12/16) Complaint for a Civil Case Alleging Negligence

**B.** **The Defendant(s)**

Defendant No. 1

| | |
|---|---|
| Name | Robin Bryson (Individual and Official Capacity) |
| Job or Title *(if known)* | Licensed Clinical Social Worker (LCSW) |
| Street Address | 428 Biltmore Ave |
| City and County | Asheville - Buncombe County |
| State and Zip Code | North Carolina 28801 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | Mission Hospital, Inc. |
| Job or Title *(if known)* | |
| Street Address | 509 Biltmore Ave |
| City and County | Asheville - Buncombe County |
| State and Zip Code | North Carolina 28801 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | ANC Healthcare, Inc. |
| Job or Title *(if known)* | |
| Street Address | 425 West New England Ave Ste 300 |
| City and County | Winter Park - Orange County |
| State and Zip Code | Florida 32789 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Pro Se 5 (Rev. 12/16) Complaint for a Civil Case Alleging Negligence

Defendant No. 4

| | |
|---|---|
| Name | John Doe/Hospital Does 1-20 |
| Job or Title *(if known)* | (Individual and Official Capacity) |
| Street Address | |
| City and County | Asheville - Buncombe County |
| State and Zip Code | North Carolina 28801 |
| Telephone Number | |
| E-mail Address *(if known)* | |

## II. Basis for Jurisdiction

### A. The Plaintiff(s)

1. The Plaintiff, BRO. T. HESED-EL, a citizen of Georgia.

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

### B. The Defendant(s)

1. If the defendant is an individual

   The defendant, *(name)* Robin Bryson , is a citizen of

   the State of *(name)* North Carolina . Or is a citizen of

   *(foreign nation)* .

### C. The Amount in Controversy

The amount in controversy—the amount the plaintiff claims the defendant owes or the amount at stake—is more than $75,000, not counting interest and costs of court, because *(explain)*:

**More than $75,000 in damages; and more than $250,000 in punitive damages.**

(see attached)

## III. Statement of Claim

On *(date)*    09/20/2016   , at *(place)*      Mission Hospital, Inc. - Asheville, NC

Defendant Robin Bryson, an employee of Mission Hospital and/or ANC Healthcare, Inc., owed a duty to Plaintiff to strictly comply with the requirements of G.S. 122C-263(c) and G.S. 122C-263(g) while he was at Mission Hospital. Based on false conclusions or insufficient facts and hearsay, she recommended that Plaintiff be committed involuntarily as an inpatient at Mission Hospital. She knowingly omitted from her examination the availability of supervision from Plaintiff's family, friends, or others; and she knowingly failed to provide Plaintiff with specific information at the completion of the examination regarding the next steps that would occur. Bryson breached her duty with foreknowledge that such a breach would cause Plaintiff harm and deprive him of insight and liberty. Bryson willfully breached her duty owed to Plaintiff which directly and proximately caused Plaintiff's foreseeable damages. Further, Bryson lacked the requisite authorization to conduct the first examination of Plaintiff that was used to initiate and sustain his detainment for 16 days in violation of law.

Mission Hospital, Inc. and ANC Healthcare, Inc.'s negligent policies, practices, training, supervision, hiring, and retention led to and caused Plaintiff's damages. They are liable as Bryson's principal.

Plaintiff was under a disability during the 16 days he was falsely imprisoned at Mission Hospital and therefore could not pursue any claims against the defendants until after he was released.

(see attached)

The acts or omissions caused or contributed to the cause of the plaintiff's injuries by *(explain)*

(see attached)

## IV. Relief

(see attached)

## V.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information,  and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause  unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case—related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

This 16th day of Rajab in the year 1443 A.H.

Signature of Plaintiff  _____

Printed Name of Plaintiff  _Brother T. Hesed-El_____

### Rule 15(a) Amendment

This amendment is made as a matter of course within 21 days after service of Defendants' motion to dismiss. Defendants must respond within 14 days after service of this amended complaint.

### Rule 9(j) Certification
*(not required under Federal Rules)*

The medical care and all medical records pertaining to the alleged negligence that are available to the plaintiff after reasonable inquiry have been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care.

