FILED
ASHEVILLE, NC
JUN 27 2023
U.S. DISTRICT COURT
W. DISTRICT OF N.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Civil Action No. 1:21-cv-305-MR-WCM

| | |
|---|---|
| TAQI EYR HHAMUL HESED EL, (Brother T. Hesed-El), <br><br> Plaintiff, <br><br> v. <br><br> ROBIN BRYSON, et al., <br><br> Defendants. | PLAINTIFF'S REPLY TO "DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO CLARIFY THE COURT'S AUGUST 16 ORDER [DOC. 118] AND PLAINTIFF'S CONDITIONAL MOTION TO AMEND COMPLAINT IF THE COURT REFUSES TO CLARIFY ITS AUGUST 16 ORDER [DOC. 120]" |

NOW COMES Brother T. Hesed-El (hereinafter "Plaintiff"), and respectfully files this reply in opposition to Defendants' Response (Doc. 122) ("Response").

## INTRODUCTION

It appears that the defendant's Response has further confused the issues before the Court. As shown below and throughout, Plaintiff is genuinely trying to keep this proceeding clear.

## IMMUNITY DEFENSE IS NOT CURRENTLY AT ISSUE

In their Response, the defendants argue that they are entitled to absolute immunity, and as a result, Plaintiff's amendment would be futile. They argue that their position is supported by a 2009 case.[1] The defendants are incorrect. First, none of the defendants are public officers entitled to absolute immunity. At best, they could pursue qualified immunity. Second, the Honorable W. Carleton Metcalf stated on May 4, 2023, that after "a Pretrial Order and Case Management Plan is entered, the parties will be free to proceed with court-enforceable discovery and the filing of dispositive motions, if appropriate. Defendants' immunity defense can then be considered, as necessary, on a more complete record." [Doc. 115, p. 3]. That threshold has not been met.

---

[1] See *Boryla-Lett v. Psychiatric Sols. of N. Carolina, Inc.*, 200 N.C. App. 529, 534 (2009)

## PLAINTIFF'S PROPOSED AMENDMENT OVERCOMES QUALIFIED IMMUNITY

Plaintiff's allegations do not constitute a "mere negligence" claim. The Cambridge English Dictionary defines mere negligence as "used to emphasize that something is not large...the fact of not giving enough care or attention to someone".[2] That is nowhere close to what Plaintiff alleged. The proposed amendment clearly sets forth the claim that Bryson failed to obey the law in her treatment of Plaintiff, or at minimum, she failed to follow North Carolina's requisite procedures for an involuntary commitment ("IVC"). Under those conditions, Bryson is **not** entitled to any protection. This is not a novel issue in North Carolina. It has been held in this state for at least two decades that G.S. 122C-210.1 offers only a qualified privilege, meaning that, "so long as the requisite procedures were followed and the decision [on how to treat the patient] was an exercise of professional judgment, the defendants are not liable to the plaintiff for their actions." *Alt v. Parker,* 112 N.C.App. 307, 314 (1993), cert. denied, 335 N.C. 766 (1994). In other words, the defendants *are* liable to the plaintiff if they did not follow the requisite procedures.

## NORTH CAROLINA LAW IS THE APPLICABLE STANDARD OF CARE

In North Carolina, the requisite procedures for an IVC are codified at G.S. 122C-1, *et seq.* Bryson was required to obey the law while treating Plaintiff, she had no discretion in the matter. She cannot disobey the law and hospital procedures whenever she feels like it with impunity. In deviating from the requisite procedures, Bryson thoroughly destroyed her chances at immunity.

## PLAINTIFF'S AMENDMENT STATES A PLAUSIBLE CLAIM FOR MEDICAL NEGLIGENCE ARISING OUT OF BRYSON'S FAILURE TO OBEY THE LAW

In general, qualified immunity shields a person performing discretionary functions from civil damages liability as long as the person's "conduct does not violate clearly established

---

[2] Found at: https://dictionary.cambridge.org/us/example/english/mere-negligence (June 24, 2023).

statutory or constitutional rights of which a reasonable person would have known." *Woodside v. Redmond*, CIVIL DOCKET NO.: 5:04CV95-V, 21 (W.D.N.C. Dec. 19, 2007).

Here, it is Plaintiff's position that qualified immunity does not apply because Bryson failed to follow the requisite procedures in her treatment of Plaintiff at Mission Hospital. Moreover, Plaintiff did **not** allege medical negligence against Bryon based on any alleged discretionary professional judgment. In fact, it is not yet clear whether Bryson had any discretionary function at all. What is clear, however, is that "Bryson…owed a duty to Plaintiff to strictly comply with the requirements of G.S. 122C-263(c) and G.S. 122C-263(g) while he was at Mission Hospital…Bryson breached her duty owed to Plaintiff to strictly comply with the involuntary commitment laws and provide care according to the applicable standard of care…The defendants negligently breached their duty owed to Plaintiff when they provided medical care that fell below the standard of care. As a proximate result of the defendants' negligence, Plaintiff incurred medical expenses and loss of peace of mind." [Doc. 120-1, pp. 5, 16, 20].

## CONCLUSION

Whether Plaintiff's claims should be labeled as "ordinary" or "medical" negligence is immaterial to justice. What matters is that Bryson's negligence was based on her failure to follow requisite procedures, which is clearly beyond the bar of "mere negligence". The defendants' attempt to argue futility based on immunity is inappropriate and should be disregarded. Plaintiff has clearly shown that his claims are plausible; therefore, he is entitled to relief.

Respectfully, this 5th day of Dhu'l Hijjah in the year 1444 A.H.

**Bro. T. Hesed-El, Plaintiff *pro se***
c/o TAQI EL AGABEY MANAGEMENT
30 N Gould St, Ste. R, Sheridan, WY 82801
Ph: (762) 333-2075 / teamwork3@gmail.com

CERTIFICATE OF SERVICE

## CERTIFICATE OF SERVICE

This certifies that PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO CLARIFY THE COURT'S AUGUST 16 ORDER [DOC. 118] AND PLAINTIFF'S CONDITIONAL MOTION TO AMEND COMPLAINT IF THE COURT REFUSES TO CLARIFY ITS AUGUST 16 ORDER [DOC. 120] has been sealed in an envelope with post-paid postage affixed thereon, and deposited into the exclusive custody of the United States Post Office, to ensure delivery to:

**Robin Bryson and Mission Hospital Inc.**
℅ Attorneys Daniel H. Walsh, Phillip T. Jackson, and Richard S. Daniels
ROBERTS & STEVEN, P.A.
Post Office Box 7647
Asheville, North Carolina 28802
dwalsh@roberts-steven.com
pjackson@roberts-steven.com
rsd@psrmlaw.com

This 24th day of June 2023 A.D.

Bro. T. Hesed-El, Plaintiff *pro se*