# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### CIVIL CASE NO. 1:21-cv-00305-MR-WCM

| | |
|---|---|
| TAQI EYR HHAMUL HESED EL, a/k/a "Bro. T. Hesed-El," Plaintiff, vs. ROBIN BRYSON, et al., Defendants. | O R D E R |

**THIS MATTER** is before the Court on the *pro se* Plaintiff's "Motion to Clarify the Court's August 16 Order" [Doc. 118] and the *pro se* Plaintiff's "Motion for Relief under FRCP Rule 54" [Doc. 116].

## I.    BACKGROUND

On August 16, 2022, this Court entered an Order adopting the Memorandum and Recommendation of the Magistrate Judge regarding several motions in this case. [Doc. 87]. In this Order, the Court dismissed all the Plaintiff's claims against Defendants ANC Healthcare, Inc., Mary Stirling Barlow, and Adam Herzog and dismissed the Plaintiff's claim for intentional infliction of emotional distress against Defendant Robin Bryson. [Id.]. The Court held that the case would proceed with respect to the

following claims: (1) "Gross Negligence/Willful and Wanton Conduct" against Defendant Bryson; (2) negligent infliction of emotional distress against Defendant Bryson; (3) "Negligent Supervision and/or Training" against Defendant Mission; and (4) "Respondeat Superior" against Defendant Mission. [Id.]. The Plaintiff attempted to appeal the Court's August 16th Order [Doc. 95], but on March 23, 2023, the Court of Appeals dismissed his appeal on the grounds that the Court's Order was "neither a final order nor an appealable interlocutory or collateral order." [Doc. 109]. The Plaintiff subsequently filed the present motions. [Docs. 114, 118].

## II.    DISCUSSION

In his "Motion to Clarify," the Plaintiff asks this Court to explain whether its August 16th Order [Doc. 87] "allow[s] Plaintiff's ordinary negligence claim to proceed" because that claim "was couched within" the Plaintiff's claim of Gross Negligence against Defendants Bryson, Herzog, and Barlow. [Doc. 118 at 1]. The Plaintiff asserts that the Court's Order "is confusing to the plaintiff." [Id.].

As a threshold matter, the Plaintiff's motion should be denied because there is no basis under the Federal Rules of Civil Procedure to seek a "clarification" or further explanation from the Court of the rationale of its

Order.  To the extent that the Plaintiff contends that he has pled a negligence claim within his claim of gross negligence, and he seeks reconsideration of the Court's treatment of such claim, the Plaintiff's motion for reconsideration must be denied.  The second count of the Plaintiff's Amended Complaint is clearly labeled as a claim for "Gross Negligence/Willful and Wanton Conduct" against Defendants Bryson, Herzog, and Barlow.  [Doc. 14 at 14]. The Plaintiff alleges that these Defendants negligently breached the applicable standard of care owed to the Plaintiff  by "willfully and knowingly forc[ing] unnecessary care upon Plaintiff" and that the Defendants' "willful and reckless discard of Plaintiff's rights and religion caused him emotional and physical injuries."  [Id. at ¶¶  49, 51].  These allegations clearly assert a claim for *gross* negligence.  Contrary to the Plaintiff's contention, there is not an "ordinary" negligence claim subsumed within these allegations.  As such, there was no need for the Court to address such claim in its Order.  For all these reasons, the Plaintiff's "Motion to Clarify" is denied.

In his second motion, the Plaintiff moves for the Court to enter a final judgment as to the Defendants who were dismissed in the August 16th Order.  [Doc. 114].

Rule 54(b) of the Federal Rules of Civil Procedure provides, in pertinent part, that "[w]hen an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). In determining whether there is "no just reason for delay," the Court must conduct a "case-specific" analysis, "keeping in mind that this inquiry is tilted from the start against the fragmentation of appeals." Kinsale Ins. Co. v. JDBC Holdings, Inc., 31 F.4th 870, 874 (4th Cir. 2022) (citations and internal quotation marks omitted). In making this inquiry, the Court must consider the following factors:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

Id. (citation omitted).

4

As a threshold matter, the Plaintiff's motion for entry of a final judgment is untimely, having been filed several months after the Court entered its Order (and only after an unsuccessful bid by the Plaintiff to appeal that Order without a certification).  Setting aside any issues of timeliness, however, the entry of a final judgment is not warranted here.  The adjudicated and unadjudicated claims in this case all arise from the same set of circumstances. Indeed, there is significant overlap in the claims alleged against the dismissed Defendants and those alleged against the remaining Defendants. The overlap in these claims poses a significant risk of duplicative appellate review.  Further, certifying the Court's Order would not shorten the length of the trial or otherwise serve the interests of judicial economy.  For all these reasons, the Court cannot say that there is "no just reason for delay" of the entry of a final judgment.  Accordingly, the Plaintiff's motion for the entry of a final judgment as to Defendants ANC, Barlow, and Herzog is denied.

**IT IS, THEREFORE, ORDERED** that the *pro se* Plaintiff's "Motion to Clarify the Court's August 16 Order" [Doc. 118] and "Motion for Relief under FRCP Rule 54" [Doc. 114] are **DENIED**.

5

**IT IS SO ORDERED.**

Signed: September 7, 2023

Martin Reidinger
Chief United States District Judge

6