IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Civil Action No. 1:21-cv-305-MR-WCM

FILED
ASHEVILLE, NC
SEP 27 2023
U.S. DISTRICT COURT
W. DISTRICT OF N.C.

| | |
|---|---|
| BROTHER T. HESED-EL, | ) |
| Plaintiff, | ) |
| v. | ) PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE [DOC. 129] TO PLAINTIFF'S MOTION TO AMEND [DOC. 126] |
| ROBIN BRYSON, et al., | ) |
| Defendants. | ) |

COMES NOW Brother T. Hesed-El (hereinafter "Plaintiff"), and respectfully files this reply to Defendant Robin Bryson and Mission Hospital's Response (Doc. 129).

## INTRODUCTION

On February 22, 2022, Plaintiff filed his complaint ("complaint") against Defendants Robin Bryson and Mission Hospital ("Defendants"). In Plaintiff's complaint, these alleged facts of medical negligence, (collectively referred to as "Allegations"), were lodged against the Defendants. Plaintiff alleged that they failed to follow North Carolina's requisite procedures for involuntary care, and by doing so, their treatment fell below the applicable standard of care, to wit:

1. "Defendant Robin Bryson, an employee of Mission Hospital and/or ANC Healthcare, Inc., owed a duty to Plaintiff to strictly comply with the requirements of G.S. 122C-263(c) and G.S. 122C-263(g) while he was at Mission Hospital." [Doc. 14, p. 4].

    a. That is the same language found in Count VI – Medical Negligence, paragraph 72, of Plaintiff's proposed second amended complaint.

2. "Barlow, Herzog, Bryson, and all other applicable hospital staff each owed Plaintiff a duty to provide medical care no lower than the standard of care." [Doc. 14, paragraph 47].

  a. That is the same allegation enumerated as Count VI – Medical Negligence, paragraph 73, in Plaintiff's proposed second amended complaint.

3. "The defendants negligently breached their duty owed to Plaintiff when they provided medical care that fell below the standard care." [Doc. 14, paragraph 48].

  a. That is the same allegation enumerated as Count VI – Medical Negligence, paragraph 74, in Plaintiff's proposed second amended complaint.

4. "As a proximate result of the defendants' negligence, Plaintiff incurred medical expenses and loss of peace of mind." [Doc. 14, paragraph 37].

  a. That is the same allegation enumerated as Count VI – Medical Negligence, paragraph 75, in Plaintiff's proposed second amended complaint.

## ARGUMENT

Contrary to the defendants' response, Plaintiff's proposed second amendment does not excise "certain claims and Defendants which this Court has already dismissed". [Doc. 129, p. 2]. The defendants' argument is incorrect. Plaintiff's proposed second amendment merely labels the claim that the Court overlooked in its order (Doc. 87) dismissing ANC, Barlow, and Herzog from this action. To be clear, the Court did not dismiss Plaintiff's medical negligence allegations found on pages 4, 13, and 17 of Plaintiff's complaint.

### Plaintiff's proposed amendment is not futile.

In their response, the defendants argue that the 2019 version of G.S. 122C-210.1 bars the proposed Count VI – Medical Negligence. Plaintiff disagrees for two reasons. First, the 2019 amendment to that statute cannot apply here because the accrual of Plaintiff's cause of action and this action's commencement occurred prior to that amendment. The previous version must apply.[1]

---

[1] *See* Doc. 113 for a full briefing on the topic of applying the correct version of the statute to determine immunity.

Second, Count VI – Medical Negligence is not a claim for 'ordinary negligence', it is a claim against the defendants for failing to follow the practice and standards required by North Carolina's involuntary commitment laws. Paragraph 72 of Plaintiff's proposed amended complaint clearly demonstrates that Plaintiff's Allegations fall beyond the pale of ordinary negligence. Accepted as true, the defendants must be barred from qualified immunity. Even this court agrees that "there is not an 'ordinary' negligence claim subsumed within these allegations." [Doc. 124].

