IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-cv-00305-MR-WCM

| | |
|---|---|
| TAQI EYR HHAMUL HESED EL )<br>A/K/A BRO T. HESED-EL, )<br>)<br>　　　　Plaintiff, )<br>)<br>　　v. )<br>)<br>ROBIN BRYSON )<br>*Licensed Clinical Social Worker,* )<br>*in her individual and official capacity*, )<br>**MISSION HOSPITAL, INC.,** )<br>)<br>)<br>　　　　Defendants. )<br>_____ ) | **ORDER** |

This matter is before the Court on Plaintiff's Motion to Amend Complaint (the "Second Motion to Amend," Doc. 126).

I.　　Relevant Background

Plaintiff's claims arise from his purported involuntary commitment at Mission Hospital from approximately September 20, 2016 to October 6, 2016.

A. Hesed El I

On September 23, 2019, Plaintiff, identifying himself only as "Confidential Plaintiff" or "CP," filed a complaint against "John Doe," "R.B.," "MHI," "Officer Doe," and "Paramedic Doe." See C.P. v. John Doe, et al., No. 1:19-cv-271-MR-WCM, United States District Court, Western District of North

Carolina ("Hesed El I").

On October 1, 2019, Hesed El I was dismissed by the District Court for lack of subject matter jurisdiction. Hesed El I, Doc. 6.

### B. Hesed El II

On October 7, 2019, Plaintiff filed a second action, Bro. T. Hesed-El v. John Doe, Robin Bryson, Mission Hospital, Hospital Does 1-10, County of Buncombe, No. 1:19-cv-285-MR-WCM, United States District Court, Western District of North Carolina ("Hesed El II").

Plaintiff dismissed certain of his claims in Hesed El II on October 22, 2020. Doc. 70. Plaintiff's remaining claims were dismissed by the Court on March 29, 2021. Hesed El II, Docs. 79, 80.

### C. Hesed El III

On October 18, 2021, Plaintiff filed the instant matter ("Hesed El III").

On February 22, 2022, Plaintiff filed a First Amended Complaint, which is the operative complaint. Doc. 14.

On July 12, 2022, the undersigned issued a Memorandum and Recommendation addressing various motions. Doc. 80. That Memorandum explained that Plaintiff had asserted the following claims: (1) lack of informed consent; (2) gross negligence/willful and wanton conduct; (3) negligent infliction of emotional distress; (4) negligent supervision and/or training; and (5) respondeat superior. Id. at 5.

On August 16, 2022, the presiding district judge dismissed certain of Plaintiff's claims and held that the case would proceed with respect to the following claims: (1) "gross negligence/willful and wanton conduct" against Robin Bryson ("Bryson"); (2) negligent infliction of emotional distress against Bryson; (3) "Negligent Supervision and/or Training" against Mission Hospital Inc. ("Mission"); and (4) "Respondeat Superior" against Mission. Doc. 87 at 6.

On April 28, 2023, Plaintiff filed a "Motion in the Cause or in the Alternative Motion to Amend" ("First Motion to Amend") in which he argued that he had pled the elements of an "ordinary" negligence claim sufficiently and sought to "clarify" or amend his causes of action to include an ordinary negligence claim. Doc. 112.

Also on April 28, 2023, Plaintiff filed a "Motion to Determine Immunity Standard." Doc. 113. Therein, Plaintiff asserted that he had initiated these legal proceedings on September 23, 2019 with the filing Hesed El I and "reinstated/reopened his claims" on October 7, 2019 with the filing of Hesed El II. Doc. 113.

On May 4, 2023, the undersigned denied the First Motion to Amend and the Motion to Determine Immunity Standard. See Doc. 115 at 2-3.

On June 2, 2023, Plaintiff filed a "Motion to Clarify," by which he asked for clarification as to whether the District Court's August 16, 2022 Order "allow[ed] Plaintiff's ordinary negligence claim to proceed due to the fact that

it was couched within" Plaintiff's gross negligence claim. Doc. 118 at 1. That same day, Plaintiff also filed a "Conditional Motion to Amend" to assert a negligence claim in the event the Court determined that the First Amended Complaint did not include such a claim. Doc. 120.

On September 7, 2023, the Court denied the Motion to Clarify and the Conditional Motion to Amend. Docs. 124, 125.

