IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Civil Action No. 1:21-cv-305-MR-WCM

FILED
ASHEVILLE, NC

NOV -9 2023

U.S. DISTRICT COURT
W. DISTRICT OF N.C

BROTHER T. HESED-EL,

    Plaintiff,

v.

ROBIN BRYSON, et al.,

    Defendants.

MEMORANDUM IN SUPPORT OF
MOTION FOR RECONSIDERATION
BY DISTRICT COURT JUDGE

COMES NOW Brother T. Hesed-El (hereinafter "Plaintiff"), pursuant to 28 USC § 636(b)(1)(A), and requests the presiding District Judge to reconsider Magistrate Judge W. Carleton Metcalf's ("Magistrate") Order entered on October 26, 2023 (Doc. 138, "Order"). Respectfully, Plaintiff shows below that the Order is clearly erroneous and contrary to law.

## INTRODUCTION

On September 20, 2016 through October 5, 2016, Plaintiff was emotionally and physically harmed as a result of the acts and omissions of Robin Bryson and Mission Hospital ("Defendants"), among others. Caused by their individual and joint medical negligence, or *ordinary negligence* as labeled by this court, Plaintiff was imprisoned in Mission Hospital's Copestone Ward for 16 days. That specific cause of action, ordinary negligence, accrued after Plaintiff's release from captivity on October 5, 2016. That specific cause action is a **vested right** as a matter of law.

## RELEVANT PROCEDURAL HISTORY

On February 22, 2022, Plaintiff filed his first amended complaint, Doc. 14. In his complaint, Plaintiff set forth a claim for ordinary negligence, but due to a mistake, he did not label that claim as a "Count" with his other claims for relief. As a result, the Court in its Order dated August 16, 2022, Doc. 87, acknowledged only those claims labeled as *counts* – claims for relief.

On September 11, 2023, Plaintiff asked the Court for leave to file a second amended complaint.[1] In that proposed amendment, Plaintiff labeled his allegations of ordinary negligence as **"Count VI: Medical Negligence"**. Count VI includes the same allegations contained in the first amended complaint, just copied and pasted into Count VI so the claim is apparent and to ensure that evidence could be discovered relative to that claim.[2]

On October 16, 2023, the Court heard oral arguments regarding Plaintiff's motion to amend. A large part of the hearing was about which version of § 122C-210.1, North Carolina's immunity statute for claims related to an involuntary commitment, should be applied to Plaintiff's ordinary negligence claim. During the hearing, Plaintiff argued that if the current version of the statute were to be applied to his ordinary negligence claim, it would destroy his property interest and vested right in that particular cause of action. Indeed, when applied against his ordinary negligence claim, the current version of statute absolutely bars Plaintiff from prosecuting that claim. In response, Defendants conceded that under the previous version of the statute (in effect prior to October 1, 2019), the issue of statutory immunity would be appropriately considered on a motion for summary judgment. In other words, under the previous version of the statute, Plaintiff's proposed amended complaint including his ordinary negligence claim as Count VI would survive a Rule 12(b)(6) motion to dismiss and therefore would **not** be futile.

On October 26, 2023, the Magistrate denied Plaintiff's motion to amend as futile stating that the current version of § 122C-210.1 applies and bars Plaintiff's ordinary negligence claim. In barring Plaintiff from pursuing his ordinary negligence claim, Plaintiff was denied his vested right to pursue recovery of the damages arising from Defendants' alleged ordinary negligence.

---

[1] Plaintiff sought to amend his complaint earlier in the case but the request was not decided on its merits until recently.
[2] *See* Doc. 134, Introduction, ¶¶ 1-4, for a detailed explanation showing that each allegation in Count VI is copied/pasted from verbatim from Doc. 14.

## ARGUMENT

Respectfully, Plaintiff contends that the Magistrate's ruling is clearly erroneous and contrary to law because the retroactive application of § 122C-210.1 in this scenario is unconstitutional. Plaintiff has a vested right to recover the damages caused by ordinary negligence.

