IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00305-MR-WCM

**TAQI EYR HHAMUL HESED EL,**
a/k/a "Bro. T. Hesed-El," )
)
          **Plaintiff,** )
)
    vs. )      **O R D E R**
)
**ROBIN BRYSON, et al.,** )
)
          **Defendants.** )
)

**THIS MATTER** is before this Court on Plaintiff's *Pro Se* Motion for Reconsideration. [Doc. 140].

**I.    BACKGROUND**

Taqi Eyr Hhamul Hesed El ("Plaintiff") has previously filed two civil actions alleging various claims stemming from what he contends was his involuntary commitment at Mission Hospital during September and October of 2016. [See Doc. 138]. Both actions were dismissed. [Id. at 2]. Plaintiff commenced the present action—his third based on these facts—by filing his Complaint on October 18, 2021, which he amended on February 22, 2022. [Docs. 1; 14].

In response to Defendants' Motions to Dismiss [Docs. 33, 60, 63, 74], the Honorable Magistrate Judge W. Carleton Metcalf issued a Memorandum and Recommendation on July 12, 2022 [Doc. 80], which this Court accepted on August 16, 2022, thereby dismissing a number of Plaintiff's claims. [Doc. 87]. Plaintiff has since filed two motions seeking to amend his Amended Complaint to raise an additional claim of ordinary negligence, which the Magistrate Judge denied on May 4, 2023, and October 26, 2023, respectively. [See Doc. 138 at 3-4]. In denying Plaintiff's second motion to amend, the Magistrate Judge concluded that Plaintiff's prospective claim for ordinary negligence is barred by N.C. Gen. Stat. § 122C-210.1. [Id. at 10]. Plaintiff filed a *pro se* Motion for Reconsideration, along with a Memorandum in Support, on November 9, 2023, asking this Court to reverse the Magistrate Judge's denial of his second motion to amend. [See Docs. 140-41].

## II. STANDARD OF REVIEW

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, a party may submit objections to a Magistrate Judge's ruling on a non-dispositive pretrial motion and seek that the Order be set aside in whole or in part if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Under this standard, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire

2

Case 1:21-cv-00305-MR-WCM   Document 143   Filed 11/28/23   Page 2 of 4

evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948); Walton v. Johnson, 440 F.3d 160, 173-74 (4th Cir. 2006).

## III. DISCUSSION

"Under Rule 15 [of the Federal Rules of Civil Procedure], a 'motion to amend should be denied only where it would be prejudicial, there has been bad faith, <u>or the amendment would be futile.</u>'" Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) (emphasis added) (quoting HCMF Corp. v. Allen, 238 F.3d 273, 276-77 (4th Cir. 2001)). Plaintiff concedes that if N.C. Gen. Stat. § 122C-210.1 applies to this matter, that the claim of ordinary negligence he wishes to allege would be barred by the statute. [See Docs. 113 at 3; 133 at 2]. The statute plainly provides that it "applies to proceedings initiated on or after" October 1, 2019, and Plaintiff commenced this action on October 18, 2021. See N.C. Gen. Stat. § 122C-210.1. Therefore, as the Magistrate Judge ably explained, the statute applies to bar the ordinary negligence claim Plaintiff wishes to allege. Accordingly, amendment of Plaintiff's Complaint would be futile, and the Magistrate Judge correctly denied his motion to amend.

## O R D E R

**IT IS, THEREFORE, ORDERED** that Plaintiff's *Pro Se* Motion for Reconsideration [Doc. 140] is hereby **DENIED**, and the October 26, 2023, Order of the Magistrate Judge denying Plaintiff's Motion to Amend [Doc. 138] is hereby **AFFIRMED**.

**IT IS SO ORDERED.**

Signed: November 28, 2023

Martin Reidinger
Chief United States District Judge