# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Civil Action No. 1:21-cv-305-MR-WCM

| | |
|---|---|
| BROTHER T. HESED-EL, <br><br> Plaintiff, <br><br> v. <br><br> ROBIN BRYSON, et al., <br><br> Defendants. | PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO MOTION FOR RECONSIDERATION |

FILED
ASHEVILLE, NC

**NOV 29 2023**

U.S. DISTRICT COURT
W. DISTRICT OF N.C.

On November 27, 2023, Defendants filed a response (Doc. 142) to Plaintiff's Motion ("motion") for Reconsideration (Doc. 140). Plaintiff respectfully files this reply:

## INTRODUCTION

Plaintiff is a *pro se* litigant.[1] Plaintiff's original and amended complaint set forth sufficient allegations to state a claim against Defendants for ordinary negligence. Unintentionally, that claim was not specified in Plaintiff's complaints as a "count" – claim for relief. As a result, that claim was not acknowledged by the Court in its 12(b)(6) ruling. *See* Doc. 87. This oversight prompted Plaintiff to move the Court for leave to file a 2nd Amended Complaint. Therein, Plaintiff specified his ordinary negligence claim against Defendants as Count VI – Medical Negligence.

## ARGUMENT

On or about October 5, 2016, Plaintiff obtained the right to sue Defendants for ordinary negligence arising from their failure to follow requisite procedures. "The right to recover damages

---

[1] Plaintiff should not be held to the same stringent requirements as would a lawyer. *Haines v. Kerner*, 404 US 519 (1972). "The Fourth Circuit requires district courts to construe pro se complaints liberally to ensure that valid claims do not fail merely for lack of legal specificity. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978)." *Long v. Bunda*, No. 3:12CV488-GCM, 2012 U.S. Dist. LEXIS 154697, at *4 (W.D.N.C. Oct. 29, 2012). "The Federal Rules of Civil Procedure require that pleadings be judged by their substance, not by technicalities; when justice so requires, courts will interpret pleadings in favor of the pleader and look for legally cognizable claims within them." *Randall v. United States*, NO. 5:94-CV-866-D1, 1995 U.S. Dist. LEXIS 12004, at *1 (E.D.N.C. July 3, 1995).

for an injury is a species of property, and vests in the injured party immediately on the commission of the wrong...It is the commission of the wrong, and "not the subsequent verdict and judgment" *Osborn v. Leach*, 135 N.C. 628 (N.C. 1904). Instead of acknowledging Plaintiff's claim and granting Plaintiff leave to file his proposed 2nd Amendment Complaint, the Magistrate's Order (Doc 138) divested Plaintiff of his secured right, in error and contrary to law.[2] In doing so, the Magistrate's Order also attached a new disability, the danger of having Plaintiff's claim defeated upon Defendants' challenge. These circumstances clearly show retroactivity, and Defendants have not shown that Plaintiff's ordinary negligence claim was pleaded insufficiently.

Based on the arguments presented above, Plaintiff believes that said statute as applied is null and void. "When a provision of a statute is unconstitutional, that provision is void" *United States v. Booker*, 543 U.S. 220, 283 (2005). Therefore, given that N.C.G.S. § 122C- 210.1 is unconstitutional – as applied – it cannot truthfully be said that "any ordinary negligence claim by Plaintiff would be futile and barred" [Doc. 142, at 1). Plaintiff's medical negligence claim should be allowed to proceed as a matter of law.

## POINTS OF AUTHORITY

"Upon principle, every statute, which takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability in respect to transactions or considerations already passed, must be deemed retrospective... It is...the statute's retroactivity which runs afoul of constitutional limitations... no rule of procedure or practice may be applied to abridge substantive rights. N.C. Constitution, Art. IV, Sec. 13...Stated

---

[2] N.C.G.S. § 122C- 210.1 is ambiguous as to its application to claims that were *pending* before its enactment. The Magistrate should have construed the statute prospectively instead of retroactively in order to avoid unconstitutional construction. "[W]here a statute is susceptible of two constructions, by one of which grave and doubtful constitutional questions arise and by the other of which such questions are avoided, our duty is to adopt the latter." *United States ex rel. Attorney Gen. v. Del. & Hudson Co.*, 213 U.S. 366, 408 (1909). Defendants conceded during the parties' recent hearing that if pled correctly, Plaintiff's ordinary negligence claim should be considered on summary judgment.

otherwise, [N.C.G.S. § 122C- 210.1] may be applied retroactively only insofar as it does not impinge upon a right which is otherwise secured, established, and immune from further legal metamorphosis." *Gardner v. Gardner*, 300 N.C. 715, 718 (N.C. 1980) (internal citation and quotation marks omitted).

## CONCLUSION

For all these reasons, Plaintiff's motion should be granted.

Respectfully, this 14th day of Jumada I in the year 1445 A.H.

/s/ Brother T. Hesed-El, ARR
**Bro. T. Hesed-El, Plaintiff** *pro se*
c/o TAQI EL AGABEY MANAGEMENT
30 N Gould St, Ste. R, Sheridan, WY 82801
Ph: (762) 333-2075 / teamwork3@gmail.com

## **CERTIFICATE OF SERVICE**

This certifies that this PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO MOTION FOR RECONSIDERATION has been sealed in an envelope with sufficient postage affixed thereon, and deposited into the exclusive custody of the United States Post Office, to ensure delivery to:

**Robin Bryson and Mission Hospital Inc.**
℅ Attorney Daniel H. Walsh
ROBERTS & STEVEN, P.A.
Post Office Box 7647
Asheville, North Carolina 28802
dwalsh@roberts-steven.com

This 28th day of November 2023 A.D.

/s/ Brother T. Hesed-El, ARR
**Bro. T. Hesed-El, Plaintiff** *pro se*