# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Civil Action No. 1:21-cv-305-MR-WCM

| | | |
|---|---|---|
| BROTHER T. HESED-EL, | ) | |
| | ) | |
| Plaintiff, | ) | **RULE 5.1 CONSTITUTIONAL** |
| | ) | **CHALLENGE TO A STATUTE** |
| v. | ) | |
| | ) | FILED |
| ROBIN BRYSON, et al., | ) | ASHEVILLE, NC |
| | ) | |
| Defendants. | ) | **NOV 29 2023** |
| | ) | |
| | ) | U.S. DISTRICT COURT |
| | | W. DISTRICT OF N.C. |

Pursuant to Rule 5.1(a) of the Federal Rules of Civil Procedure, Brother T. Hesed-El ("Plaintiff") respectfully files this Notice of Constitutional Challenge to a Statute with the Court and notifies North Carolina's Attorney General of the same. In support, Plaintiff shows as follows:

1. This action was timely commenced on October 7, 2019, voluntarily dismissed on October 26, 2020, and renewed on October 18, 2021. Defendants Mission Hospital and Robin Bryson were both timely served with a copy of the summons and complaint.

2. On September 11, 2023, Plaintiff filed a motion to amend his complaint. The purpose of the proposed amendment was to re-state Plaintiff's ordinary negligence claim against Defendants for failing to follow requisite procedures. Because said claim was not labeled as a "count" in the complaint, the Court failed to acknowledge the claim's existence.[1]

3. On October 26, 2023, the Magistrate Judge assigned to this case, the Honorable W. Carlton Metcalf, denied Plaintiff's motion stating that N.C. General Statute § 122C-210.1 bars Plaintiff's ordinary negligence claim against Defendants.[2]

---

[1] *See* Doc. 87.

[2] North Carolina General Statute § 122C-210.1 was amended on October 1, 2019. The amended version of the statute grants immunity to healthcare workers unless they are found to be grossly negligent, a substantial change from the previous version of the statute that permitted ordinary negligence claims if a claimant alleged that the defendant was negligent in their failure to follow requisite procedures.

4. On November 9, 2023, Plaintiff filed a motion for reconsideration asking the Court to reconsider the denial and grant Plaintiff leave to file his proposed 2nd Amended Complaint.[3]

5. In said motion, Plaintiff raised a question as to whether G.S. § 122C-210.1 is unconstitutional as applied retroactively to Plaintiff's cause of action against Defendants for ordinary negligence.[4]

6. By certified letter dated November 27, 2023, and pursuant to Rule 5.1(a)(1)(B), Plaintiff provided North Carolina's Attorney General with a copy of this Notice and Plaintiff's Motion for Reconsideration and Memorandum in Support attached thereto as an exhibit.

7. The State of North Carolina, nor one of its officers or employees have been named as a defendant in this case. In this manner, Plaintiff has complied with Rule 5.1's requirements.

Respectfully, this 14th day of Jumada I in the year 1445 A.H.

/s/ *Brother T. Hesed-El, ARR*
**Bro. T. Hesed-El, Plaintiff *pro se***
c/o TAQI EL AGABEY MANAGEMENT
30 N Gould St, Ste. R, Sheridan, WY 82801
Ph: (762) 333-2075 / teamwork3@gmail.com

---

[3] *See* attached Exhibit
[4] *Gardner v. Gardner*, 300 N.C. 715 (N.C. 1980) (explaining that "a statute is deemed 'retroactive' or 'retrospective' when its operative effect is to alter the legal consequences of conduct or transactions completed prior to its enactment").

## **CERTIFICATE OF SERVICE**

This certifies that this RULE 5.1 NOTICE OF CONSTITUTIONAL CHALLENGE TO A

STATUTE has been sealed in an envelope with sufficient postage affixed thereon, and deposited

into the exclusive custody of the United States Post Office, to ensure delivery to:

**Robin Bryson and Mission Hospital Inc.**
℅ Attorney Daniel H. Walsh
ROBERTS & STEVEN, P.A.
Post Office Box 7647
Asheville, North Carolina 28802
dwalsh@roberts-steven.com

**Attorney General Josh Stein**
Office of the North Carolina Attorney General
114 West Edenton Street
Raleigh, NC 27603

This 28th day of November 2023 A.D.

/s/ *Brother T. Hesed-El, ARR*

**Bro. T. Hesed-El, Plaintiff** *pro se*