IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-cv-00305-MR-WCM

| | |
|---|---|
| TAQI EYR HHAMUL HESED EL A/K/A BRO T. HESED-EL, <br><br> Plaintiff, <br><br> v. <br><br> ROBIN BRYSON <br> *Licensed Clinical Social Worker,* <br> *in her individual and official capacity,* <br> MISSION HOSPITAL, INC., <br><br> Defendants. | ORDER |

This matter is before the Court for case management purposes following a Report of Status of Mediator Designation (the "Report," Doc. 139) filed by Defendants Robin Bryson and Mission Hospital, Inc. ("Defendants").

On October 16, 2023, following an in-person hearing and pretrial conference, the undersigned issued a Pretrial Order and Case Management Plan (the "Pretrial Order," Doc. 135) which, among other things, set a deadline of November 6, 2023 for the parties to designate a mediator, and a deadline of March 20, 2024 for the parties to conduct mediation. Doc. 135.

On November 6, Defendants filed the Report in which they state that on October 30, 2023, they recommended to Plaintiff that the parties designate

Frank Goldsmith as their mediator, since Mr. Goldsmith had conducted a previous mediation with the parties. In response, Plaintiff indicated he would "need some assurances that we're not wasting our time before agreeing to pay the mediator's fee again" and did not respond to defense counsel's follow-up communications. Doc. 139 at 1.

On November 15, 2023, Plaintiff was ordered to show cause why Mr. Goldsmith should not be appointed to serve as the parties' mediator.

On November 29, 2023, Plaintiff responded to the show cause order. Doc. 145. In his filing, Plaintiff raises issues related to the cost of mediation and asserts that "Defendants did not demonstrate any good faith during the previous settlement conference and may likely repeat the same tactics in the future." Id. at 1. Plaintiff does not raise any issues regarding Mr. Goldsmith's impartiality.

Although the parties previously participated in a mediation pursuant to this Court's *pro se* settlement assistance program, see Docs. 99, 105, 106, 111, the undersigned concluded that an additional settlement conference would be appropriate and, therefore, directed the parties to conduct a second mediation, as stated in the Pretrial Order. Plaintiff is advised that this requirement is not optional. Plaintiff is further advised that he and/or Defendants will be responsible for paying the mediator's fee in connection with the conference, pursuant to the applicable rules.

2

The undersigned finds that it is appropriate and reasonable for Mr. Goldsmith to conduct the additional settlement conference in this matter. Mr. Goldsmith has advised the undersigned's chambers that he is willing to serve in this capacity.

**IT IS THEREFORE ORDERED** that Frank Goldsmith is **DESIGNATED** as the mediator in this matter. The deadline for the completion of the settlement conference remains March 20, 2024 as stated in the Pretrial Order. The Clerk is respectfully directed to transmit a courtesy copy of this Order to Mr. Goldsmith.

Signed: November 30, 2023

W. Carleton Metcalf
United States Magistrate Judge