**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
Civil Action No. 1:21-cv-305-MR-WCM

FILED
ASHEVILLE, NC

MAR 0 4 2024

U.S. DISTRICT COURT
W. DISTRICT OF N.C.

| | | |
|---|---|---|
| BROTHER T. HESED-EL, | ) | |
| Plaintiff, | ) | CONSOLIDATED BRIEF IN SUPPORT OF |
| v. | ) | MOTION TO WITHDRAW EXPERT WITNESS, |
| | ) | MOTION TO RE-DESIGNATE EXPERT WITNESS, |
| ROBIN BRYSON, et al., | ) | AND MOTION TO COMPEL DISCOVERY |
| Defendants. | ) | |
| | ) | |

This brief supports Plaintiff's three motions filed contemporaneously herewith.

## WITHDRAW EXPERT WITNESS

On December 1, 2024, Plaintiff designated a seasoned medical doctor and forensic psychiatrist with over 35 years of medical experience as the expert witness for Plaintiff's case in chief ("Primary Expert"), accompanied by his expert report. The primary expert was originally retained as an expert witness on October 21, 2021. Given the length of time and depth of discussions that transpired from the date of retainer to the date of designation, said expert witness was well informed and most equipped to opine regarding the defendants' treatment of Plaintiff below the standard of care *and* their reckless disregard of Plaintiff's cultural and religious beliefs.

### *Relevant Timeline*

Primary Expert was scheduled to be deposed on February 8, 2024 and February 9, 2024. On February 5, 2024, Primary Expert cancelled his deposition due to emergency medical complications outside of Plaintiff's control. From February 5, 2024 to February 15, 2024, despite multiple attempts, Plaintiff was unable to reach Primary Expert to reschedule his deposition.

On February 15, 2024, the parties met and conferred regarding various discovery topics. During their meet and confer, the parties discussed rescheduling the primary expert's deposition.

The parties also discussed Plaintiff filing a motion for leave to designate a new expert witness as an alternative solution. On February 16, 2024, Primary Expert returned Plaintiff's numerous contact attempt and agreed to reschedule his deposition for February 24th and 25th. Primary Expert expressed that he was still battling from the complications regarding his health but would do his best to follow through on his commitment as Plaintiff's testifying expert witness. Plaintiff expressed to Primary Expert his concerns about his health and wished him a speedy recovery.

On February 17, 2024, Plaintiff retained a second expert witness ("New Expert #1"). This new expert was qualified to opine regarding Plaintiff's cultural and religious beliefs. On February 23, 2024, Plaintiff retained another expert witness ("New Expert #2"). This new expert was qualified to opine regarding Plaintiff's medical records. These new experts timely filed rebuttal reports, but were also intended to replace Primary Expert in the event he became medically unable to continue in support of Plaintiff's case in chief.

On February 24, 2024, Primary Expert cancelled his deposition again due to emergency medical complications outside of Plaintiff's control. On February 25, 2024, the parties met and conferred regarding the withdrawal and replacement of Primary Expert. Defendants' counsel agreed that he would not oppose a motion to withdraw Primary Expert as Plaintiff's case-in-chief testifying expert witness, but would oppose replacing Primary Expert.

## **REPLACE EXPERT WITNESS**

New Expert #1 and New Expert #2 were designated as rebuttal expert witnesses in this case and served with a copy of their rebuttal reports within 30 days of the defendants' expert witness reports. Given the exigent circumstances outside of Plaintiff's control that resulted in Plaintiff's loss of his primary expert witness, Plaintiff has moved the Court to grant him leave to re-designate his expert witnesses as follows:

- Change Primary Expert to a non-testifying expert witness consultant

- Change New Expert #1 to a testifying expert witness (culture and religion expert)

- Change New Expert #2 to a testifying expert witness (medical/clinical expert)

## MOTION TO COMPEL DISCOVERY

Plaintiff incorporates by reference the attached Rule 37 dispute letters, dated February 23, 2024 and March 2, 2024, as if fully stated in this paragraph.

### *Plaintiff's First Requests to Robin Bryson*

- Compel Robin Bryson to provide a sufficient response to Interrogatory #15;
    - At minimum, she should identify the name of the program she was enrolled in, her dates of enrollment, and identify all training materials that were used.

- Compel Robin Bryson to provide a sufficient response to Request for Production #8;
    - At minimum, she should produce official documentation that shows the date an accredited university or college conferred her with a Masters Degree in social work, counseling, Ph.D. in Psychology, or other equivalent degree in a recognized mental health field; and official documentation that shows the date she successfully completed the North Carolina Department of Health and Human Services' standardized training program and examination through UNC Behavioral Health Springboard to earn the qualification or certification required to perform first level commitment examinations in Nort Carolina; and

- Compel Robin Bryson to produce documents responsive to Request for Production #9
    - She can satisfy this request by producing a copy of her résumé showing all of her work experience, internships, training, and education covering years 2013 to 2023.

### *Plaintiff's First Requests to Mission Hospital*

- Compel Mission Hospital to provide a sufficient discovery response to Interrogatory #2;

- Compel Mission Hospital to provide a sufficient discovery response to Interrogatory #10;

- Compel Mission Hospital to provide a sufficient discovery response to Interrogatory #15;

- Compel Mission Hospital to provide a sufficient discovery response to Interrogatory #16;

- Compel Mission Hospital to produce documents responsive to Request for Production #3;

Respectfully, this ___23___ day of Sha'ban in the year 1445 A.H.

/s/ *Brother T. Hesed-El, ARR*

**Bro. T. Hesed-El, Plaintiff** *pro se*
c/o TAQI EL AGABEY MANAGEMENT
30 N Gould St, Ste. R, Sheridan, WY 82801
Ph: (762) 333-2075 / teamwork3@gmail.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this CONSOLIDATED BRIEF IN SUPPORT OF MOTION TO WITHDRAW EXPERT WITNESS, MOTION TO RE-DESIGNATE EXPERT WITNESS, AND MOTION TO COMPEL DISCOVERY has been sealed in an envelope with sufficient postage affixed thereon, and deposited into the exclusive custody of the United States Post Office, to ensure delivery to:

**Robin Bryson and Mission Hospital Inc.**
℅ Attorney Daniel H. Walsh
ROBERTS & STEVEN, P.A.
Post Office Box 7647
Asheville, North Carolina 28802
dwalsh@roberts-steven.com

March 4, 2024

*/s/ Brother T. Hesed-El, ARR*
**Bro. T. Hesed-El, Plaintiff** *pro se*