# APPENDIX

February 23, 2024

Bro. T. Hesed-El
c/o Taqi El Agabey Mgmt.
30 North Gould Street, Suite R
Sheridan, WY 82801

Daniel Walsh
c/o Roberts & Stevens
301 College Street, Suite 400
Asheville, NC 28801

RE: Rule 37 Discovery Dispute – Attempt to Confer

Mr. Walsh,

This letter outlines specific concerns regarding deposition scheduling and the current inadequacies in your clients' discovery responses, as per the Federal Rules of Civil Procedure, Rule 37. Should your clients decide against further production and/or decline the rescheduled deposition offers, I request a telephonic conference by Monday, February 26, 2024 at 5:00pm ET to discuss the deficiencies, in compliance with the Federal Rules of Civil Procedure, Rule 37, and to discuss dates to schedule your clients' deposition in a timely manner.

I appreciate your attention to these matters and remain committed to resolving them constructively. Please feel free to reach out should you have any questions or require further clarification.

## INSUFFICIENT DISCOVERY RESPONSES

As of the date of this letter, the discovery materials I have received to date still do not meet the required standards of sufficiency. Consequently, I was unable to proceed with the depositions of Mission Hospital ("Mission") and Robin Bryson ("Bryson") as originally intended and scheduled. Despite these obstacles, I am prepared to offer an alternative. Should you consent to a joint motion to extend the discovery deadline and the court approves, and your clients provide comprehensive responses to my discovery requests by 11:59pm ET on Monday, February 26, 2024, I am willing to schedule the remaining depositions as shown below:

**Mission Hospital – Rule 30(b)(6)**
March 2, 2024 and March 3, 2024 (5pm - 10pm)

**Robin Bryson**
March 12, 2024 (1pm – 11pm); or
March 13, 2024 (1pm – 11pm

*Please recall that subpoenaing Vaya Health was a direct consequence of your clients' failure to produce requested documents that could verify Bryson's waiver and authorization to perform first commitment examinations and that she successfully completed all required training and testing for involuntary commitments as mandated by the Secretary of the Department of Health and Human Services. Should sufficient information be provided responsive to those requests, Vaya Health's subpoena may be withdrawn and its deposition rendered unnecessary.

**\*Vaya Health** (in response to subpoenas)
- *TBD,* March 18-24, 2024

Additionally, assuming a reasonable extent of production is achieved by the above stated deadline, I may consider proceeding with your clients' depositions on the understanding that any unresolved matters may require further joint motions practice. Please note, this is a tentative proposal and will require further discussion to finalize.

### FIRST INTERROGATORIES TO ROBIN BRYSON

Robin Bryson's responses to Plaintiff's interrogatories are insufficient.

**Interrogatory #1**: Bryson was requested to provide identifying information, tax information, residence history, and employment history.

Bryson did not provide any of the information requested in this interrogatory. You objected to Plaintiff's request for financial documents on the basis of corporate insurance, but that does not cover Robin Bryson in her personal capacity. Plaintiff has sued Robin Bryon in both her personal and professional capacities. This creates the need to discover her social security number, tax records, sources of income, past residences, and assets to ensure Plaintiff has a means to satisfy a monetary judgment against Robin Bryson at the conclusion of this case. Moreover, this information is needed to verify that the defendant is the same person who was employed by Mission Hospital. Further, the requested information is necessary to determine whether the defendant actually attended any of the universities or training providers mentioned in her discovery responses. This information can lead to discoverable information as to whether she obtained any of the education degrees or credentials required for her role at Mission Hospital and to perform first commitment examinations. Such educational information would likely be reflected by education related credits on her tax returns. Furthermore, your client did not identify the past ten (10) years of her employment history.

**Interrogatory #15**: Bryson was requested to identify the documents that corroborate her defense.

Bryson did not identify the training manual name, publisher, or date of publication. She did not identify the program at UNC Chapel Hill or any of her dates of enrollment. Nor did she identify the names of the alleged colleagues that studied using the same training manual. Simply put, your client did not provide any information that could lead to the discovery of her alleged training, education, and qualifications required to perform involuntary commitment examinations.

## FIRST REQUESTS FOR PRODUCTION TO ROBIN BRYSON

Robin Bryson's responses to Plaintiff's requests for production ("RPD") are insufficient.

**RPD #2:** Bryson was requested to produce all documents that relate to her defense.

In response, your client indicated that she is in the process of obtaining information regarding her certification, licensure, training, and education, etc., however, as of the date of this letter, those documents still have not been produced. This is crucial to determining whether Bryson was actually qualified and authorized to perform a first commitment examination at Mission Hospital.

