IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Civil Action No. 1:21-cv-305-MR-WCM

| | |
|---|---|
| BROTHER T. HESED-EL, | ) |
| Plaintiff, | ) ) BRIEF IN SUPPORT OF MOTION TO |
| v. | ) DECLARE STATUTE UNCONSTITUTIONAL |
| ROBIN BRYSON, et al., | ) AS APPLIED IN THIS CASE ) |
| Defendants. | ) ) ) |

## INTRODUCTION

The purpose of this motion is three-fold. First, to determine whether Senate Bill 630 clarified or altered G.S. § 122C-210.1; second, to challenge the constitutionality of the statute as applied to Plaintiff's ordinary and medical negligence claims; and third, to determine whether Plaintiff has suffered or will suffer manifest injustice because of the statute's application.[1]

## ARGUMENT

To begin, let us evaluate the source of G.S. § 122C-210.1, as amended on October 1, 2019. *See* attached Exhibit "S.B. 630". Section 46 of the bill clearly indicates that the relevant changes to G.S. § 122C-210.1 were legislated to go into effect on October 1, 2019. By its own language, the bill was not intended to affect conduct that occurred prior to its enactment. "Courts have repeatedly held that the inclusion of an effective date is inconsistent with legislative intent to apply the statute retroactively. A statement that a statute will become effective on a certain date does not even arguably suggest that it has any application to conduct that occurred at an earlier date." *Ward v. Dixie Nat. Life Ins. Co.*, 595 F.3d 164, 175 (4th Cir. 2010) (internal citations omitted).

---

[1] Under *Bradley v. Richmond School Board*, 416 U.S. 696 (1974), there are three factors to determine on review if there is manifest injustice present: "(a) the nature and identity of the parties, (b) the nature of their rights, and (c) the nature of the impact of the change in law upon those rights."

### *The Amendment Substantially Altered the Statute*

On October 1, 2019, the General Assembly amended G.S. § 122C-210.1 to decrease the liability of persons who provide mental health services in North Carolina ("2019 amendment"). Under the amendment, immunity from liability attaches to a defendant if she proves that she was not engaged in gross negligence. Under the 2016 version of the statute ("2016 statute"), immunity attaches if the defendant "follow[ed] accepted professional judgment, practice, and standards[.]" *Boryla-Lett v. Psychiatric Solutions of N.C., Inc.*, 685 S.E.2d 14, 19 (N.C. Ct. App. 2009).

Now let's evaluate the effect of the amendment as applied in this case. Under the 2016 statute, and based on the allegations in Plaintiff's First Amended Complaint which state a claim for ordinary negligence, medical negligence, and gross negligence, to be immune from ordinary negligence and medical negligence, Mission Hospital ("Mission") and Robin Bryson ("Bryson") would have to prove on summary judgment or at trial that accepted professional judgment, practice, and standards were followed in providing involuntary care to Plaintiff. However, under the 2019 amendment, based on the same allegations in Plaintiff's First Amended Complaint which state a claim for ordinary negligence, medical negligence, and gross negligence, to be immune from ordinary negligence and medical negligence, Mission and Bryson would *only* have to prove that they were not engaged in gross negligence. This means that under the 2019 amendment, even if Plaintiff successfully proves that Mission and Bryson engaged in ordinary negligence and medical negligence, both defendants would be immune from liability if they prove on summary judgment or at trial that they were not grossly negligent. They would enjoy that immunity despite the injuries Plaintiff has suffered because of their ordinary and medical negligence.

This clearly illustrates that the burden of proof to attach immunity is substantially different between the two versions of the statute. The statute has been altered. It is well settled that substantive acts are "those which create, confer, define, or destroy rights, liabilities, causes of action, or legal duties." *Twaddell v. Anderson*, 136 N.C. App. 56, 65 (N.C. Ct. App. 1999).

### *Plaintiff's Vested Right in the Defendants' Liability*

On September 20, 2016 through October 5, 2016, Plaintiff was injured as a result of Defendant Bryson's failure to follow accepted professional judgment, practice, and standards in providing involuntary medical care to Plaintiff ("medical negligence"). During that same time period, Plaintiff was also injured as a result of Defendant Mission's agent selection, policies, management, administrative decisions, failure to exercise ordinary care, and failure to monitor the treatment provided by its staff ("ordinary negligence"). When those injuries occurred in 2016, the defendants' liability accrued and Plaintiff's right to sue for those causes of action vested. As ruled previously by this court, those causes of action accrued on the date Plaintiff was released from Mission's captivity and the presumption of incompetence was removed.[2]

"The plaintiff had a vested right in that liability. The liability attached in [2016]. The Legislature, in [2019], could not take it away without violating the [Constitution]. U.S. Constitution, Article I, Section 10; N.C. Constitution, Article I, Section 17. "Indeed, in this State a statute will not be given retroactive effect when such construction would interfere with vested rights[.]" *Lester Brothers v. Insurance Co.*, 250 N.C. 565, 568 (N.C. 1959) (cleaned up).

