ORIGINAL DOCUMENT - pg. 1 of 8 *Bismillah*

FILE 6TH

FILED
ASHEVILLE, NC
MAR 12 2024
U.S. DISTRICT
W. DISTRICT COURT
OF N.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Civil Action No. 1:21-cv-305-MR-WCM

| | |
|---|---|
| BROTHER T. HESED-EL, ) | |
| Plaintiff, ) | BRIEF IN SUPPORT OF MOTION FOR |
| v. ) | RELIEF UNDER FRCP RULE 60(b)(1) |
| ROBIN BRYSON, et al., ) | |
| Defendants. ) | |

## INTRODUCTION

As the record will show, the First Amended Complaint includes a claim for ordinary negligence *and* medical negligence. In limiting Plaintiff's claims, Judge Reidinger has stringently construed Plaintiff's complaint, as opposed to liberal construction. In other cases, the Honorable Martin Reidinger has said, a "pro se complaint must be construed liberally." *Hardy v. Fnu Steel*, No. 1:22-cv-00242-MR, 2023 U.S. Dist. LEXIS 70523, at *3 (W.D.N.C. Apr. 24, 2023). Why not in this case? Is Plaintiff not entitled to due process? Is Plaintiff's complaint not a *pro se* complaint?

## BACKGROUND

On November 28, 2023 [Doc. 143], Judge Reidinger entered an Order affirming the Magistrate's denial of Plaintiff's motion to amend. To justify his Order, Judge Reidinger stated that G.S. § 122C-210.1 "applies to bar the ordinary negligence claim Plaintiff wishes to allege. Accordingly, amendment of Plaintiff's Complaint would be futile[.]" (Doc. 143, p. 3). Judge Reidinger's Order was underscored by the Magistrate's finding that "Plaintiff's First Amended Complaint does not include a claim for ordinary negligence. Doc. 14" (Doc. 138, p. 6).

## ARGUMENT

Judge Reidinger's Order is in error, has prejudiced Plaintiff, and is an example of manifest injustice. How so? Consider this: (1) Plaintiff's First Amended Complaint contains allegations sufficient to state a claim for ordinary negligence *and* medical negligence, a point that Plaintiff fervently argued during the October 16, 2023 motions hearing. Thus, said negligence claims are

not a thing Plaintiff *wishes to allege*, they are a thing entitling Plaintiff to remedy and were alleged in the First Amended Complaint; and (2) the current version of G.S. § 122C-210.1 should not have been applied to bar Plaintiff's claims because the statute became effective after the defendants' liability had accrued. "A statement that a statute will become effective on a certain date does not even arguably suggest that it has any application to conduct that occurred at an earlier date." *Ward v. Dixie Nat. Life Ins. Co.*, 595 F.3d 164, 175 (4th Cir. 2010) (internal citations omitted).

### *The Court Denied Plaintiff's Motion to Amend as if Against a Motion to Dismiss*

In affirming the Magistrate's decision to deny Plaintiff's motion to amend, Judge Reidinger considered the motion to amend as if against a motion to dismiss. *See Perkins v. U.S.*, 55 F.3d 910, 917 (4th Cir. 1995) (holding that if an amended complaint could not withstand a motion to dismiss, the motion to amend should be denied as futile). However, Judge Reidinger did not liberally construe Plaintiff's complaint, did not uphold all the causes of action present in the complaint, and did not search the entire record. On these grounds, it is Plaintiff's position that Judge Reidinger's Order is erroneous and must be reversed. *See Read v. Roofing Co.*, 234 N.C. 273, 275 (N.C. 1951) (holding that the rule in this jurisdiction is that as against a [motion to dismiss] a pleading will be liberally construed in favor of the pleader, and that if in any portion or to any extent the pleading presents facts sufficient to constitute a cause of action it will be upheld. And a [motion to dismiss] requires search of the entire record). The record shows that Plaintiff's complaint contains both ordinary *and* medical negligence claims. The Court has authority to correct any potential mistakes of Judge Reidinger under Rule 60(b)(1) and Plaintiff has timely moved to correct those errors.[1]

### *Plaintiff is Exercising His Right to Due Process*

As explained below, Plaintiff is not asking this court to rewrite his complaint or ignore a clear failure to allege facts. No, not even close. In this case, Plaintiff has alleged facts which

