IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-cv-00305-MR-WCM

| | |
|---|---|
| TAQI EYR HHAMUL HESED EL A/K/A BRO T. HESED-EL, <br><br>Plaintiff, <br><br>v. <br><br>ROBIN BRYSON <br>*Licensed Clinical Social Worker,* <br>*in her individual and official capacity,* <br>MISSION HOSPITAL, INC., <br><br>Defendants. | ORDER |

This matter is before the Court on Plaintiff's "Motion to Reschedule Hearing and Appear Remotely" (the "Motion to Reschedule," Doc. 153) and Plaintiff's Motion for Transcript and Audio Recording (Doc. 157).

I. The Motion to Reschedule

Plaintiff requests that the hearing currently set for March 25, 2024 be rescheduled and that Plaintiff be given "leave to appear remotely for hearings and continue to sign his original documents electronically while he is stationed overseas."

A. The Request to Reschedule the March 25 Hearing

This case was filed on October 10, 2021. Doc. 1. Following extensive

1

motions practice and an interlocutory appeal by Plaintiff, a Pretrial Order and Case Management Plan was entered on October 16, 2023. Doc. 135. The Pretrial Order, among other things, set a deadline of March 4, 2024 for the completion of court-enforceable discovery.

On the last day of the discovery period (March 4, 2024), Plaintiff filed a Motion to Withdraw Expert Witness (Doc. 148), a Motion to Re-Designate Expert Witnesses (Doc. 149), and a Motion to Compel Discovery (Doc. 150). Two days later, on March 6, 2024, a notice was issued that scheduled Plaintiff's motions for hearing on March 25, 2024.

In the Motion to Reschedule, which was filed on March 12, 2024, Plaintiff states that he has a conflict with the hearing date because he "must be present for a pre-existing appointment" on March 25, 2024 and that he "is unable to change the date of the procedure without potentially causing injury." Doc. 153 at 1. He also states that he is currently overseas, has been out of the country "for several months," is scheduled to return "later in the year for trial," and that it would be extremely burdensome for him to appear in person for a hearing. Id. at 1-2.

Plaintiff has brought this action in this district and has litigated it here extensively. While Plaintiff states that he has a conflict with March 25, 2024 due to a "procedure," and more generally that he is out of the country at this time, he does not provide any further details about the nature of the

2

"procedure." Likewise, he does not provide any information about why he is out of the country and when he expects to return to the United States or identify dates on which he requests the hearing be rescheduled.

The March 25, 2024 hearing was scheduled to address multiple motions that Plaintiff filed on the last day of the period for court-enforceable discovery. However, in light of the circumstances, and in order to ensure that this matter proceeds without undue delay, the undersigned will cancel the March 25 hearing and will address Plaintiff's Motion to Withdraw Expert Witness (Doc. 148), Motion to Re-Designate Expert Witnesses (Doc. 149), and Motion to Compel Discovery (Doc. 150) on the basis of the parties' written submissions.

### B. The Request Regarding Future Filings

Plaintiff also states that, since he is overseas, "hand signing court documents and mailing them internationally would place an unfair burden on Plaintiff in terms of cost and the time available to file." Id.

Plaintiff's request has prompted the Court to review the signatures affixed to the documents Plaintiff has filed in this case. That review has revealed inconsistencies with Plaintiff's signature.

In his Complaint, Plaintiff appears to have typed his name where his signature would otherwise appear, and to have added a space for a "Filing Agent's Wet Ink Signature," which is signed only as "authorized representative." Doc. 1 at 5.

Plaintiff's Amended Complaint appears to include Plaintiff's original "wet" signature. Doc. 14 at 5.

Other filings by Plaintiff include a typed "s/ Brother T. Hesed-El, ARR." See e.g., Docs. 132, 140.

Still others include the same typed name, albeit in what appears to be a cursive font or signature graphic. See e.g., Docs. 145, 148, 149, 150, 153, 157.[1]

The Rules of Civil Procedure and this district's Administrative Procedures Governing Filing and Service by Electronic Means require *pro se* parties to sign every pleading, written motion, and other paper and to file paper originals of all complaints, pleadings, motions, affidavits, briefs, and other documents which must be signed. See Fed. R. Civ. P. 11(a); Administrative Procedures III.A.

Plaintiff has not shown good cause why the Court should dispense with these requirements in this case. Plaintiff has filed this litigation in this district, has chosen to travel oversees (apparently for an extended period of time), is receiving immediate electronic notification of filings, and has not explained sufficiently why being required to send his filings to the Clerk in the usual manner would be a significant hardship.

In addition, the disputes concerning Plaintiff's name and identity

---

[1] It further appears that certain of Plaintiff's recent filings were sent to the Clerk's office from a Federal Express office in Asheville, North Carolina. See 153-1, 157-1.

addressed previously in this litigation underscore the need for the record to be clear that Plaintiff's filing are being submitted by him personally. See e.g., Doc. 80 (noting that the parties "have spent a great deal of time discussing how Plaintiff has identified himself in this matter"); Doc. 87 (directing Plaintiff to proceed in this matter as "Taqi Eyr Hhamul Hesed El a/k/a 'Bro. T. Hesed-El'").

Consequently, Plaintiff is advised that, moving forward, he is expected to submit original documents to the Clerk, and that those filings should bear Plaintiff's original "wet" signature.

## II. The Motion for Transcript and Audio Recording

To the extent Plaintiff requests a copy of the audio recording of the hearing conducted on October 16, 2023, Plaintiff has failed to demonstrate why he is in need of such a recording.

To the extent Plaintiff wishes to obtain, at his cost, a copy of the transcript of that hearing, Plaintiff may request that a transcript be prepared. Such a request does not require court action.

**IT IS THEREFORE ORDERED THAT:**

1. With respect to Plaintiff's Motion to Reschedule Hearing and Appear Remotely (Doc. 153):

    a. The hearing previously scheduled for March 25, 2024 is **CANCELED**. The completion of the briefing concerning Plaintiff's Motion to Withdraw Expert Witness (Doc. 148), Motion to Re-

5

Case 1:21-cv-00305-MR-WCM   Document 158   Filed 03/15/24   Page 5 of 6

Designate Expert Witnesses (Doc. 149), and Motion to Compel Discovery (Doc. 150) will be due as follows: Defendants' responses to these motions are due on or before **March 18, 2024** and any reply by Plaintiff shall be **FILED** with the Clerk on or before **March 29, 2024**. Accordingly, to the extent the Motion to Reschedule asks that the March 25 hearing be continued, and that Plaintiff be allowed to appear remotely for that hearing, those requests are **DENIED AS MOOT**.

b. To the extent the Motion to Reschedule asks that Plaintiff be relieved of the obligation of having to sign his filings physically, or to file original documents, that request is **DENIED**.

2. Plaintiff's Motion for Transcript and Audio Recording (Doc. 157) is **DENIED**.

Signed: March 14, 2024

W. Carleton Metcalf
United States Magistrate Judge