IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:21-CV-305

| | |
|---|---|
| TAQI EYR HHAMUL HESED EL, a/k/a "Bro. T. Hesed-El",<br><br>Plaintiff,<br><br>v.<br><br>ROBIN BRYSON and Mission Hospital, Inc.,<br><br>Defendants. | **Defendants' Memorandum in Support of Motion to Strike Plaintiff's Expert Witnesses and in Opposition to Plaintiff's "Motion to Re-Designate Expert Witnesses" [Doc. 149]** |

NOW COME Defendants, Robin Bryson and Mission Hospital, Inc., (collectively, the "Defendants"), by and through undersigned counsel, and move to strike Plaintiff's untimely Expert Witnesses Dr. Ryan Kaufman and Sheik Johns El. In support of this Motion, and in opposition to Plaintiff's Motion to Re-Designate Expert Witnesses [Doc. 149], Defendants state as follows:

## Background

This is a medical malpractice lawsuit arising from the involuntary commitment of Plaintiff after he was found naked and unresponsive on the grounds of the Biltmore Estate in Asheville, North Carolina. [Doc. 14]. Pursuant to the expert deadlines in this case, Plaintiff was required to disclose expert witnesses by December 22, 2023, and Defendants were required to disclose experts by January 29, 2024. [Doc. 135].

Plaintiff provided an affidavit of Dr. Leonard Weiss, a forensic psychologist in Austin, Texas, on December 1, 2023. Dr. Weiss's deposition was requested on January 11, 2024.

1

Two separate depositions of Dr. Weiss were scheduled, noticed, and subsequently cancelled, the first being on February 8 and 9, 2024, and the second on February 24 and 25, both attributed by Plaintiff to Dr. Weiss's admission to a hospital emergency department.

On February 27, 2024, Plaintiff withdrew Dr. Weiss as an expert witness and designated a new expert, Dr. Ryan Kaufman, who Plaintiff claims is a rebuttal expert. [Ex. 1, at 1]

On February 28, 2024, Plaintiff designated Sheik Johns El as a rebuttal expert. [email from Bro. 2/28/24 at 11:58 pm].

On March 4, 2024, Plaintiff filed a "Motion to Withdraw Expert Witness" regarding Dr. Weiss, [Doc. 148], and a "Motion to Re-Designate Expert Witnesses" regarding Dr. Kaufman and Sheik Johns El. [Doc. 149]. Defendants do not oppose the former, but do oppose the latter.

<u>Argument</u>

**1. Plaintiff's Newly Disclosed Experts are Not Offered in Rebuttal**

Neither of Plaintiff's newly designated experts is a rebuttal expert, but rather, support the Plaintiff's case in chief. Because they were disclosed after the deadline for Plaintiff's disclosing expert witnesses, the Court should strike them.

Pursuant to FRCP Rule 26(a)(2)(D)(ii), evidence provided by a rebuttal expert must be "intended **solely** to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)." (emphasis added). "Ordinarily, rebuttal evidence may be introduced **only** to counter new facts presented in the defendant's case in

chief." *Allen v. Prince George's Cnty., Md.*, 737 F.2d 1299, 1305 (4th Cir.1984) (citations omitted) (emphasis added). "A party may not use rebuttal as an attempt to introduce evidence that he should have introduced in his case-in-chief." *Steel v. Kenner*, 129 Fed. Appx. 777, 780 (4th Cir. 2005) (citations omitted)).

Note the Fourth Circuit's requirement that evidence be "only" used to "counter new facts" neatly mirrors FRCP Rule 26's requirement that evidence be "solely" for rebuttal. It is a simple rule: if the Plaintiff's expert goes beyond "solely" or "only" rebutting Defendant's experts, then that expert is not a rebuttal expert.

Dr. Kaufman's affidavit states that it rebuts Defendant's expert witness Dr. Eduardo Piqueras, emergency department physician. [Ex. 1, at 3]. However, Dr. Kaufman's affidavit opines on "standard of care," [Ex. 1, at 13–16].

In the context of medical malpractice litigation, the Plaintiff must demonstrate, by a preponderance of the evidence, defendants' deviation from the established standard of care. N.C.G.S. § 90-21.12.

Simply put, Plaintiff's case in chief requires him to prove that the standard of care was not met, and because Dr. Kaufman opines on the standard of care, he does not only or solely rebut Defendants' expert. Dr. Kaufman cannot be classified as a rebuttal expert.

Sheik John El's report states it rebuts Defendant's expert witness Prof. Mark Botts, an individual who provides education and instruction to healthcare professionals regarding the standards and requirements for involuntary commitment, and who has assisted North Carolina legislature in drafting updated involuntary commitment statutes. [Ex. 2]. Sheik Johns El's affidavit goes beyond merely countering Prof. Bott's assessments and

3

Case 1:21-cv-00305-MR-WCM   Document 160   Filed 03/18/24   Page 3 of 8

explanations, and instead seeks to provide a fundamental understanding of the Plaintiff's religious practices and beliefs, laying the groundwork for a broader argument about the interpretation and significance of the Plaintiff's actions and statements. [Ex. 2, at 2–7]. It provides an extensive exposition on the religious doctrine of the Moorish Science Temple of America that is inherently part of establishing the Plaintiff's narrative from the outset, rather than merely refuting the Defendant's expert analysis. [Ex. 2, at 2–7]. And as with Dr. Kaufman, because Sheik Johns El's affidavit does not only or solely rebut, he cannot be classified as a rebuttal expert.

