IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00305-MR-WCM

| | |
|---|---|
| **TAQI EYR HHAMUL HESED EL,** a/k/a "Bro. T. Hesed-El," Plaintiff, vs. **ROBIN BRYSON, et al.,** Defendants. | **O R D E R** |

**THIS MATTER** is before this Court on the *pro se* Plaintiff's Motion to Declare Statute Unconstitutional as Applied [Doc. 154] and the Plaintiff's Motion for Rule 60(b)(1) Relief [Doc. 156], which the Court construes as a Motion for Reconsideration.

**I.   BACKGROUND**

Taqi Eyr Hhamul Hesed El ("Plaintiff") has previously filed two civil actions alleging various claims stemming from what he contends was his involuntary commitment at Mission Hospital during September and October of 2016. [See Doc. 138]. Both actions were dismissed. [Id. at 2]. The Plaintiff commenced the present action—his third based on these facts—by

filing his Complaint on October 18, 2021, which he amended on February 22, 2022. [Docs. 1; 14].

After the Defendants filed Motions to Dismiss [Docs. 33, 60, 63, 74], the Honorable Magistrate Judge W. Carleton Metcalf issued a Memorandum and Recommendation on July 12, 2022 [Doc. 80], which this Court accepted on August 16, 2022, thereby dismissing a number of Plaintiff's claims. [Doc. 87]. The Plaintiff has since filed two motions seeking to amend his Amended Complaint to raise an additional claim of ordinary negligence, which the Magistrate Judge denied on May 4, 2023, and October 26, 2023, respectively. [See Doc. 138 at 3-4]. In denying the Plaintiff's second motion to amend, the Magistrate Judge concluded that the Plaintiff's prospective claim for ordinary negligence is barred by N.C. Gen. Stat. § 122C-210.1. [Id. at 10]. The Plaintiff then filed a *pro se* Motion for Reconsideration on November 9, 2023, asking this Court to reverse the Magistrate Judge's denial of his second motion to amend. [See Docs. 140-41]. On November 28, 2023, this Court denied that Motion on the grounds that the claim the Plaintiff wishes to allege is indeed statutorily barred. [Doc. 143].

The Plaintiff now moves for relief under Federal Rule of Civil Procedure 60(b)(1) with the respect to this Court's November 28 ruling, on the grounds that the ruling is erroneous. [Doc. 156-1 at 1-2]. The Plaintiff also moves for

this Court to declare that N.C. Gen. Stat. § 122C-210.1, the statute that this Court has found bars the Plaintiff's ordinary negligence claim, is unconstitutional as applied to the Plaintiff.

## II. DISCUSSION

Because the Court construes the Plaintiff's Motion pursuant to Federal Rule of Procedure 60 as another Motion to Reconsider this Court's prior ruling, the Court relies on its previous reasoning. "Under Rule 15 [of the Federal Rules of Civil Procedure], a 'motion to amend should be denied only where it would be prejudicial, there has been bad faith, <u>or the amendment would be futile.</u>'" <u>Nourison Rug Corp. v. Parvizian</u>, 535 F.3d 295, 298 (4th Cir. 2008) (emphasis added) (quoting <u>HCMF Corp. v. Allen</u>, 238 F.3d 273, 276-77 (4th Cir. 2001)). The Plaintiff concedes that if N.C. Gen. Stat. § 122C-210.1 applies to this matter, that the claim of ordinary negligence he wishes to allege would be barred by the statute. [<u>See</u> Docs. 113 at 3; 133 at 2]. The statute plainly provides that it "applies to proceedings initiated on or after" October 1, 2019, and the Plaintiff commenced this action on October 18, 2021. <u>See</u> N.C. Gen. Stat. § 122C-210.1. Therefore, as the Magistrate Judge ably explained, the statute applies to bar the ordinary negligence claim the Plaintiff wishes to allege. Accordingly, amendment of the Plaintiff's

Complaint would be futile, and the Magistrate Judge correctly denied his motion to amend.

The Court next turns to the Plaintiff's Motion to declare N.C. Gen. Stat. § 122C-210.1 as unconstitutional as applied to him. The Plaintiff specifically takes issue with the fact that the statute was amended on October 1, 2019, to expand immunity from liability for hospital workers, barring negligence claims against them unless they are grossly negligent. N.C. Gen. Stat. § 122C-210.1. The Plaintiff argues that because the events giving rise to this action occurred in 2016, barring his negligence claims under the 2019 version of the statute unconstitutionally applies the statute to him retroactively, even though he did not file his claim until 2021.

The Plaintiff's argument, however, misunderstands the history of this particular statute. As an initial matter, the North Carolina Court of Appeals has relied on the amended version of N.C. Gen. Stat. § 122C-210.1 in the years since its adoption, thus indicating its constitutionality under state law. See Kirkman v. Rowan Reg'l Med. Ctr., Inc., 894 S.E.2d 784, 789 (N.C. Ct. App. 2023) ("[Prior] decisions [of the court] make plain that a plaintiff in a malpractice case must allege *gross* negligence by a covered defendant in order to overcome the immunity from liability established by the legislature in N.C. Gen. Stat. § 122C-210.1.") (emphasis in original). That case, like this

one, involved events that took place before § 122C-210.1 was amended, and the court found it still applied. Id. at 785.

Even before the 2019 amendment, however, the statute's predecessor, N.C. Gen. Stat. § 122-24, was interpreted by the North Carolina Supreme Court as creating qualified immunity for ordinary negligent acts. See Pangburn v. Saad, 73 N.C. App. 336, 337-38, 326 S.E.2d 365, 367 (1985) ("[W]e further hold that G.S. Sec. 122-24 (1981) affords only a qualified immunity, immunizing physicians only from liability for their ordinary negligent acts but not from liability for their 'willful, wanton or recklessly' negligent acts or their intentional acts."); see also Snyder v. Learning Servs. Corp., 187 N.C. App. 480, 484, 653 S.E.2d 548, 551 (2007) ("Under North Carolina law, claims based on ordinary negligence do not overcome statutory immunity pursuant to Section 122C-210.1; a plaintiff must allege gross or intentional negligence." (internal quotations and alterations omitted)). Therefore, even if this Court were to find that the amended version of the statute was being unconstitutionally applied to the Plaintiff, it would make no difference in the viability of the Plaintiff's claim for ordinary negligence because the immunity that the Plaintiff contests predates the 2019 amendment to the statute.

For the foregoing reasons, this Court will deny both the Plaintiff's motion to declare N.C. Gen. Stat. § 122C-210.1 unconstitutional as applied to him, as well as his motion for reconsideration of this Court's November 28 Order.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Declare Statute Unconstitutional as Applied [Doc. 154] is **DENIED.**

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Rule 60(b)(1) Relief [Doc. 156], which the Court construes as a Motion for Reconsideration, is **DENIED.**

**IT IS SO ORDERED.**

Signed: April 1, 2024

Martin Reidinger
Chief United States District Judge

6
Case 1:21-cv-00305-MR-WCM   Document 163   Filed 04/01/24   Page 6 of 6