IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

CIVIL ACTION NO. 1:21-cv-305

| | |
|---|---|
| TAQI EYR HHAMUL HESED EL, a/k/a "Bro. T. Hesed-El", <br><br> Plaintiff, <br><br> v. <br><br> ROBIN BRYSON and Mission Hospital, Inc., <br><br> Defendants. | **MOTION TO SEAL** |

Defendants Robin Bryson and Mission Hospital, Inc., by and through the undersigned counsel, hereby request leave under Local Rule 6.1 to file Plaintiff's unredacted medical records under seal. In support of its Motion to Seal, and to comply with Local Rule 6.1, Defendant states as follows:

1. Defendant requests to file the following materials under seal:

    a. Unredacted Memorandum of Law in Support of Motion for Summary Judgment

    b. Exhibit 1 to Defendant's Memorandum of Law in Support of Motion for Summary Judgment – Medical Records: First Day of Treatment

c. Exhibit 2 to Defendant's Memorandum of Law in Support of Motion for Summary Judgment – Medical Records: After First Day of Treatment

d. Unredacted Affidavit and Expert Witness Report of Professor Mark Botts

e. Unredacted Affidavit and Expert Witness Report of Dr. Eduardo A. Piqueras

f. Unredacted Affidavit of Robin Bryson

g. Unredacted Excerpts from Plaintiff's Deposition

h. Unredacted Defendant Mission Hospital, Inc.'s Responses to Plaintiff's Requests for Admissions

2. When presented with a motion to seal, the law of the Fourth Circuit requires this Court to: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcroft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000).

3. The filing, under seal, of Plaintiff's unredacted medical records is necessary because the medical care and treatment provided to Plaintiff and described in Plaintiff's medical records are directly at issue in this case. The redactions in the

other documents described above all regard facts taken from Plaintiff's medical records.

4. Plaintiff's medical records contain Plaintiff's protected health information ("PHI"). The public's right of access to such information is "substantially outweighed by the compelling interest in protecting the details of such information from public disclosure." *Teter v. Project Veritas Action Fund*, 2019 WL 8586943 at *1 (W.D.N.C. Mar. 5, 2019); *see also Gentry v. Maggie Valley Resort Mgm't, LLC*, 2014 WL 1384451 at *1 (W.D.N.C. April 9, 2014) (finding that "many of the documents at issue—particularly the Plaintiff's medical records … contain sensitive personal … information and that the public's right of access to such information is substantially outweighed by the competing interest in protecting the details of such information").

5. Because Plaintiff's medical care and treated described in Plaintiff's medical records are directly at issue in this case, filing a redacted version of Plaintiff's medical records that redacts Plaintiff's PHI does not present a viable alternative option to filing under seal. Therefore, there is no less drastic alternative to filing Plaintiff's unredacted medical records under seal.

6. Finally, while a covered entity who is a party to a legal proceeding may use or disclose PHI for purposes of the litigation as part of its health care operations,[1] that covered entity "must make reasonable efforts to limit protected health information to the minimum necessary to accomplish the intended purpose of the use [or] disclosure[.]" 45 C.F.R. § 164.502(b). Through this Motion to Seal, Defendant Mission Hospital, Inc. seeks to make reasonable efforts to comply with the minimum necessary standard. Disclosing Plaintiff's PHI in a public filing would unreasonably disclose information that 45 C.F.R. § 164.502 aims to protect.

7. In addition to this Motion, Defendants have contemporaneously filed the following:

   a. Defendants' Motion for Summary Judgment (Redacted)
   b. Memorandum of Law in Support of Motion for Summary Judgment (Redacted)
   c. Exhibit 1. Notice of Sealed Exhibit - Medical Records: First Day of Treatment

---

[1] Pursuant to 45 C.F.R. § 164.506(c)(1), "A covered entity may use or disclose protected health information for its own treatment, payment, and health care operations." Because the definition of "health care operations" at 45 C.F.R. § 164.501 includes the arrangement of legal services, "a covered entity that is a defendant in a malpractice action … may use or disclose protected health information for such litigation as part of its health care operations." *May a covered entity use or disclose protected health information for litigation?* Dep't Health & Hum. Servs. (Jan. 7 2005) (available at https://www.hhs.gov/hipaa/for-professionals/faq/704/may-a-covered-entity-use-protected-health-information-for-litigation/index.html).

d. Exhibit 2. Notice of Sealed Exhibit - Medical Records: After First Day of Treatment

e. Affidavit and Expert Witness Report of Professor Mark Botts (Redacted)

f. Affidavit and Expert Witness Report of Dr. Eduardo A. Piqueras (Redacted)

g. Affidavit of Robin Bryson (Redacted)

h. Excerpts from Plaintiff's Deposition (Redacted)

i. Defendant Mission Hospital, Inc.'s Responses to Plaintiff's Requests for Admissions (Redacted)

8. Defense counsel has communicated with Plaintiff, who does not oppose this Motion to Seal.

Respectfully submitted this 3rd day of April, 2024.

/ s/ Phillip T. Jackson
N.C. Bar No. 21134
/ s/ Daniel H. Walsh
N.C. Bar No. 57543
*Attorney for Mission Defendants*
ROBERTS & STEVENS, P.A.
Post Office Box 7647
Asheville, North Carolina 28802
Telephone: (828) 252-6600
pjackson@roberts-stevens.com (email)
dwalsh@roberts-stevens.com (email)

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon the all parties in the above entitled action via CM/ECF filing and by depositing a copy, contained in a first-class postage-paid wrapper, into a depository under the exclusive care and custody of the United States Postal Service, addressed as follows:

> Bro. T. Hesed-El
> c/o Taqi El Agabey Mgmt.
> 30 North Gould Street, Suite R
> Sheridan, WY 82801

This 3rd day of April, 2024.

By: /s/Daniel H. Walsh
DANIEL H. WALSH