FILE 4th

بِسْمِ ٱللَّهِ ٱلرَّحْمَٰنِ ٱلرَّحِيمِ

Hand-Delivered

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Civil Action No. 1:21-cv-305-MR-WCM

FILED
ASHEVILLE, NC

APR 0 3 2024

U.S. DISTRICT COURT
W. DISTRICT OF N.C.

BROTHER T. HESED-EL,                    )
                                        )
            Plaintiff,                  )        BRIEF IN SUPPORT OF MOTION FOR
                                        )        PARTIAL SUMMARY JUDGEMENT
v.                                      )
                                        )
ROBIN BRYSON, et al.,                   )
                                        )
            Defendants.                 )

Having filed his Motion for Partial Summary Judgment, Theory of Recovery, and Statement of Material Facts to Which There is No Genuine Dispute, Plaintiff respectfully files his Brief in Support thereof.

## STATEMENT OF FACTS

The acts and omissions of Robin Bryson and Mission Hospital (collectively, "Defendants") complained of in this matter occurred starting on September 20, 2016 and ended on October 5, 2016. As a result, on October 7, 2019, Plaintiff filed suit against Defendants. On October 22, 2020, Plaintiff voluntarily dismissed the lawsuit. On October 18, 2021, Plaintiff timely renewed this lawsuit. In Plaintiff's First Amended Complaint of this present case, he alleged (1) gross negligence/willful and wanton conduct against Bryson; (2) negligent infliction of emotional distress against Bryson; (3) negligent supervision and/or training against Mission Hospital; (4) respondeat superior against Mission Hospital; (5) medical negligence against Bryson and Mission Hospital; and (6) ordinary negligence against Bryson and Mission Hospital.

## ARGUMENT AND CITATION TO AUTHORITY

At all times material to this action, Robin Bryson ("Bryson") was not authorized under G.S. § 122C-263.1 to perform the first commitment examination that resulted in Plaintiff's false imprisonment for 16 days. Further, Bryson was not properly trained by Mission Hospital to perform first commitment examinations. Doc. 14, ¶ 28.

In examining Plaintiff and recommending inpatient commitment, Bryson did not follow the accepted procedures, standards, practice, and professional judgement required of first commitment examiners in the State of North Carolina. (*See* Plaintiff's Theories of Recovery and Statement of Material Facts to Which There is No Genuine Dispute). As a result, Bryson is not entitled to immunity pursuant to G.S. § 122C-210.1.

## OBSCURE KNOWLEDGE AND THE SHIFTING BURDEN

Upon review, there appears to be a presumption of immunity in favor of Bryson until the summary judgment stage. This seems to be the hidden knowledge shared by the Honorable Martin Reidinger and the Honorable W. Carleton Metcalf. For example, Magistrate Judge Metcalf was "not persuaded that the Court, at this stage of this matter and on the current record, should construe N.C.G.S. § 122C-210.1 as it may apply to Defendants' immunity defense. After a Pretrial Order and Case Management Plan is entered, the parties will be free to proceed with court enforceable discovery and the filing of dispositive motions, if appropriate. Defendants' immunity defense can then be considered, as necessary, on a more complete record." (Doc. 115, pp. 3-4). This shows that Byson enjoys presumed immunity until the summary judgment stage, yet there has been no clear authority cited to support that presumption. Nonetheless, to overcome that presumption, Plaintiff alleged that Bryson acted with gross negligence or willful misconduct. *See* Doc. 14, pp. 1-19. Plaintiff has met his burden. Now, the burden shifts to Bryson to show that immunity should attach.

## HOW TO DETERMINE WHETHER IMMUNITY SHOULD ATTACH

"[O]ne can see that gross negligence must be alleged to overcome the statutory immunity once it attaches, **but that this immunity does not attach *until* a defendant** shows that he or she followed the requisite procedures and that the decision as to how to treat the patient was an exercise of professional judgment. *Snyder*,187 N.C.App. at 484, 653 S.E.2d at 551." *Boryla-Lett v. Psychiatric Solutions of N.C., Inc.*, 685 S.E.2d 14, 19 (N.C. Ct. App. 2009) (cleaned up) (internal quotation marks omitted) (emphasis added).

Said another way, if Bryson "followed accepted professional judgment, practice, and standards, ***then*** the qualified immunity defense available pursuant to North Carolina General Statutes, section 122C-210.1 attaches, and it will be a valid affirmative defense upon which a trial court properly may grant summary judgment." *Id.* (internal quotation marks omitted) (emphasis added). In the specific context of N.C. Gen. Stat. § 122C-210.1, "gross negligence must be alleged to overcome the statutory immunity **once it attaches.**" *Kirkman v. Rowan Reg'l Med. Ctr.*, No. COA23-282, 10 (N.C. Ct. App. Nov. 7, 2023) (emphasis added).

"We conclude that the precedent established by *Boryla-Lett* and *Snyder* – each of which addresses a negligence claim and the latter of which involves medical malpractice particularly – constitute controlling authority[.]" *Id.*

## STANDARD TO GRANT SUMMARY JUDGMENT

"Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law."" *Hux v. City of Newport News*, 451 F.3d 311, 315 (4th Cir. 2006).

> "A moving party is entitled to summary judgment if the pleading, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.Pro. 56(c). A genuine issue exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. In considering a motion for summary judgment, the court is required to view the facts and draw reasonable inferences in a light most favorable to the nonmoving party. The plaintiff is entitled to have the credibility of all his evidence presumed. The party seeking summary judgment has the initial burden to show absence of evidence to support the nonmoving party's case. The opposing party must demonstrate that a triable issue of fact exists; he may not rest upon mere allegations or denials. A mere scintilla of evidence supporting the case is insufficient." *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994) (internal citations and quotation marks omitted).

## **CONCLUSION**

If in responding to Plaintiff's Motion for Partial Summary Judgment, Bryson fails to meet her burden of showing that she followed accepted professional judgment, practice, and standards, then Plaintiff is entitled to partial summary judgment as a matter of law.

Respectfully, this 24th day of Ramadan in the year 1445 A.H.

**Bro. T. Hesed-El, Plaintiff *pro se***
c/o TAQI EL AGABEY MANAGEMENT
30 N Gould St, Ste. R, Sheridan, WY 82801
Ph: (762) 333-2075 / teamwork3@gmail.com

## **CERTIFICATE OF SERVICE**

This certifies that a true and correct copy of BRIEF IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT has been sealed in an envelope with sufficient postage affixed thereon, and deposited into the exclusive custody of the United States Post Office, to ensure delivery to:

**Robin Bryson and Mission Hospital Inc.**
℅ Attorney Daniel H. Walsh
ROBERTS & STEVENS, P.A.
Post Office Box 7647
Asheville, North Carolina 28802
dwalsh@roberts-stevens.com

This 3rd day of April in the year 2024 of the Gregorian calendar.

**Bro. T. Hesed-El, Plaintiff** *pro se*