IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:21-CV-305

| | |
|---|---|
| TAQI EYR HHAMUL HESED EL, a/k/a "Bro. T. Hesed-El", <br><br> Plaintiff, <br><br> v. <br><br> ROBIN BRYSON and Mission Hospital, Inc., <br><br> Defendants. | **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S EXPERT WITNESSES** [Doc. 159] |

NOW COMES Defendants Robin Bryson ("Bryson") and Mission Hospital, Inc. ("Mission"), through undersigned counsel, and hereby submits this Reply in support of their Motion to Strike Plaintiff's Expert Witnesses. [Doc. 159].

## RELEVANT PROCEDURAL HISTORY

1. <u>6 October 2023</u>: this Court enters its scheduling order establishing 22 December 2023 as Plaintiff's expert witness report deadline. Doc. 135, p. 5.

2. <u>1 December 2023</u>: Plaintiff's responses to Defendants' requests for production of documents include an Expert Witness Report for Dr. Weiss. No other designation was made by Plaintiff before his deadline on 22 December 2023.

3. <u>11 January 2024</u>: Defendants request Dr. Weiss's and Sheik El's deposition via email. Ex. 1, p. 2.

4. <u>29 January 2024</u>: Defendants timely designate experts Prof. Botts and Dr. Piqueras. Docs. 168-1, 168-2. Defendants notice Dr. Weiss's deposition for the dates 8–9 February, 2024. Ex. 1, p. 3.

5. <u>6 February 2024</u>: Plaintiff informs Defendants that Dr. Weiss's deposition is cancelled. Ex. 1, p. 5.

6. <u>15 February 2024</u>: Parties tentatively agree to deposition of Sheik El on 26 February 2024. Ex. 1, p. 6.

7. <u>16 February 2024</u>: Plaintiff states Dr. Weiss communicated with him on this date and agreed to allow Defendants to take his deposition. Doc. 151, p. 2.

8. <u>17 February 2024</u>: Plaintiff states Sheik El agreed to act as an expert witness for Plaintiff on this date. Doc. 151, p. 2.

9. <u>19 February 2024</u>: Defendants notice the deposition of Dr. Weiss a second time, for 24–25 February 2024. Ex. 1, p. 7.

10. <u>22 February 2024</u>: Plaintiff designates Sheik El as an expert witness who "provided mental health counseling services to Plaintiff from 2021 to 2023 and is an expert in [Plaintiff's] religion [and] culture." Ex. 1, p. 9.

11. <u>23 February 2024</u>: Plaintiff states that on this date he retained a new expert, Dr. Kaufman. Doc. 151, p. 2.

12. <u>24 February 2024</u>: Plaintiff cancels the deposition of Dr. Weiss a second time. Ex. 1, p. 11.

13. <u>25 February 2024</u>: Parties meet and confer; Plaintiff requests Defendants consent to him withdrawing Dr. Weiss, adding Sheik El, and adding an unnamed expert to replace Dr. Weiss. Defendants consent to withdrawal of Dr. Weiss but oppose all new experts because (1) the deadline for Plaintiff's experts passed and (2) it is too late in the discovery window to properly prepare for and take the deposition of any new expert. See Doc. 151, p. 2.

14. <u>26 February 2024</u>: Defendants take deposition of Sheik El, who testifies that he knows nothing about Plaintiff's healthcare given by defendants, and never diagnosed Plaintiff with any mental illness. Ex. 1, p. 12.

15. <u>27 February 2024</u>: Plaintiff designates Dr. Kaufman as an expert witness. Ex. 1, p. 15; Doc. 160-1.

16. <u>28 February 2024</u>: Plaintiff provides Defendants the Expert Witness Report of Sheik El. Doc. 160-2.

17. <u>4 March 2024</u>: Discovery window closes. Doc. 134, p. 1, 4. Plaintiff moves to withdraw expert witness Dr. Weiss, and "re-designate" expert witnesses Dr. Kaufman and Sheik El. Docs. 148, 149.

18. <u>18 March 2024</u>: Defendants move to strike Plaintiff's experts Dr. Kaufman and Sheik El, Doc. 159, and file a single memorandum both "in support of [their] motion, and in opposition to Plaintiff's Motion to Re-Designate Expert Witnesses." Doc. 160.

19. <u>2 April 2024</u>: Plaintiff files memorandum in opposition to Defendants' Motion to Strike. Doc. 162.

## ARGUMENT

Plaintiff recommends in his brief opposing these Defendant's Motion to Strike that this Court compares the expert witness reports submitted by his experts with the expert witness reports submitted by these Defendants. Doc. 162, p. 3. Now that these Defendants' have provided sealed filings of its experts' reports to this Court as part of their Motion for Summary Judgment, Doc. 165, this Court can do so. Compare Docs. 160-1, 160-2 (Plaintiff's experts) with Docs. 168-1, 168-2 (Defendants' experts). That comparison will conclusively reveal to this Court that Plaintiff's experts are not "rebuttal" experts but rather a Trojan Horse strategy to provide his case-in-chief with evidentiary support.

