بِسْمِ ٱللَّهِ ٱلرَّحْمَٰنِ ٱلرَّحِيمِ

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
Civil Action No. 1:21-cv-305-MR-WCM

| | |
|---|---|
| BROTHER T. HESED-EL, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | BRIEF IN SUPPORT OF MOTION FOR |
| ) | LEAVE TO FILE SURREPLY |
| ROBIN BRYSON, et al., ) | |
| ) | |
| Defendants. ) | |

Hand-Delivered

FILED
ASHEVILLE, NC
APR 08 2024
U.S. DISTRICT COURT
W. DISTRICT OF N.C.

## INTRODUCTION

In Defendants' Reply ("Reply") [Doc. 177] to Plaintiff's Brief in Opposition to Defendants' Motion to Strike Plaintiff's Expert Witnesses ("Response") [Doc. 162], the defendants filed new evidence and raised new arguments in support of their motion to strike.

## ARGUMENT

The defendants did not limit their discussion to matters newly raised in Plaintiff's Brief and they did not promptly inform the Court as required by LCvR 7.1(e). Where Plaintiff's Brief focused on showing that the opinions of his rebuttal experts were intended to contradict the *interpretations* of Mr. Botts and Dr. Piqueras, the defendants' reply brief raised new arguments about trojan horses and the necessity of expert witness testimony to establish causation. The defendants also cited five months of procedural history with new evidence and strategically omitted the parts that would hurt their case. For these reasons, Plaintiff needs to file a surreply.

### *Defendants Reply goes beyond the matters discussed in Plaintiff's Response.*

With their Reply, the defendants intended to expand the scope of materials the Court must rely on to make its decision. This is evidenced by the fact that Defendants unnecessarily referenced the full reports of Mr. Botts and Dr. Piqueras despite it being made abundantly clear in Plaintiff's

Response that the relevant opinions were specifically cited to in Sheik El and Dr. Kaufman's reports. Another reason that warrants a surreply is the defendants' intentional omission of pertinent procedural history and context the Court would need to reach a just decision. Lastly, the defendants' accusation that Plaintiff has employed a "Trojan Horse" strategy is a thinly veiled attempt to redirect fault when in fact it was the defendants' attorney who intentionally delayed filing the joint motion to amend the Rule 16 scheduling order. With all this in mind, in such a hotly contested case, it would be unfair to allow the defendants to proceed absent Plaintiff's reply.

## CITATION OF AUTHORITY

"[L]eave of Court may be sought to file a surreply when warranted." LCvR 7.1(e). Courts will allow a party to file a "when fairness dictates based on new arguments raised in the previous reply." *DiPaulo v. Potter*, 733 F.Supp.2d 666, 670 (M.D.N.C. 2010).

## CONCLUSION

The defendants have raised new facts, cited additional testimony and exhibits, and made new legal arguments in their reply brief, thereby unfairly depriving Plaintiff of the opportunity to respond to those points. For the foregoing reasons, in the interests of justice, and given the conflicting views regarding the applicable legal principles, Plaintiff should be permitted leave to file the attached surreply. *Cf. Turner v. Griffin*, 1:17 CV 334 (W.D.N.C. Aug. 9, 2019).

Respectfully, this 29th day of Ramadan in the year 1445 A.H.

**Bro. T. Hesed-El, Plaintiff** *pro se*
c/o TAQI EL AGABEY MANAGEMENT
30 N Gould St, Ste. R, Sheridan, WY 82801
Ph: (762) 333-2075 / teamwork3@gmail.com

## CERTIFICAATE OF SERVICE

This certifies that a true and correct copy of Plaintiff's BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE SURREPLY has been sealed in an envelope with sufficient postage affixed thereon, and deposited into the exclusive custody of the United States Post Office, to ensure delivery to:

**Robin Bryson and Mission Hospital Inc.**
℅ Attorney Daniel H. Walsh
ROBERTS & STEVENS, P.A.
Post Office Box 7647
Asheville, North Carolina 28802
dwalsh@roberts-stevens.com

This 8th day of April in the year 2024 of the Gregorian calendar.

*[signature]*

**Bro. T. Hesed-El, Plaintiff** *pro se*