## CERTIFICATE OF SERVICE

This is to certify that this amended complaint has been electronically served upon the defendants, by

attachment to an email, to ensure delivery to:

**Robin Bryson, Mission Hospital Inc., and ANC Healthcare Inc.**
℅ Attorney Richard S. Daniels
Patla, Straus, Robinson & Moore, P.A.
Post Office Box 7625
Asheville, North Carolina 28802
rsd@psrmlaw.com

This 17th day of February 2022 A.D.

Bro T. Hesed-El, Plaintiff *pro se*

ATTACHMENT TO COMPLAINT

## I. PARTIES, JURISDICTION, AND VENUE

1.

From the Western District of North Carolina to the Southern District of Georgia, Plaintiff T█████ ██████ HESED-EL has been and is known as Brother T. Hesed-El ("Plaintiff"). "Brother" is a religious honorific. Plaintiff's first name is abbreviated to the first initial for religious purposes, just like Catholics and others who use honorifics, titles, and abbreviations. Plaintiff's middle names, "████" and "████████", are not necessary for identification purposes nor relevant to this action. Bro. T. Hesed-El *is* Plaintiff's real name. It is **not** a pseudonym. If anyone wishes to view Plaintiff's unredacted middle names, his name change paperwork is a matter of public record.

Plaintiff legally corrected his name from STEPHEN ANTHONY LEE on May 20, 2015. *See* Exhibit P1. Other names or pseudonyms alleged by others to be Plaintiff's legal name should be entirely disregarded. Plaintiff currently resides at Alpharetta, Georgia (subject to change). Pursuant to Georgia Constitution Article I - Paragraph VII, Plaintiff, a citizen of Georgia, U.S.A., is entitled to equal protection under the law.

2.

Robin Bryson is a citizen of North Carolina and subject to the jurisdiction of this court. She can be served at her home address or at her place of employment. She is an employee of Mission Hospital, Inc. ("Mission Hospital") and/or ANC Healthcare, Inc. ("ANC"). Her employment address is listed in the *pro se* template form.

3.

Adam Herzog is a citizen of North Carolina and subject to the jurisdiction of this court. He can be served at his home address or at his place of employment. He is an employee of Mission Hospital and/or ANC.

4.

Stirling Barlow is a citizen of North Carolina and subject to the jurisdiction of this court. She can be served at her home address or at her place of employment. She is an employee of Mission Hospital and/or ANC.

5.

Mission Hospital, Inc., a domestic non-profit corporation incorporated in the State of North Carolina, is a citizen of North Carolina and subject to the jurisdiction of this court. Its principal office is located at 425 West New England Ave Ste 300, Winter Park, FL 32789. Its business address in Asheville is listed in the *pro se* template form.

6.

ANC Healthcare, Inc., a domestic non-profit corporation incorporated in the State of North Carolina, is a citizen of North Carolina and subject to the jurisdiction of this court. Its principal office is located at 425 West New England Ave Ste 300, Winter Park, FL 32789. It is Mission Hospital's parent company.

7.

John Doe is an individual who resides in the state of North Carolina. Hospital Does 1-20 are individuals who reside in the state of North Carolina and are employees of Mission Hospital and/or ANC. Their negligence caused injury to Plaintiff on or about September 20, 2016. Their identities are unknown to Plaintiff at this time but are readily ascertainable to Defendants. They have been given prior notice of Plaintiff's claims and would not be prejudiced by being joined into this action. Once the identity of the Does are discovered, this Complaint will be amended to substitute any party that is or may be liable to Plaintiff.

8.

This court has jurisdiction pursuant to 28 U.S.C. § 1332. Venue is proper as the events giving rise to this action wholly took place in Buncombe County, North Carolina, within the territorial jurisdiction of this court.

## II.   FACTUAL ALLEGATIONS

9.

On September 20, 2016, around 1pm EST, Plaintiff was practicing his religion, sunbathing in the nude, in the forest of Biltmore Estate, North Carolina. He was responsive and not harmful.

10.

Plaintiff was in a competent and healthy state of mind. He was at peace in silent meditation.

11.

Without probable cause, the Sheriff of Buncombe County detained Plaintiff and caused Plaintiff to be transported to Mission Hospital for an involuntary psychiatric evaluation. Plaintiff was transported against his will to Mission Hospital.

12.

Plaintiff remained calm and exercised his right to remain silent.

13.

No reasonable person would have forcefully taken Plaintiff to the hospital for a psychiatric evaluation under those conditions. Plaintiff did not meet the statutory definition for an involuntary commitment.