### The substance of Plaintiff's proposed amendment overcomes qualified immunity.

It has long been held in North Carolina that G.S. 122C-210.1 "was intended to create a qualified immunity…meaning that, 'so long as the requisite procedures were followed… the defendants are not liable to the plaintiff for their actions.'" *Boryla-Lett v. Psychiatric Solutions of N.C., Inc.*, 685 S.E.2d 14, 19 (N.C. Ct. App. 2009) (cleaned up). When you read Plaintiff's proposed amended complaint as a whole, it's clear that the defendants allegedly failed to follow the requisite procedures and therefore are not entitled to qualified immunity. "N.C. Gen. Stat. § 122C-210.1 provides qualified immunity from civil liability for mental health providers if they follow accepted professional judgment, practice and standards." *Thames v. N.C. Department of Health*, I.C. NO. TA-20980, 2 (N.C. Ind. Comn. Feb. 1, 2011). The pre-2019 statute provides that

> No facility or any of its officials, staff, or employees, or any physician or other individual who is responsible for the examination, management, supervision, treatment, or release of a client and who follows accepted professional judgment, practice, and standards is civilly liable, personally or otherwise, for actions arising from these responsibilities or for actions of the client.

### Plaintiff's proposed amendment satisfies FRCP Rule 8.

"Plaintiffs need not put a claim under a special heading, quote the statute, or use magic words to make out a claim. Courts should focus on the substance of the allegations to avoid making pleading a formalistic headache." *Stanton v. Elliott*, 25 F.4th 227, 238 (4th Cir. 2022) (citations

omitted). Under "the notice pleading standards of Rule 8(a)(2) of the Federal Rules of Civil Procedure, a plaintiff need not lay out every fact of his lawsuit. It is sufficient if plaintiff presents a short and plain statement of the claim. "No more [is required] from the plaintiff['s] allegations... than what would satisfy Rule 8's notice pleading minimum." *Clark v. Smith*, No. 22-6958, 2023 U.S. App. LEXIS 16180, at *4 (4th Cir. June 27, 2023) (citations and quotation marks omitted).

### Plaintiff's proposed amendment states a plausible claim against the defendants.

Plaintiff's allegations, incorporated by reference in paragraph 71 of Plaintiff's proposed second amended complaint, allege that "Defendant Robin Bryson...owed a duty to Plaintiff to strictly comply with the requirements of G.S. 122C-263(c) and G.S. 122C-263(g) while he was at Mission Hospital...Bryson breached her duty owed to Plaintiff to strictly comply with the involuntary commitment laws...according to the applicable standard of care." [Doc. 14, pp. 4, 15]. The complaint states a plausible claim that Bryson did not follow the requisite procedures while caring for Plaintiff at Mission Hospital.

### Plaintiff's proposed amendment should be construed in Plaintiff's favor.

The Court should read the proposed amended complaint as a whole, and construe it in a light most favorable to the plaintiff, and accept all the facts alleged therein as true. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). In other words, "defendants cannot secure dismissal by cherry-picking only those allegations susceptible to rebuttal and disregarding the remainder." *In re Redf Mktg., LLC*, 589 B.R. 534, 540 (Bankr. W.D.N.C. 2018)

## CONCLUSION

FRCP Rule 8 requires that all pleadings must be construed so as to do justice.[2] Plaintiff's motion to amend his complaint should be granted.

Respectfully, this 11th day of Rabi'l in the year 1445 A.H.

*s/ Brother T. Hesed-El, ARR*
**Bro. T. Hesed-El, Plaintiff** *pro se*
c/o TAQI EL AGABEY MANAGEMENT
30 N Gould St, Ste. R, Sheridan, WY 82801
Ph: (762) 333-2075 / teamwork3@gmail.com

---

[2] "North Carolina law requires a court construing a complaint to consider the essence of the claim, rather than the labels a plaintiff may apply." *Adams v. McIntyre*, 4:97cv210-C, 1997 U.S. Dist. LEXIS 15942, at *4 (W.D.N.C. Sep. 3, 1997).

## **CERTIFICATE OF SERVICE**

This certifies that PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE [DOC. 129] TO PLAINTIFF'S MOTION TO AMEND COMPLAINT [DOC. 126] has been sealed in an envelope with post-paid postage affixed thereon, and deposited into the exclusive custody of the United States Post Office, to ensure delivery to:

**Robin Bryson and Mission Hospital Inc.**
℅ Attorney Daniel H. Walsh
ROBERTS & STEVEN, P.A.
Post Office Box 7647
Asheville, North Carolina 28802
dwalsh@roberts-steven.com

This 26th day of September 2023 A.D.

*s/ Brother T. Hesed-El, ARR*
**Bro. T. Hesed-El, Plaintiff** *pro se*