On September 11, 2023, Plaintiff filed the Second Motion to Amend with a supporting memorandum. Docs. 126, 127. Defendants have responded, and Plaintiff has replied. Docs. 129, 133.[1]

A hearing on the Second Motion to Amend was conducted on October 16, 2023.

## II. Legal Standard

When reviewing requests for leave to amend, courts are guided by Rule 15(a) of the Federal Rules of Civil Procedure, which provides that leave to amend should be freely given when justice so requires, and "by the general policy embodied in the Federal Rules favoring resolution of cases on their merits." Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980), *cert. denied*, 448 U.S. 911 (1980). "In the absence of any apparent or declared reason such as undue delay, bad faith or dilatory motive on the part of the movant,

---

[1] A duplicate copy of Plaintiff's reply appears on the docket as well. Doc. 134.

repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. —the leave sought should as the rules require, be 'freely given.'" Forman v. Davis, 371 U.S. 178, 182 (1962); Equal Rts Ctr. v. Niles Bolton Assocs., 602 F.3d 597, 603 (4th Cir. 2010) (citing Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc)); Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) ("Under Rule 15, a 'motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile.'").

A futility review "is not equivalent to an evaluation of the underlying merits of the case. To the contrary, unless a proposed amendment may clearly be seen to be futile because of substantive or procedural considerations … conjecture about the merits of the litigation should not enter into the decision whether to allow amendment.'" Glob. Locating Sys., LLC v. ShadowTrack 247, LLC, No. 1:19-CV-00225-MR, 2020 WL 2114381, at *3 (W.D.N.C. May 4, 2020) (quoting Next Generation Grp., LLC v. Sylvan Learning Ctrs., LLC, CCB-11-0986, 2012 WL 37397, at *3 (D. Md. Jan. 5, 2012)) (internal quotations and alterations omitted). In short, to deny a motion to amend on futility grounds, the Court must find that the "proposed amendment is clearly insufficient or frivolous on its face." Johnson v. Oroweat Foods Co., 785 F.2d 503, 510 (4th Cir. 1986) (citing Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir.

5

1980), cert. dismissed, 448 U.S. 911, 101 S.Ct. 25, 65 L.Ed.2d 1141 (1980)).

## III. Discussion

Plaintiff's First Amended Complaint does not include a claim for ordinary negligence. Doc. 14; see also Doc. 87. While Plaintiff has made a claim for gross negligence, a claim for negligence is not included "within" the gross negligence claim. Specifically, as the District Court has explained:

> The second count of the Plaintiff's Amended Complaint is clearly labeled as a claim for "Gross Negligence/Willful and Wanton Conduct" against Defendants Bryson, Herzog, and Barlow. [Doc. 14 at 14]. The Plaintiff alleges that these Defendants negligently breached the applicable standard of care owed to the Plaintiff by "willfully and knowingly forc[ing] unnecessary care upon Plaintiff" and that the Defendants' "willful and reckless discard of Plaintiff's rights and religion caused him emotional and physical injuries." [Id. at ¶¶ 49, 51]. These allegations clearly assert a claim for gross negligence. Contrary to the Plaintiff's contention, there is not an "ordinary" negligence claim subsumed within these allegations.

Doc. 124 at 3.

By the Second Motion to Amend, Plaintiff now seeks leave to assert a claim of "medical negligence" against Bryson. See Doc. 126-1 at 19; Doc. 127 at 1.

Defendants oppose the Second Motion to Amend based on futility. Doc. 129.

N.C.G.S. § 122C-210.1 provides that:

> No facility, person, or entity, including an area facility, a facility licensed under this Chapter, an acute care hospital, a general hospital, an area authority, a law enforcement officer, an LME, or an LME/MCO, or any of their officials, staff, or employees, or any other physician or individual who is responsible for the custody, transportation, examination, admission, management, supervision, treatment, or release of a respondent or client and who is not grossly negligent, is civilly or criminally liable, personally or otherwise, for that person's or entity's actions or omissions arising from these responsibilities or for the actions or omissions of a respondent or client. This immunity is in addition to any other legal immunity from liability to which these persons, entities, facilities, agencies, or individuals may be entitled and applies to actions performed in connection with, or arising out of, the custody, transportation, examination, commitment, admission, management, supervision, treatment, or release of any individual pursuant to or under the authority of this Article or otherwise.

The statute became effective on October 1, 2019. See 2018 North Carolina Laws S.L. 2018-33 (S.B. 630).