I. The Magistrate's October 26, 2023 Order is Contrary to Law

The language of the current version of § 122C-210.1 is unambiguous. It is clear beyond any reasonable doubt that the current version of the statute "applies to proceedings initiated on or after" October 1, 2019.[3] Yet, what is not expressed in the statute is how the statute applies to causes of action that accrued prior to its enactment. Because there is no language in either version of the statute that explicitly addresses such scenarios, the Magistrate was faced with the same two options any other reviewing court would be faced with in the same situation, to either apply the statute retroactively or strike it as unconstitutional. See *Kornegay v. City of Goldsboro*, 180 N.C. 441 (N.C. 1920). By applying it retroactively, the Magistrate's Order destroyed Plaintiff's vested right to pursue a claim for ordinary negligence, which is contrary to the North Carolina Constitution.

## POINTS OF AUTHORITY

Article I, § 18 of the North Carolina Constitution provides: "All courts shall be open; every person for an injury done him in his lands, goods, person, or reputation shall have remedy by due course of law; and right and justice shall be administered without favor, denial, or delay." N.C. Const. art. I, § 18; see Osborn v. Leach, 135 N.C. 628, 47 S.E. 811, 812 (N.C. 1904).

"Retroactive laws also implicate Article I, § 19, which provides that "[n]o person shall be . . . in any manner deprived of his life, liberty, or property, but by the law of the land." N.C. Const. art. I, § 19. Under either clause, "[t]he proper question for consideration is whether the act as

---

[3] Although Plaintiff initiated his action against Defendants on September 23, 2019 (Hesed-El I), that complaint was dismissed for lack of subject matter jurisdiction, effectively rendering that case as if it never existed. When Plaintiff refiled his complaint on October 7, 2019, the current version of the statute had already gone into effect.

applied will interfere with rights which had vested or liabilities which had accrued at the time it took effect." *Wallace v. Greystar Real Estate Partners, LLC*, 587 F. Supp. 3d 344, 352 (M.D.N.C. 2022) (internal citation omitted).

"Where an injury has occurred for which, the injured party has a cause of action, such cause of action is a vested property right which is protected by the guarantee of due process." *Lamb v. Wedgewood S. Corp.*, 308 N.C. 419, 302 S.E.2d 868, 881 (N.C. 1983) (quoting Burmaster v. Gravity Drainage Dist. No. 2 of St. Charles Par., 366 So. 2d 1381, 1387 (La. 1978)); see Rhyne v. K-Mart Corp., 358 N.C. 160, 594 S.E.2d 1, 12 (N.C. 2004) ("A right to sue for an injury is a right of action; it is a thing in action and is property."). "The right to recover damages for an injury is a species of property, and vests in the injured party immediately on the commission of the wrong… It is the commission of the wrong, and "not the subsequent verdict and judgment" *Osborn v. Leach*, 135 N.C. 628 (N.C. 1904). When a statute would have the effect of destroying a vested right if it were applied retroactively, it will be viewed as operating prospectively only. *Smith v. Mercer*, 276 N.C. 329, 172 S.E.2d 489 (1970).

## CONCLUSION

Plaintiff has shown that § 122C-210.1 is unconstitutional as applied by the Magistrate's Order. The Court should enter a finding that Plaintiff has a vested right to pursue his cause of action for recovery of damages caused by Defendants' ordinary negligence. Plaintiff should be allowed to file his Second Amended Complaint as it is not futile.

Respectfully, this 23rd day of Rabi' II in the year 1445 A.H.

/s/ *Brother T. Hesed-El, ARR*
**Bro. T. Hesed-El, Plaintiff** *pro se*
c/o TAQI EL AGABEY MANAGEMENT
30 N Gould St, Ste. R, Sheridan, WY 82801
Ph: (762) 333-2075 / teamwork3@gmail.com

## **CERTIFICATE OF SERVICE**

This certifies that this MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION BY DISTRICT COURT JUDGE has been sealed in an envelope with sufficient postage affixed thereon, and deposited into the exclusive custody of the United States Post Office, to ensure delivery to:

**Robin Bryson and Mission Hospital Inc.**
℅ Attorney Daniel H. Walsh
ROBERTS & STEVEN, P.A.
Post Office Box 7647
Asheville, North Carolina 28802
dwalsh@roberts-steven.com

This 8th day of November 2023 A.D.

/s/ *Brother T. Hesed-El, ARR*
**Bro. T. Hesed-El, Plaintiff** *pro se*