**RPD #3:** Bryson was requested to produce all documents that relate to or describe the method she used on 9/20/2016 to form her opinion that Respondent was mentally ill and dangerous to himself and others.

In response, your client indicated that she is in the process of obtaining regarding her certification, licensure, training, and education, etc., however, those as of the date of this letter, those documents still have not been produced. This is crucial to determining whether Bryson was actually trained properly and qualified to perform a first commitment examination at Mission Hospital.

**RPD #7:** Bryson was requested to produce all state and federal tax returns for the past 10 years.

Plaintiff has sued Robin Bryson in both her personal and professional capacities. This creates the need to discover her social security number, tax records, sources of income, past residences, and assets to ensure Plaintiff has a means to satisfy a monetary judgment against Robin Bryson at the conclusion of this case. Moreover, this information is needed to verify that the defendant is the same person who was employed by Mission Hospital. Further, the requested information is necessary to verify her employment and determine whether she actually attended any of the universities or training providers mentioned in her discovery responses. This information can lead to discoverable information as to whether she obtained any of the education degrees or credentials required for her role at Mission Hospital and to perform first commitment examinations. Such

educational information would likely be reflected by education related credits on her tax returns. The requested information must be produced prior to the closing of discovery.

**RPD #8:** Bryson was requested to produce all credentials that corroborate her belief that she is or was qualified to conduct a commitment examination, this request encompasses any credits, diplomas, degrees, licenses, certificates, waivers, approvals, permissions, or other related documents that she received or obtained from 1/01/2013 through 12/31/2023.

Bryson has not provided any documents regarding her alleged completion of all requirements to perform first commitment examinations, including but not limited to involuntary commitment training. She has not produced any documents that show she was approved by the Secretary of the Department of Health and Human Services pursuant to the requirements of N.C.G.S. § 122C-263.1, nor has she produced any relevant certifications, LCSW training, or education relevant to her role as a first commitment examiner. This information must be provided to confirm she had the requisite credentials to qualify for her role at Mission Hospital as a first commitment examiner.

**RPD #9:** Bryson was requested to produce all documents that relate to her employment history in the medical industry within the last ten (10) years.

Although Mission Hospital has produced a limited and non-sequential set of documents relevant to your client's employment starting in June 2014, your client has not provided an updated copy of her resume as agreed. Her resume should include all occupations, internships, volunteer work, or jobs of any kind that were held from 2013 through 2023, and all educational and training institutions she attended plus any earned any degrees, certifications, diplomas, or other credentials.

### FIRST INTERROGATORIES TO MISSION HOSPITAL

**Interrogatory # 2:** Mission was requested to identify any and all persons (including their job title, date of hire, social security number, phone number, and address) that were directly or indirectly involved in providing any level of care, treatment, or assessment of Plaintiff during his time at Mission Hospital and Copestone, or that Mission Hospital suffered or permitted to provide services related to Plaintiff's involuntary hospitalization. As included in the definitions of the interrogatories, "Identify" or "identity" when used with respect to an individual means to provide the individual's present or last known name, residential address, telephone number, occupation, job or position, job title(s), employer, employer department and/or subject area in which the individual works, business affiliation, and business or employment address, and the individual's relationships or associations, if any, to the Respondents.

Mission responded with a list of names and what appears to be job acronyms, but failed to identify the actual job titles, employer, employer department and/or subject area in which the individuals

work, business affiliation, and business or employment address, and the individuals' relationships or associations, if any, to Mission, Bryson, or Plaintiff. This information is crucial given Mission's response to Request for Admission #11: "DENIED on the basis that the individuals who ordered administration of treatment for Plaintiffs agitation were not employees of Mission Hospital, Inc." If said persons, or any other persons involved in Plaintiff's treatment were not employees of Mission, it is all the more imperative that said persons be fully identified as requested in this interrogatory. Further, some names are missing from the list and have not been supplemented as required by Rule 26. All requested information must be fully disclosed.

**Interrogatory # 15:** Mission was requested to identify any and all complaints or claims of medical malpractice, misconduct, lack of consent, intentional infliction of emotional distress, or negligence (e.g., negligent security, negligent supervision/training, ordinary negligence, gross negligence, etc.) filed against it within the past ten (10) years.

Mission has not provided any information responsive to this request. This information is crucial to establishing that Mission had notice of its areas of deficiency in terms of administration, management, and policy. This information also is crucial to establishing Mission's history and pattern of negligence and reckless disregard of patient rights and safety.

**Interrogatory # 16:** Mission was asked do "you or do you know of anyone, who has ever made any written, oral, or recorded statement related to Respondent's involuntary hospitalization or ongoing claims in this action, other than the medical records in this case?"