### *Judge Reidinger Interfered with Plaintiff's Vested Rights*

On November 28, 2023, Judge Reidinger applied G.S. § 122C-210.1 "to bar [Plaintiff's] ordinary negligence claim" (Doc. 143, p. 3). The record shows that Plaintiff's claims for ordinary and medical negligence arose from the defendants' conduct that occurred prior to October 1, 2019. Prior to the entry of Judge Reidinger's Order [Doc. 143], Plaintiff had a secured property interest in pursuing medical and ordinary negligence claims against the defendants to recover his damages. It would be unreasonable to argue that G.S. § 122C-210.1 was applied prospectively when said Order flat out destroyed Plaintiff's vested property rights and removed the defendants' liability.

---

[2] "A cause of action accrues when it becomes a present enforcible demand, when the party owning it is entitled to begin and prosecute an action thereon. It accrues at the moment he has a legal right to maintain an action to enforce it and the statute of limitations is then set in motion." United States v. Willhite, 219 F.2d 343, 348-49 (4th Cir. 1955).

### *Deprivation of Rights in Violation of the Due Process Clause*

The 2019 amendment as applied by Judge Reidinger's Order in this case is unconstitutional in that it destroyed Plaintiff's vested rights and granted the defendants an immunity from liability that they have NOT earned. The burden of proof to attach immunity is on the defendants, and they have not met that burden nor did plaintiff's First Amended Complaint conclusively establish that the defendants are entitled to qualified immunity. Judge Reidinger's application of the altered statute to bar Plaintiff's claims is "founded on unconstitutional principles and consequently void." *Id.* "Our Court has stated that the burden is on the defendant doctor to establish that he is entitled to qualified immunity under Section 122C-210.1, stating that this statutory immunity does not attach *until a defendant* shows that he or she followed the requisite procedures [and that] the decision [as to how to treat the patient] was an exercise of professional judgment." *Ferrera v. Robbins*, 859 S.E.2d 644, (N.C. Ct. App. 2021) (internal citations and quotation marks omitted).

### *Judge Reidinger Applied the Statute Retroactively*

"Regardless of its procedural subject matter, no rule of procedure or practice may be applied to abridge substantive rights. N.C. Constitution, Art. IV, Sec. 13 (2)." *Gardner v. Gardner*, 300 N.C. 715, 718-719 (N.C. 1980) (internal quotation marks omitted). According to the Supreme Court of North Carolina, statutes enacted by the North Carolina General Assembly should not "be given retroactive effect when such construction would interfere with vested rights" *Wilson v. Anderson*, 232 N.C. 212, (N.C. 1950). Although Senate Bill 630 includes prospective language to describe the temporal reach of G.S. § 122C-210.1 (*e.g.* "this act becomes effective October 1, 2019, and applies to proceedings initiated on or after that date"), when applied to Plaintiff's claims, it has a retroactive or retrospective effect, and therefore must be deemed unconstitutional.[3]

---

[3] Upon "principle, every statute, which takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability in respect to transactions or considerations already passed, must be deemed retrospective." Gardner v. Gardner, 300 N.C. 715, 718 (N.C. 1980).

In *Gardner,* the North Carolina Supreme Court ruled that retroactive application of the statute attached a new disability – the danger of having a plaintiff's choice of venue defeated upon defendant's motion. Similarly, in this instant case, the retroactive application of G.S. § 122C-210.1 attaches a new disability – the danger of having Plaintiff's claims for ordinary and medical negligence defeated upon defendant's motion. The only substantial distinction between the two cases is that in *Gardner,* an appellate court had to step in to correct the errors of the trial court. Whereas, here, this trial court has been given an opportunity to correct its own errors without the necessity of adding yet another case to the docket of the Court of Appeals for the Fourth Circuit.

### *Judge Reidinger Should Rule the Same as the North Carolina Supreme Court*

In this action, "arising out of events occurring in North Carolina, the law of that state controls. [This trial court] must rule as the North Carolina courts would, treating decisions of the Supreme Court of North Carolina as binding, and depart[ing] from an intermediate court's fully reasoned holding as to state law only if convinced that the state's highest court would not follow that holding." *Iodice v. U.S.,* 289 F.3d 270, 274-75 (4th Cir. 2002) (internal citations and quotation marks omitted). Here, Judge Reidinger has evinced no such conviction.