---

[1] "It is not only the right but the duty of the judge who may have committed an error...to correct it as soon as discovered[.]" *Gilbert v. James*, 86 N.C. 244 (N.C. 1882). "[A] judge's errors of law are indeed "mistake[s]" under Rule 60(b)(1)." *Kemp v. United States*, 142 S. Ct. 1856, 1860 (2022).

constitute ordinary and medical negligence claims that are cognizable under federal law. Given that justice requires this court to "interpret pleadings in favor of the pleader and ***look*** for legally cognizable claims within them" *Randall v. United States*, NO. 5:94-CV-866-D1, 1995 U.S. Dist. LEXIS 12004, at *1 (E.D.N.C. July 3, 1995) (emphasis added), it is not clear as to why Judge Reidinger has remained unmovable regarding Plaintiff's ordinary and medical negligence claims. Especially, when there has been no discussion in the record to indicate that Judge Reidinger ever took the time to ***look*** for all the legally cognizable claims within Plaintiff's amended complaint.

### *Judge Reidinger's Order Obstructs Plaintiff's Right to Remedy*

There should be no doubt as to whether Plaintiff alleged ordinary and medical negligence claims in the First Amended Complaint. As clearly shown below, the First Amended Complaint includes sufficient factual matter to state a plausible claim for both causes of action. In reviewing these proofs, this court must bear in mind that "a complaint is to be construed liberally so as to do substantial justice." *Wright v. North Carolina*, 787 F.3d 256, 263 (4th Cir. 2015).[2]

That said, it should be noted that Judge Reidinger's Order did not cause some hypothetical injury. His decision to affirm the Magistrate's rulings, which in effect limits Plaintiff's claims to only COUNTS II-V, has severely interfered with Plaintiff's ability to recover his damages. This is super important to recognize because discovery has already borne out evidence of the defendants' ordinary and medical negligence, but because of Judge Reidinger's errors of law, Plaintiff has been precluded from seeking and obtaining a favorable outcome on those claims via summary judgment or at trial. If it is this court's stance that justice does not require it to look for all cognizable claims in the First Amended Complaint, Plaintiff respectfully takes an exception to that stance.[3]

---

[2] "A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Holloway v. Maryland*, 32 F.4th 293, 298 (4th Cir. 2022). "[I]t nevertheless need only give the defendant fair notice of what the claim is and the grounds on which it rests." *Martin v. Lowe's Cos.*, No. 5:20-CV-00015, at *8 (W.D.N.C. Sep. 5, 2020).

[3] "Justice can mean… "the quality or characteristic of being just, impartial, or fair: FAIRNESS, INTEGRITY, HONESTY." *Eklof v. Persson*, 369 Or. 531, 539 (Or. 2022) (quotation marks removed and emphasis added).

### *An Ordinary Negligence Claim is Included in the First Amended Complaint*

"Mission Hospital owed a duty to Plaintiff to…supervise their employees before, during, and after patient care." (Doc. 14, ¶ 61).[4] Mission Hospital failed to…supervise Bryson… to ensure adequate care of Plaintiff[.]" (Doc. 14, ¶ 30).[5] "Mission Hospital did not have a policy to protect patients from violations of rights and injury caused by employees[.]" (Doc. 14, ¶ 31). "Mission Hospital's failure to…implement or enforce necessary policy and procedures to ensure patient safety… led to and caused Plaintiff's injuries." (Doc. 14, ¶ 34).[6] "Mission Hospital breached their duty owed to Plaintiff by failing to exercise reasonable or ordinary care in safeguarding against employee negligence[.]" (Doc. 14, ¶ 67). "As a result of the defendants' actions and omissions, Plaintiff has suffered loss, physical injuries, emotional and mental pain, and will continue to suffer loss in the future." (Doc. 14, ¶ 36).

### *A Medical Negligence Claim is Included in the First Amended Complaint*

"Bryson, an employee of Mission Hospital…owed a duty to Plaintiff to strictly comply with the requirements of G.S. 122C-263(c) and G.S. 122C-263(g) while he was at Mission Hospital." [Doc. 14, p. 4]. "Bryson… and all other hospital staff each owed Plaintiff a duty to provide medical care no lower than the standard of care." [Doc. 14, ¶ 47]. "The defendants negligently breached their duty owed to Plaintiff when they provided medical care that fell below the standard of care." [Doc. 14, ¶ 48]. "As a proximate result of the defendants' negligence, Plaintiff incurred medical expenses and loss of peace of mind." [Doc. 14, ¶ 37].