**2. Plaintiff's Expert Witnesses Were Untimely Designated and Should be Struck**

Plaintiff's expert witness disclosures were due December 22, 2023. [Doc. 135]. Plaintiff's experts were disclosed February 27 and 27, 2024. Because they were designated after the deadline set by this Court's Pretrial Order and Case Management Plan, they were untimely.

FRCP Rule 37(c)(1) states "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

FRCP Rule 16(f)(1)(c) states the court "may issues any just orders" "if a party or its attorney" "fails to obey a scheduling or other pretrial order." Here, the Plaintiff has untimely designated his experts, and thus sanctions are appropriate.

The appropriate sanctions for violations of Rule 16(f) include "exclusion of the expert's untimely testimony." *Snoznik v. Jeld-Wen, Inc.*, No. CIV.1:09CV42, 2010 WL

1924483, at *9 (W.D.N.C. May 12, 2010) (citing *Akeva L.L.C. v. Mizuno Corp.*, 212 F.R.D. 306, 309 (M.D.N.C. 2002); Fed. R. Civ. P. 37(b)(2)(A)(ii)) (Reidinger, J.).

In *Snoznik*, Judge Reidinger noted the following factors as proper for determining appropriate sanctions:

> *(1) the explanation given for the failure to comply with the scheduling order; (2) the importance of the expert opinion; (3) the prejudice to the opposing party if the untimely disclosure were allowed; (4) the availability of alternative or less drastic sanctions; (5) the parties' interest in resolving the litigation expeditiously; (6) the Court's need to control and plan its docket; and (7) the public policy favoring the disposition of cases on their merits.*

*Id.* (citing *Akeva*, 212 F.R.D. at 311).

Note that Reidinger again quotes *Akeva*, for the proposition that "factors involving docket control planning are sufficiently important to alone justify the exclusion of an untimely disclosed expert report or opinion even in [the] absence of prejudice to the opposing party." *Id.*

Here, the Court has already expressed concerns regarding docket control planning. At the October 16, 2023 hearing regarding the entry of the Case Management Plan, this Court noted "I would not anticipate any extensions of any of those deadlines," [Hr'g Tr. 38:15-17], and "the parties should note I'll expect there to be no extensions beyond those deadlines because this case is fairly old on the docket." [Hr'g Tr. 42:11-13]. Under the reasoning in *Akeva*, and on the basis of docket control planning alone, this Court should strike the Plaintiff's newly disclosed experts.

Beyond docket control, however, Defendants have experienced substantial prejudice due to the Plaintiff's belated disclosures of expert witnesses. The disclosure was made less

5

than one week prior to the conclusion of the discovery period. This timing prevented Defendants from engaging in additional discovery or deposing the Plaintiff's expert witnesses. The original structure of the Case Management Plan was explicitly designed to afford the Defendants a one-month window subsequent to the Plaintiff's designations. This scheduling was intended to provide Defendants with the necessary latitude to identify and engage experts who are optimally suited to address and rebut the assertions made by the Plaintiff's designated experts. The lateness of the Plaintiff's disclosures directly undermined this procedural safeguard, significantly disadvantaging the Defendants' ability to mount a fully informed and effectively tailored response.

That said, Defendants note that Sheik Johns El was deposed by Defendants. [Ex. 3]. Plaintiff had indicated in his Rule 26 mandatory disclosures and during his deposition that Sheik Johns El had provided counseling and psychotherapy services to Plaintiff, as a result of the trauma suffered by Plaintiff due to the actions of Defendants. During the deposition two days prior to Plaintiff's designation of Sheik Johns El as an expert witness, Sheik Johns El stated that he had no knowledge regarding the facts underlying the allegations in Plaintiff's suit and had not made any mental health diagnosis of the Plaintiff. [Ex. 3]. These facts indicate either that during deposition Sheik Johns El did not make full and honest testimony, or that the Plaintiff intentionally held off on informing Sheik Johns El of the facts of the case until after deposition.

The Court should strike Dr. Ryan Kaufman and Sheik Johns El from testifying as expert witnesses because their designations and written reports were untimely.

Respectfully submitted this 18th day of March, 2024.

/ s/ Phillip T. Jackson
N.C. Bar No. 21134
/ s/ Daniel H. Walsh
N.C. Bar No. 57543
*Attorney for Mission Defendants*
ROBERTS & STEVENS, P.A.
Post Office Box 7647
Asheville, North Carolina 28802
Telephone: (828) 252-6600
pjackson@roberts-stevens.com (email)
dwalsh@roberts-stevens.com (email)

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of the Response to Plaintiff's "Motion for Relief under FRCP Rule 54" was served upon the all parties in the above entitled action via CM/ECF filing.

This 18th day of March, 2024.

                                                  By:    /s/Daniel H. Walsh
                                                              DANIEL H. WALSH

8

Case 1:21-cv-00305-MR-WCM   Document 160   Filed 03/18/24   Page 8 of 8