Plaintiff cites to <u>Boles v. United States</u> to support his opposition to Defendants' Motion to Strike. Doc. 162, p. 3, 4. In <u>Boles</u>, the court struck all four of Plaintiff's proposed "rebuttal" experts, the first three in part because they "attempt[ed] to 'offer testimony under the guise of 'rebuttal' only to provide additional support for his case in chief.' " <u>Id.</u> at *4 (quoting <u>Noffsinger v. Valspar Corp.</u>, No. 09 C 916, 2011 WL 9795, at *6 (N.D.Ill. Jan. 3, 2011) (unpublished)). This is precisely the argument that Defendants have already made in support of this Motion, namely, both Dr. Kaufman and Sheik El are intended to support his case in chief. Doc. 160, p. 2–4. Given this Court's Local Rule 7.1(e), Defendants will not

re-argue this point, except to note that Plaintiff's sole citation to caselaw supports granting the Motion. Doc. 162.

Ignoring that portion of Boles, Plaintiff argues that Defendants' experts are putting forward new theories of the case, and that those new theories require rebuttal. Doc. 162, p. 2. The Boles court states "[r]ebuttal experts cannot put forth their own theories; they must restrict their testimony to attacking the theories offered by the adversary's experts." Id. at *2 (citing International Bus. Machs. Corp. v. Fasco Indus., Inc., No. C–93–20326 RPA, 1995 WL 115421, at *3 (N.D.Cal. Mar. 15, 1995) (unpublished)). Boles struck two rebuttal experts of the Plaintiff in part for offering "new theories of damages." Id. at *9.

Plaintiff misconstrues Boles' rule, arguing that Defendants' experts are offering "new theor[ies]," and that his experts are only for the purposes of rebutting those theories. Doc. 162, p. 2. However, the Boles court stated " '[i]f the purpose of expert testimony is "to contradict an expected and anticipated portion of the other party's case-in-chief, then the witness is not a rebuttal witness or anything analogous to one." ' " Boles v. United States, No. 1:13CV489, 2015 WL 1508857, at *2 (M.D.N.C. Apr. 1, 2015) (quoting Amos v. Makita U.S.A., Inc., No. 2:09–cv–013040–GMN–RJJ, 2011 WL 43092, at *2 (D.Nev. Jan. 6, 2011) (unpublished) (quoting In re Apex Oil Co., 958 F.2d 243, 245 (8th Cir.1992)).

It is "an expected and anticipated portion of [Defendant's] case-in-chief" to argue that Plaintiff cannot meet his burden of proof. Id.; see, e.g., Defendant's

Memorandum of Law in Support of their Motion for Summary Judgment, Doc. 168, p. 15–19, ¶¶ 34-39 (arguing Plaintiff has no experts and thus cannot establish standard of care, breach, or causation). As such, Plaintiff's experts are, under the holding of Boles, "not [] rebuttal witness[es] or anything analogous to one." Id.

    Defendants' experts put forward no new theories, rather, they explained the evidence they reviewed, and the opinions they formed upon review of the evidence. See Doc. 168-2 (Affidavit of Dr. Piqueras); Doc. 168-1 (Affidavit of Prof. Botts). However, Plaintiff argues an incorrect view of what constitutes a "theory" in an attempt to distort the facts before this Court. For example, Plaintiff states that Dr. Piqueras puts forward a "theory" "that Plaintiff claimed 'he was God'" and that this "new theory [is] not found anywhere in the record except his own report." Doc. 162, p. 2. This is demonstrably false. Note the recorded statements of the Plaintiff which are quoted in Defendant Bryson's Affidavit and Petition for Involuntary Commitment, provided to this Court as part of the sealed evidence from Plaintiff's medical records. Doc. 166, p. 12 (not quoted here due to the confidential nature of medical records). The statements made by Plaintiff, and recorded by Defendant Bryson in her affidavit, are unambiguously the basis for Dr. Piqueras' interpretation of the evidence before this Court – it is no way a "new theory."

    Lastly, note that Plaintiff does not engage in his opposition brief with Defendants' central argument in favor of striking Plaintiff's "rebuttal" experts: that

the rule in this Court is that a rebuttal expert must be "intended **solely** to contradict or rebut evidence," and that Plaintiff's experts are clearly intended primarily to support his case in chief. Doc. 160 (citing Fed. R. Civ. P., Rule 26(a)(2)(D)(ii)). To the extent Plaintiff ignores the caselaw and arguments cited in support of these Defendants' motion, he is tacitly conceding their correctness.

Respectfully submitted this 5th day of April, 2024.

/ s/ Phillip T. Jackson
N.C. Bar No. 21134
/ s/ Daniel H. Walsh
N.C. Bar No. 57543
*Attorneys for Defendants*
ROBERTS & STEVENS, P.A.
Post Office Box 7647
Asheville, North Carolina 28802
Telephone: (828) 252-6600
pjackson@roberts-stevens.com (email)
dwalsh@roberts-stevens.com (email)

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon the all parties in the above entitled action via CM/ECF filing and by depositing a copy, contained in a first-class postage-paid wrapper, into a depository under the exclusive care and custody of the United States Postal Service, addressed as follows:

>Bro. T. Hesed-El
>c/o Taqi El Agabey Mgmt.
>30 North Gould Street, Suite R
>Sheridan, WY 82801

This 5th day of April.

By: /s/Daniel H. Walsh
DANIEL H. WALSH