14.

Instead, a reasonable person would have simply asked Plaintiff to put his clothes back on.

15.

Or, arrested Plaintiff for being nude, despite him being on private property with permission.

16.

Upon his arrival at Mission Hospital in the ambulance at about 1:30pm EST, Plaintiff opened the ambulance door and told an off-color joke to Defendant Adam Herzog ("Herzog").

17.

Defendant Stirling Barlow ("Barlow") then asked Plaintiff for permission to draw Plaintiff's blood to run various lab tests. Plaintiff refused to give consent.

18.

In response, security was called and a therapeutic restraint was used so Barlow could extract Plaintiff's blood without his consent. He told Barlow: "You will answer to Jesus Christ."

19.

Herzog then secretly injected Plaintiff with a cocktail of drugs without Plaintiff's consent. The heavy drugs altered Plaintiff's mind state and caused him to lose consciousness.

20.

At 2:58pm, Plaintiff was not arousable.

21.

At 9:02pm, after a nurse recorded that Plaintiff was calmly resting in his assigned involuntary patient room, Herzog secretly drugged Plaintiff again without his consent.

22.

The second dosage of the cocktail was administered via intravenous drip while Plaintiff was still unconscious. Plaintiff's mind was altered a second time by the heavy doses of drugs.

23.

At 11:01pm, while Plaintiff was still in bed with his eyes closed, Defendant Robin Bryson ("Bryson") purportedly completed an examination to have Plaintiff committed.

24.

Despite the required standard of care and state law, Bryson neglected to examine the availability of Plaintiff's support from friends, family, and others.

25.

In her petition, Bryson recommended an inpatient commitment based upon her conclusion that Plaintiff's alleged religious comments were "nonsensical" and his mind state was altered.

26.

Bryson failed to inquire into Plaintiff's worldview or religion to better understand Plaintiff. She also failed to wait for the drugs to wear off before performing her alleged examination.

27.

At the completion of her alleged examination, Bryson failed to provide Plaintiff with specific information regarding the next steps that would occur. She failed to inform Plaintiff of any facts regarding the commitment process which would have provided Plaintiff with insight into his situation. As a result, Plaintiff was falsely imprisoned at Mission Hospital for 16 days.

28.

Bryson was not authorized nor properly trained to perform the first examination that resulted in Plaintiff's false imprisonment for 16 days.

29.

Barlow and Herzog's violations of Plaintiff's rights combined with Bryson's failures caused Plaintiff's ignorance of the facts. He was afraid he would be further harmed at Mission Hospital.

30.

ANC and Mission Hospital failed to properly train, monitor and supervise Barlow, Herzog, and Bryson, and its other employees to ensure adequate care of Plaintiff and other patients.

31.

Upon information and belief, Mission Hospital did not design, implement, or enforce adequate training, policies and procedures to ensure Barlow, Herzog, and Bryson provided adequate care to Plaintiff and its other patients. ANC and Mission Hospital did not have a policy to protect patients from violations of rights and injury caused by employees or other patients.

32.

Mission Hospital failed in ensuring that patients were adequately educated of their rights.

33.

Upon information and belief, as the parent company and overseer of Mission Hospital, Inc., ANC created, supervised, managed, encouraged, guided, directed, aided, abetted, and/or approved of all training programs, policies, procedures, and employment decisions of Mission Hospital.

34.

ANC's failure to oversee and properly direct Mission Hospital's operations, and Mission Hospital's failure to adequately train, supervise and implement or enforce necessary policy and procedures to ensure patient safety and protection from rights' violations, were the moving force that led to and caused Plaintiff's injuries.

35.

In concert with each other, Buncombe County, the Buncombe County Sheriff (and/or deputy Sheriff(s)), Barlow, Herzog, Bryson, Mission Hospital, and ANC failed to keep Plaintiff safe while he was in their custody and care. They created the danger then they caused him harm.

36.

As a result of the defendants' actions and omissions, Plaintiff has suffered loss, physical injuries, emotional and mental pain, and will continue to suffer loss in the future.

37.

As a proximate result of the defendants' intentional acts, Plaintiff incurred medical expenses and loss of peace of mind. As a proximate result of the defendants' negligence, Plaintiff incurred medical expenses and loss of peace of mind.