Plaintiff acknowledges that this provision would bar a claim for ordinary negligence. See Doc. 113 at 3. Plaintiff argues, though, that a prior version of the statute applies and would not bar his negligence claim. Doc. 133 at 2; Doc. 113 at 3.

First, Plaintiff contends that the prior version of § 122C-210.1 applies because his negligence claim accrued when that prior version was in effect. There are authorities that indicate that legislation generally applies prospectively. See e.g., Smith v. Mercer, 276 N.C. 329, 337 (1970) (discussing

7

general principles "relating to whether statutes should be construed to apply prospectively or retroactively"); Barnhardt v. Morrison, 178 N.C. 563, 101 S.E.2d 218, 220 (1919) (stating that "'[a] statute, upon obvious principles of convenience and justice, must in general be construed as prospective in its operation. It must be construed as intended to regulate the future conduct and rights of persons, and not to apply to past transactions. This elementary rule of construction may be changed by the Legislature, but such intention must be sufficiently expressed by the statute.'") (quoting Merwin v. Ballard, 66 N.C. 398, 399 (1872)).

However, Plaintiff also states that "'[t]he framework for determining whether a statute applies retrospectively to pre-enactment conduct'" has been set out by the Supreme Court. Doc. 113 at 5 (citing Cruz v. Maypa, 773 F.3d 138, 144 (4th Cir. 2014) and Landgraf v. USI Film Products, 511 U.S. 244 (1994)). Pursuant to that framework, the first question a court considers is whether the legislative body that enacted the provision "expressly prescribed the statute's proper reach." Landgraf, 511 U.S. at 280. If so, "the inquiry ends there." Cruz, 773 F.3d at 144.

Here, the current version of § 122C-210.1 "applies to proceedings initiated on or after" October 1, 2019. See 2018 North Carolina Laws S.L. 2018-33 (S.B. 630). This express statement establishes the temporal reach of § 122C-210.1. See Martin v. Hadix, 527 U.S. 343, 355 (1999) (explaining that the

8

following language "might qualify as a clear statement that a statute was to apply retroactively: '[T]he new provisions shall apply to all proceedings pending or commenced after the date of enactment.'") (quoting Landgraf, 511 U.S. at 260); see also Ferrera v. Robbins, M.D., 278 N.C.App. 373, 859 S.E.2d 644 (§ 122C-210.1 was "amended for actions commenced on or after 1 October 2019 to offer the immunity to any physician not engaged in 'gross negligence.'") (Table) (July 6, 2021) (unpubl.).

Second, Plaintiff contends that the prior version of § 122C-210.1 should apply because his current suit "relates back" to the filing of his complaint in Hesed El I, which occurred prior to the date the current version of the statute became effective. However, Plaintiff has not provided support for that position. See e.g., Desimone v. TIAA Bank, FSB, No. 20-cv-6492, 2021 WL 4198274 at *4 (S.D.N.Y. Sept. 14, 2021) ("Plaintiff cites no binding authority for the proposition that a pleading in one case can relate back not only to an original version of that pleading but to a different pleading in a separate case, and multiple courts in this district have persuasively rejected that argument") (citing City of New York v. FedEx Ground Package System, 351 F.Supp.3d 456, 475 (2d Cir. 2018) ("Rule 15 only empowers this Court to allow amendments to a pleading to relate back to the original pleading in that case. It does not enable pleadings in new cases to relate back to events in other, separately filed cases"); Marques v. Villa Holdings, Inc., No. SACV 07–0993–AG, 2008 WL 11343008,

at *2 (C.D. Cal. June 9, 2008) (granting summary judgment based on the statute of limitations and explaining that "Defendants have presented multiple cases finding that a case filed after a similar case is dismissed does not 'relate back' to the first case, and Plaintiff has not responded to that authority").

Having reviewed the parties' filings and applicable statutory provisions and case law, and having received the oral arguments of the parties, the undersigned finds that the current version of N.C.G.S. § 122C-210.1 applies to Plaintiff's proposed claim for ordinary negligence and would bar such a claim if it were made.[2]

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend Complaint (Doc. 126) is **DENIED**.

Signed: October 25, 2023

W. Carleton Metcalf
United States Magistrate Judge

---

[2] Although Defendants also argue that Plaintiff's negligence claim would be barred under either version of the statute, during the October 16 hearing, defense counsel indicated that under the previous version of the statute, the issue of statutory immunity would be appropriately considered on a motion for summary judgment.