Mission's objection to the question is insufficient and evasive. Mission must answer the first part of the question as it was asked. The first part of the question is a closed one, requiring a yes or no answer. The second part of the question requests the identification of the individual. Neither question includes a request for records, documents, papers, etc. created, possessed, or received as a *result* of any protected or privileged activity. This interrogatory seeks an understanding of Mission's knowledge, what it knows or does not know. Please answer this interrogatory.

## CONCLUSION

As stated earlier, should you provide complete responses to our discovery requests, as defined and instructed, by the deadline of 11:59pm on Monday, February 26, 2024, I am open to rescheduling the deposition at the timeframes proposed. This offer is tentative, made in the spirit of cooperation, and with the understanding that a reasonable extent of production by the specified deadline could facilitate a smoother deposition process. I look forward to your timely and complete responses.

Thank you,

Brother T. Hesed-El

March 2, 2024

Bro. T. Hesed-El
c/o Taqi El Agabey Mgmt.
30 North Gould Street, Suite R
Sheridan, WY 82801

Daniel Walsh
c/o Roberts & Stevens
301 College Street, Suite 400
Asheville, NC 28801

RE: Rule 37 Discovery Dispute – Attempt to Confer

Mr. Walsh,

After several successive yet unsuccessful attempts to meet and confer with you this past week, I have concluded that you could not respond due to stated reasons or have taken a hostile position regarding discovery. Due to your failure to meet and finalize our conference, our agreement to file a joint motion to extend the discovery deadline has faltered, we have not solidified the deposition dates for Robin Bryson and Mission Hospital's 30(b)(6) designee, and the inadequacies in Robin Bryson and Mission Hospital's responses to my discovery requests have not been resolved.

Due to your clients' refusal to provide sufficient discovery responses, I have subpoenaed Behavioral Health Springboard to produce documents pertaining to Robin Bryson's training, certification, licensure, and education. They have until March 31, 2024 to respond to my subpoena.

Mission Hospital's refusal to provide Robin Bryson's complete employee file and proof that Robin Bryson was authorized by law to perform first commitment examinations have caused delay and made it nearly impossible to prepare for your clients' depositions.

Given the fast-approaching discovery deadline, I have no choice other than to request the Court's intervention in this discovery dispute. If you wish to resolve this matter without court intervention, please respond to this letter with sufficient discovery responses no later than 11:59pm on Sunday, March 3, 2024. Please note, this is a tentative proposal and will require further discussion to finalize.

**INSUFFICIENT DISCOVERY RESPONSES**

The following concerns are in addition to my dispute letter dated February 23, 2024. Mission Hospital's responses to Plaintiff's first interrogatories and requests for production (RPD) are still insufficient.

## FIRST INTERROGATORIES TO MISSION HOSPITAL

**Interrogatory #10:** Please state whether there is a difference between a finding of direct danger of harm to himself or others and indirect danger of harm to himself or others, in the context of your determination that it was necessary in 2016 to subject Respondent to an involuntary commitment. If you assert there was a difference, please identify any and all documents in your possession, care, custody, control, or knowledge that corroborate your assertion.

Mission Hospital objected to this interrogatory on the ground that it is not relevant to proving the asserted claims or defenses. The issues to be decided are not only gross negligence. This requested information is necessary to show that Robin Bryson's initial recommendation was incorrect and in making her recommendation, she did not follow accepted professional judgment, practice, and standards. Given that the medical record shows Plaintiff was not a direct danger to himself or others, Robin Bryson's claim to the contrary comes under severe scrutiny. Please answer this interrogatory with a sufficient response.

## FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO MISSION HOSPITAL

**RPD #3**: Please produce all documents you've received from the Department or Secretary within the past ten (10) years related to any warning, discipline, correction, or similar action.

Mission Hospital objected to this request arguing that it is not relevant to the claims or defenses in this matter. I disagree, any disciplinary or corrective action received by Mission Hospital during the subject time period is relevant to showing that Mission Hospital had prior notice of its deficient administration, policies, procedures, and selection of personnel, and had ample time to correct them, but failed to do so. This information is also crucial to showing Mission Hospital's pattern of providing services below the standard of care and without exercising ordinary care. Please produce the requested documents.

## CONCLUSION

As stated earlier, should you provide complete responses to all of my discovery requests, as defined and instructed in my dispute letters, by the deadline of 11:59pm on Sunday, March 03, 2024, I will refrain from filing a motion to compel your clients' performance. This offer is tentative, made in the spirit of cooperation, and with the understanding that a reasonable extent of production by the specified deadline could facilitate a smoother deposition process. I look forward to your timely and complete responses.

Thank you,

Brother T. Hesed-El