### **STANDARD OF REVIEW**

The framework for determining whether a statute applies retrospectively to pre-enactment conduct, as set forth in *Landgraf,* is no longer necessary in this case. The Court need not inquire as to whether the application was retroactive because the evidence of retroactivity is laid plain on the face of Judge Reidinger's Order. Any previous questions as to the temporal reach of the statute, whether it has a retrospective effect, or whether the state legislature intended it to have such an effect, have been asked and answered. Now, the remaining "question for consideration is whether the act as applied [has interfered] with rights which had vested or liabilities which had accrued at the time it took effect." *Booker v. Medical Center,* 297 N.C. 458, (N.C. 1979).

## POINTS OF AUTHORITY

Normally, a court is to apply the law in effect at the time it renders its decision, but because "retroactivity is disfavored, a court should not apply the law currently in effect if it would have a retroactive effect on conduct predating the law's enactment." *Stubbs & Perdue, P.A. v. Angell* (In re Anderson), 811 F.3d 166, 171 (4th Cir. 2016) (quotation marks omitted).

> An amendment that alters a statute…may only be retroactively applied if retroactive application is consistent with the North Carolina Constitution. Determining whether an amendment clarifies or alters a statute requires a careful comparison of the original and amended statutes. [A]n amendment that changes the substance of the original law alters, rather than clarifies, the law. It is the job of the judiciary to determine whether an amendment is clarifying or altering. Even the action of the legislature in amending a statute so as to make it directly applicable to a particular case is not a conclusive admission that the [original] statute did not originally cover such a case. *Wallace v. Greystar Real Estate Partners, LLC*, 587 F. Supp. 3d 344, 350 (M.D.N.C. 2022) (internal citations and quotation marks omitted) (cleaned up).[4]

"The right to recover damages for an injury is a species of property, and vests in the injured party immediately on the commission of the wrong. It is not the subsequent verdict and judgment but the commission of the wrong gives the right. The verdict and judgment simply define its extent. Being property, it is protected by the ordinary constitutional guarantees." *Osborn v. Leach*, 135 N.C. 628 (N.C. 1904). "Where an injury has occurred for which the injured party has a cause of action, such cause of action is a vested property right which is protected by the guarantee of due process. See Gibbes v. Zimmerman, 290 U.S. 326, 332 (1933); Pritchard v. Norton, 106 U.S. 124, 132 (1882)." *Lamb v. Wedgewood South Corp.*, 308 N.C. 419, 442 (N.C. 1983).

---

[4] Exhibit "S.B. 630" attached to this brief provides the material necessary for the Court to conduct a careful comparison of the original and amended statutes.

## CONCLUSION

As discussed, Plaintiff's injuries that occurred in 2016 prohibit retroactive application of the 2019 amendment. Plaintiff has demonstrated that G.S. § 122C-210.1 was a substantial alteration to the statute and Judge Reidinger's application of the statute was unconstitutional.[5] Judge Reidinger erred in granting immunity to the defendants without them meeting the required burden of proof. If said errors are not corrected, Plaintiff's available remedies remain severely restricted, thus increasing the likelihood that the defendants will succeed on a motion for summary judgment or at trial. It is Plaintiff's position that such a result, aided by Judge Reidinger's errors of law, is a clear example of prejudice and manifest injustice.

Respectfully, this 27th day of Sha'ban in the year 1445 A.H.

/s/ Brother T. Hesed-El, ARR

**Bro. T. Hesed-El, Plaintiff** *pro se*
c/o TAQI EL AGABEY MANAGEMENT
30 N Gould St, Ste. R, Sheridan, WY 82801
Ph: (762) 333-2075 / teamwork3@gmail.com

---

[5] "[E]nforcement of an unconstitutional law vindicates no public interest…[N]either the Government nor the public generally can claim an interest in the enforcement of an unconstitutional law." *K.A. v. Pocono Mt. Sch. Dist.*, 710 F.3d 99, 114 (3d Cir. 2013) (cleaned up). "The solitary individual who suffers a deprivation of his constitutional rights is no less deserving of redress than one who suffers with others." *Steffel v. Thompson*, 415 U.S. 452 (1974).

## **CERTIFICATE OF SERVICE**

This certifies that this BRIEF IN SUPPORT OF MOTION TO DECLARE STATUTE UNCONSTITUTIONAL AS APPLIED has been sealed in an envelope with sufficient postage affixed thereon, and deposited into the exclusive custody of the United States Post Office, to ensure delivery to:

**Robin Bryson and Mission Hospital Inc.**
℅ Attorney Daniel H. Walsh
ROBERTS & STEVEN, P.A.
Post Office Box 7647
Asheville, North Carolina 28802
dwalsh@roberts-stevens.com

This 8th day of March in the Gregorian year 2024.

/s/ *Brother T. Hesed-El, ARR*
**Bro. T. Hesed-El, Plaintiff** *pro se*