---

[4] This allegation reflects the example of ordinary negligence as discussed in *Blanton*, 354 S.E.2d at 458 (failing to "monitor on an ongoing basis the performance of physicians on its staff").

[5] This allegation reflects the example of ordinary negligence as discussed in *Bost*, 262 S.E.2d at 397 ("failing to "monitor and oversee . . . treatment.")

[6] "[W]hen a negligence claim "arises out of policy, management or administrative decisions," it is "derived from ordinary negligence principles."" *Allen v. Cnty. of Granville*, 203 N.C. App. 365, 367 (N.C. Ct. App. 2010)

## **STANDARD OF REVIEW**

"[N]egligence actions brought against hospitals which pertain to clinical patient care sound in medical malpractice, while such actions which arise out of policy, management, or administrative decisions sound in ordinary negligence." *Littlepaige v. United States*, 528 F. App'x 289, 293 (4th Cir. 2013) (internal citation omitted). "Thus, operative facts — not labels — put parties on notice of whether they are facing a claim for medical malpractice or for ordinary negligence. Any trained legal reader would be aware that the [Complaint] could state a claim under either theory[.]" *Wood v. United States*, 209 F. Supp. 3d 835, 840-41 (M.D.N.C. 2016).

### *Elements of Medical Negligence*[7]

Under North Carolina law, the elements of medical negligence are: "(1) the standard of care, (2) breach of the standard of care, (3) proximate causation, and (4) damages." Turner v. Duke Univ., 325 N.C. 152, 162 (1989)." *Whitener v. Rutherford Cty. Det. Ctr.*, No. 1:21-cv-00048-MR, 2021 U.S. Dist. LEXIS 179403, at *16 (W.D.N.C. Sep. 21, 2021).

### *Elements of Ordinary Negligence*[8]

Under North Carolina law, the elements of ordinary negligence are: "(1) a legal duty; (2) a breach thereof; and (3) injury proximately caused by the breach." *Stein v. Asheville City Bd. of Educ.*, 360 N.C. 321 (N.C. 2006). The standard of negligence "is always the conduct of the reasonably prudent man, or the care which a reasonably prudent man would have used under the circumstance." *Mathis v. Terra Renewal Servs., Inc.*, 69 F.4th 236, 243 (4th Cir. 2023).

---

[7] Based on a previous discussion by Judge Reidinger, it seems that "Medical Negligence" and "Medical Malpractice" are synonymous. See *Whitener v. Rutherford Cty. Det. Ctr.*, No. 1:21-cv-00048-MR, 2021 U.S. Dist. LEXIS 179403, at *16 (W.D.N.C. Sep. 21, 2021) (discussion where medical malpractice and medical negligence are used interchangeably under the header "Medical Negligence").

[8] The NC Supreme Court "has long recognized that hospitals owe a duty of care to their patients. They must exercise ordinary care in the selection of their agents. They must make a reasonable effort to monitor and oversee the treatment their staffs provide to patients." Horton v. Carolina Medicorp, Inc., 344 N.C. 133, 138 (1996) (citations omitted)." *Daniels v. Durham Cty. Hosp. Corp.*, 615 S.E.2d 60, 68 (N.C. Ct. App. 2005).

> North Carolina courts have enumerated a number of areas in which a hospital's breach of its duty may give rise to a suit for ordinary negligence, rather than medical malpractice. These include "failing to promulgate adequate safety rules relating to the handling, storage, and administering of medication," Bost v. Riley, 44 N.C. App. 638, 262 S.E.2d 391, 396 (N.C. Ct. App. 1980) (citation omitted), endorsed in relevant part in Blanton, 354 S.E.2d at 455; "violating a safety standard which the hospital had purported to follow," Blanton, 354 S.E.2d at 458; "failing to follow hospital policies," Waters, 547 S.E.2d at 145; failing to "monitor on an ongoing basis the performance of physicians on its staff," Blanton, 354 S.E.2d at 458; see also Waters, 547 S.E.2d at 145; and failing to "monitor and oversee . . . treatment." Bost, 262 S.E.2d at 397; *see* Taylor v. Vencor, Inc., 136 N.C. App. 528, 525 S.E.2d 201, 203 (N.C. Ct. App. 2000) (same); *Iodice v. United States*, 289 F.3d 270, 276-77 (4th Cir. 2002).