## III.   CLAIMS FOR RELIEF

### COUNT I - LACK OF INFORMED CONSENT
*(against Herzog and Barlow)*

DISMISSED
AS UNTIMELY,
Respondeat
Superior
Remains

38.

At all relevant times, Plaintiff was capable and competent to make his own health decisions and satisfy his basic needs. Plaintiff had no prior history of violence or mental health issues.

39.

Barlow and Herzog owed Plaintiff a duty to inform him of the material risks associated with medical treatment, and give him an opportunity to give his expressed consent regarding medical treatment.

40.

Barlow breached her duty owed to Plaintiff and forcefully drew Plaintiff's blood without his consent in direct violation of Plaintiff's rights and religion.

41.

Herzog breached his duty owed to Plaintiff and forcefully administered harmful substances into Plaintiff's body without his consent in direct violation of Plaintiff's rights and religion.

42.

Herzog and Barlow's reckless and willful disregard of Plaintiff's right to determine what is done with his own body proximately caused Plaintiff's injuries.

## COUNT II - GROSS NEGLIGENCE / WILLFUL AND WANTON CONDUCT
### (against Bryson, ~~Herzog, and Barlow~~)

43.

By taking Plaintiff's blood without his consent, which induced a traumatic and heightened state of mind, drugging Plaintiff, and having him committed based on his alleged religious comments while drugged in bed with his eyes closed, the defendants performed acts that a person of ordinary prudence in the same or similar circumstances would not have done; or failed to perform acts that a person of ordinary prudence would have done under the same or similar circumstances. The resulting injury to Plaintiff was reasonably foreseeable.

44.

Bryson knew, or should have known, that Plaintiff did not meet the criteria for an involuntary commitment.

45.

Bryson knew, or should have known, that Plaintiff could survive safely in freedom on his own, or with the help of Plaintiff's family, friends, or others.

46.

Based upon and driven by her religious bias, cultural incompetency, and lack of training and supervision, Bryson knowingly failed to comport with the known standards of her profession and made little to no effort to examine the less restrictive methods of care available to Plaintiff.

47.

Barlow, Herzog, Bryson, and all other hospital staff each owed Plaintiff a duty to provide medical care no lower than the applicable standard of care.

48.

The defendants negligently breached their duty owed to Plaintiff when they provided medical care that fell below the applicable standard of care.

49.

Bryson, in concert with Herzog and Barlow, willfully and knowingly forced unnecessary medical care upon Plaintiff in violation of his religion and rights and caused side effects which they knew, or should have known, would negatively impact Plaintiff's mind and body.

50.

Due to Bryson, Herzog, Barlow, and other hospital staff's lack of training and supervision, and ANC and Mission Hospital's inadequate policies and procedures, Plaintiff was imprisoned under the care of culturally incompetent and religiously indifferent hospital employees for 16 days.

51.

Bryson, Herzog, Barlow, and other hospital staff's willful and reckless disregard of Plaintiff's rights and religion caused him emotional and physical injuries.

**COUNT III - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
*(against Bryson, ~~Herzog~~, and ~~Barlow~~)*

52.

Bryson breached her duty owed to Plaintiff to strictly comply with the involuntary commitment laws and provide care to Plaintiff according to the applicable standard of care.

53.

At all relevant times, Bryson knew, or should have known, that her conduct would and did proximately result in Plaintiff's physical and emotional distress.

54.

Despite said knowledge and duty, Bryson negligently inflicted emotional distress upon Plaintiff by recommending his inpatient commitment without Plaintiff having met the criteria for commitment. Bryson's negligent failure to follow the instructions outlined in the involuntary commitment petition form caused Plaintiff harm.

55.

The severe emotional distress suffered by Plaintiff is the direct result of Bryson's negligence, violation of state law, and failure to follow instructions.

56.

As a proximate and foreseeable result of Bryson's negligent infliction of emotional distress upon Plaintiff, Plaintiff suffered severe mental and emotional pain.

57.

However, Herzog and Barlow's actions described herein constitute outrageous conduct against Plaintiff. Their acts completely debilitated Plaintiff and were malicious in nature.

58.

Herzog and Barlow intended to cause Plaintiff to suffer emotional distress, or, in the alternative, they engaged in the conduct with reckless disregard of the high probability of causing Plaintiff to suffer emotional distress. ANC and Mission Hospital failed to warn its patients of the hazards known to it.

59.