## POINTS OF AUTHORITY

Plaintiff should not be held to the same stringent requirements as would an attorney. *Haines v. Kerner*, 404 US 519 (1972). "The Fourth Circuit requires district courts to construe pro se complaints liberally to ensure that valid claims do not fail merely for lack of legal specificity. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978)." *Long v. Bunda*, No. 3:12CV488-GCM, 2012 U.S. Dist. LEXIS 154697, at *4 (W.D.N.C. Oct. 29, 2012). "Federal pleading requires that a complaint give defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Cook v. Howard*, 484 Fed. Appx. 805, 826 (4th Cir. 2012).

## SUMMARY OF ARGUMENT

On November 28, 2023, the Honorable Martin Reidinger overlooked Plaintiff's ordinary and medical negligence claims. If and when he does look for all cognizable claims in the First Amended Complaint, as is required under North Carolina jurisprudence and this circuit's federal standard, he will find those plausible claims, as cited above, with sufficient facts in support. Thus, as explained above, it is Plaintiff's position that Judge Reidinger's decision to affirm the Magistrate's denial of leave to amend constitutes an error of law.

Afforded due process, and given liberal construction of the First Amended Complaint in his favor, Plaintiff should be allowed to proceed on the following causes of action: (1) gross negligence/willful and wanton conduct against Bryson; (2) negligent infliction of emotional distress against Bryson; (3) negligent supervision and/or training against Mission Hospital; (4) respondeat superior against Mission Hospital; (5) medical negligence against Bryson and Mission Hospital; and (6) ordinary negligence against Bryson and Mission Hospital.

## WITHDRAWAL OF CONCESSION

If Plaintiff conceded that the 2019 version of Gen. Stat. § 122C-210.1 would bar his claim for ordinary negligence, that concession was made in error and is hereby withdrawn.[9] Under the 2016 version of G.S. § 122C-210.1 and its 2019 amendment, Plaintiff's First Amended Complaint states plausible claims for ordinary *and* medical negligence. A simple review of the record unequivocally proves that both claims were present in the First Amended Complaint.

## CONCLUSION

Plaintiff's plausible negligence claims have been precluded from this action based on errors of law, leaving this Rule 60(b)(1) motion as the last viable remedy before appeal. Any Order in response to this motion that fails to reverse the errors is tantamount to interpreting or construing the First Amended Complaint in a light favorable to the defendants.[10]

Respectfully, this 27th day of Sha'ban in the year 1445 A.H.

/s/ *Brother T. Hesed-El, ARR*
**Bro. T. Hesed-El, Plaintiff** *pro se*
c/o TAQI EL AGABEY MANAGEMENT
30 N Gould St, Ste. R, Sheridan, WY 82801
Ph: (762) 333-2075 / teamwork3@gmail.com

---

[9] *See* Docs. 113 at 3; 133 at 2. "North Carolina does permit a proper plaintiff to bring ordinary negligence claims, in addition to medical malpractice claims, against a health care provider." *Iodice v. United States*, 289 F.3d 270, 276 (4th Cir. 2002).
[10] The defendants stated during the parties' October 16, 2023 motion hearing that they are trying to *resolve this case as cheaply as possible*. By limiting Plaintiff's claims, Judge Reidinger has granted the defendants' wish.

## CERTIFICATE OF SERVICE

This certifies that a true and correct copy of this BRIEF IN SUPPORT OF MOTION FOR RELIEF UNDER FRCP RULE 60(b)(1) has been sealed in an envelope with sufficient postage affixed thereon, and deposited into the exclusive custody of the United States Post Office, to ensure delivery to:

**Robin Bryson and Mission Hospital Inc.**
℅ Attorney Daniel H. Walsh
ROBERTS & STEVEN, P.A.
Post Office Box 7647
Asheville, North Carolina 28802
dwalsh@roberts-steven.com

This 8th day of March in the Gregorian year 2024.

/s/ *Brother T. Hesed-El, ARR*
**Bro. T. Hesed-El, Plaintiff** *pro se*