Plaintiff suffered emotional distress and the outrageous conduct of Herzog and Barlow was the cause of the severe emotional distress suffered by Plaintiff.

60.

Bryson, Herzog and Barlow's conduct constitutes infliction of emotional distress and is actionable under the laws of North Carolina. Their actions and omissions demonstrate willful misconduct, malice, wantonness, and oppression which raises the presumption of conscious indifference to the consequences. Plaintiff is entitled to compensatory and punitive damages. Plaintiff is entitled to recover all damages as a matter of equity.

## COUNT IV - NEGLIGENT SUPERVISION AND/OR TRAINING
*(against ~~ANC~~ and Mission Hospital)*

61.

ANC and Mission Hospital owed a duty to Plaintiff to train and supervise their employees before, during, and after patient care.

62.

ANC and Mission Hospital breached their duty by failing to train and supervise their employees.

63.

ANC and Mission Hospital knew, or should have known, of the prior rights' violations and patterns of religious indifference demonstrated by Bryson, Barlow, Herzog and other staff.

64.

At all times relevant to this complaint, ANC and Mission Hospital knew, or in the exercise of reasonable or ordinary care should have known, that in an non-emergency situation such as the subject incident, Plaintiff's blood should not have been drawn without his consent, Plaintiff should

not have been secretly drugged via injection then secretly drugged again via an intravenous drip, and Plaintiff should not have been examined and petitioned for commitment, but since he was examined and committed, G.S. 122C-263(c) and (g) should have been strictly adhered to.

65.

At all relevant times, ANC and Mission Hospital had the power, ability, authority, and duty to stop Barlow, Herzog, and Bryson from engaging in the conduct described herein and to prevent or prohibit their misconduct but failed to do so.

66.

ANC and Mission Hospital had actual or constructive notice of the need to implement a policy to protect patients from violations of rights and injury by employees but failed to do so.

67.

ANC and Mission Hospital breached their duty owed to Plaintiff by failing to exercise reasonable or ordinary care in safeguarding against employee negligence and recklessness.

68.

ANC and Mission Hospital failed to implement or enforce proper training, supervision, policies, and procedures that limited forced medical treatments in non-emergency situations.

## COUNT V - RESPONDEAT SUPERIOR

69.

Plaintiff incorporates by reference paragraphs 1-68 as if fully stated in this paragraph.

70.

At all times relevant to this complaint, Barlow, Herzog, Bryson, and other staff were acting within the scope of their employment and in furtherance of ANC and Mission Hospital's business as agents or employees of ANC and Mission Hospital. Under the doctrine of Respondeat Superior, accomplice liability, agency, or apparent agency, ANC and Mission Hospital are liable for the tortious acts and omissions of their agents or employees, Barlow, Herzog, Bryson, and other staff, in causing the injuries described herein.

## COUNT VI – MEDICAL NEGLIGENCE
### *(against Bryson)*
71.

Plaintiff incorporates by reference the preceding paragraphs as if fully stated herein.

72.

Defendant Robin Bryson, an employee of Mission Hospital and/or ANC Healthcare, Inc., owed a duty to Plaintiff to strictly comply with the requirements of G.S. 122C-263(c) and G.S. 122C-263(g) while he was at Mission Hospital.

73.

Barlow, Herzog, Bryson, and all other applicable hospital staff each owed Plaintiff a duty to provide medical care no lower than the standard of care.

74.

The defendants negligently breached their duty owed to Plaintiff when they provided medical care that fell below the standard of care.

75.

As a proximate result of the defendants' negligence, Plaintiff incurred medical expenses and loss of peace of mind.

## REQUEST FOR RELIEF

WHERFORE, pursuant to G.S. 90-21.12, Plaintiff prays for a finding that defendants jointly and severally owe Plaintiff more than $75,000 in economic and non-economic damages, which will be determined at trial, and an order directing the defendants to pay to Plaintiff that amount in full plus litigation costs. Plaintiff also prays for such other relief the Court deems just, fair, and proper. A jury trial is demanded on all issues.

Plaintiff affirms under penalty of perjury that the foregoing complaint is true and correct.

Executed this 16th day Rajab in the year 1443 A.H.

*Pro se* Plaintiff Bro. T. Hesed-El
℅ TAQI EL AGABEY MANAGEMENT
30 N Gould Street - Suite R
Sheridan, WY 82801
(762) 333-2075
teamwork3@gmail.com