IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-cv-00305-MR-WCM

TAQI EYR HHAMUL HESED EL )
A/K/A BRO T. HESED-EL, )
 )
      Plaintiff, )
 )      ORDER
   v. )
 )
ROBIN BRYSON )
*Licensed Clinical Social Worker,* )
*in her individual and official capacity*, )
MISSION HOSPITAL, INC., )
 )
 )
     Defendants. )
————————————————— )

This matter is before the Court on the following motions:

1. Plaintiff's Motion to Withdraw Expert Witness (the "Motion to Withdraw Expert," Doc. 148);

2. Plaintiff's Motion to Re-Designate Expert Witnesses (the "Motion to Re-Designate Experts," Doc. 149);

3. Plaintiff's Motion to Compel Discovery (the "Motion to Compel," Doc. 150);

4. A Motion to Strike Plaintiff's Expert Witnesses (the "Motion to Strike," Doc. 159) filed by Robin Bryson ("Bryson") and Mission Hospital, Inc. ("Mission Hospital) (collectively, "Defendants");

1

5. Plaintiff's Motion to Seal (Doc. 181); and

6. Plaintiff's Motion for Leave to File Surreply (Doc. 182).

## I. Relevant Background

On October 18, 2021, Plaintiff filed this case asserting claims arising from his involuntary commitment beginning on September 20, 2016. Doc. 1.[1]

Plaintiff filed an Amended Complaint on February 22, 2022. Doc. 14.

Following extensive motions practice and an interlocutory appeal by Plaintiff, a Pretrial Order and Case Management Plan was entered on October 16, 2023 (the "Pretrial Order," Doc. 135). The Pretrial Order set a deadline of December 22, 2023 for Plaintiff to disclose his experts, a deadline of January 29, 2024 for Defendants to disclose their experts, a deadline of March 4, 2024 for the parties to complete court-enforceable discovery, and a deadline of April 3, 2024 for the parties to file dispositive motions, if any. Doc. 135. Trial was (and is) scheduled for September 3, 2024. Id.

On March 4, 2024, Plaintiff filed the Motion to Withdraw Expert, the Motion to Re-Designate Experts, and the Motion to Compel, along with a

---

[1] Plaintiff filed two previous cases arising from the same alleged occurrences. Those cases were dismissed on October 1, 2019 and March 29, 2021, respectively. See C.P. v. John Doe, et al., No. 1:19-cv-271-MR-WCM; Bro. T. Hesed-El v. John Doe, Robin Bryson, Mission Hospital, Hospital Does 1-10, County of Buncombe, No. 1:19-cv-285-MR-WCM.

consolidated memorandum. Docs. 148, 149, 150, 151.[2]

On March 18, 2024, Defendants filed the Motion to Strike, Doc. 159,[3] and a response in opposition to the Motion to Compel. Doc. 161.

On March 29, 2024, Plaintiff filed his opposition to the Motion to Strike. Doc. 162.[4]

On April 8, 2024, Plaintiff filed the Motion to Seal and the Motion for Leave to File Surreply. Docs. 181, 182.

All Motions addressed by this Order are either fully briefed, or the time for filing responses or replies has expired, such that they are ripe for ruling.

## II.   Discussion

### A. The Motion to Seal (Doc. 181)

The standards for considering a request to seal appear in the Order of the presiding District Judge entered on April 30, 2024 (Doc. 198) and are not restated here.

By the Motion to Seal, Plaintiff requests that the Court seal (1) his brief

---

[2] A hearing on these Motions was noticed for March 25, 2024. However, Plaintiff asked to reschedule the hearing or that he be allowed to appear remotely because he had a conflict with the date and further because he was overseas. Given uncertainties about Plaintiff's status and to ensure that the case proceeded without undue delay, the undersigned canceled the hearing and advised that the Court would consider the Motions on the parties' written submissions. Doc. 158.

[3] Defendants' Motion to Strike is also Defendants' opposition to Plaintiff's Motion to Re-Designate. See Doc. 160 at 1.

[4] This filing was made provisionally under seal.

in opposition to Defendants' Motion to Strike (Doc. 162) and an accompanying exhibit (Doc. 162-1) and (2) certain medical records and an Affidavit and Petition for Involuntary Commitment, which Plaintiff has submitted in support of his Motion for Partial Summary Judgment (Doc. 174).

It is not apparent that Plaintiff's opposition to Defendants' Motion to Strike contains confidential material that must be sealed. Further, Plaintiff has not submitted a redacted version of his opposition. The undersigned will therefore deny Plaintiff's request to seal this document.

To the extent Plaintiff seeks to seal the affidavit of Dr. Leonard J. Weiss (Doc. 162-1), as this document includes a lengthy discussion of Plaintiff's medical care, and as sealing this filing would appear to be consistent with the Court's treatment of other filings in this matter, <u>see</u> Doc. 198, the undersigned will grant the Motion to Seal in part.

To the extent Plaintiff seeks to seal certain materials that have been submitted in support of his Motion for Partial Summary Judgment, as these materials include medical information, they will also remain under seal.

### B. Plaintiff's Motion for Leave to File Surreply (Doc. 182)

Plaintiff seeks leave to file a surreply in opposition to Defendants' Motion to Strike. In the exercise of discretion, the undersigned has considered Plaintiff's proposed surreply.

4

## C. Plaintiff's Expert Witnesses

### 1. The Parties' Designations

The record before the Court indicates that on December 1, 2023 Plaintiff designated Dr. Weiss as a potential expert; Plaintiff describes Dr. Weiss as being "a seasoned medical doctor and forensic psychiatrist" and "the expert witness for Plaintiff's case in chief…." Doc. 151 at 1. In an affidavit executed on April 19, 2023, Dr. Weiss opined that "the conduct of the medical providers at Mission Hospital constituted one or more acts of negligence and deviated from that standard of care, which under similar circumstances and conditions, is ordinarily employed by the medical profession generally." Doc. 162-1 at 2.

On January 29, 2024, Defendants designated Prof. Mark F. Botts and Dr. Eduardo A. Piqueras as defense experts. Prof. Botts provided an opinion that the evaluation of Plaintiff by Bryson was proper based on the statutory requirements for involuntary commitment under North Carolina law. Doc. 168-1. Dr. Piqueras set forth an outline of Plaintiff's medical records while at Mission Hospital and concluded that "[t]he actions taken by the hospital staff, including Bryson, were in alignment with the standard practice for involuntary commitment patients…." Doc. 168-2 at 19.

Dr. Weiss was scheduled to give a deposition on February 8-9, 2024. However, the deposition was canceled due to "emergency medical complications" experienced by Dr. Weiss. Doc. 151 at 1. The deposition was

5

rescheduled for February 24-25, 2024 but was again canceled due to Dr. Weiss'

health. Doc. 151 at 2.

On February 17, 2024, Plaintiff retained a new expert, Sheik Johns El,

"to opine regarding Plaintiff's cultural and religious beliefs." Doc. 151 at 2; see

also Doc. 160-2.

On February 23, 2024, Plaintiff retained another expert, Dr. Ryan

Kaufman, "to opine on Plaintiff's medical records." Doc. 151 at 2; see also Doc.

160-1.

On February 27, 2024, Plaintiff designated Dr. Kaufman. Doc. 160-1.

On February 28, 2024, Plaintiff designated Sheik Johns El. Doc. 160-2.

Plaintiff asserts that the testimony of Sheik Johns El and Dr. Kaufman

was intended to rebut the opinions of Defendants' experts, and that these

witnesses were intended to replace Dr. Weiss "in the event [Dr. Weiss] became

medically unable to continue in support of Plaintiff's case in chief." Doc. 151 at

2. Plaintiff seeks to withdraw Dr. Weiss (Doc. 148), and to designate Sheik

Johns El and Dr. Kaufman (Doc. 149).

Defendants do not oppose the withdrawal of Dr. Weiss but object to

Plaintiff's designation of Sheik Johns El and Dr. Kaufman, arguing that the

Court should strike the designation of these experts as untimely.

### 2. Legal Principles

Pursuant to Rule 26(a)(2)(D)(ii) of the Federal Rules of Civil Procedure,

absent a stipulation or specific court order, expert testimony that is "intended solely to contradict or rebut evidence on the same subject matter identified by another party" must be disclosed "within 30 days after the other party's disclosure."

In addition, Rule 16(f) provides that the Court "may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney fails to obey a scheduling or other pretrial order." F.R.C.P. 16(f)(1)(C). The Court may impose a wide range of sanctions for violations of Rule 16(f), including the exclusion of expert testimony that is disclosed in an untimely manner. See Snoznik v. Jeld-Wen, Inc., No. 1:09cv42-MR, 2010 WL 1924483, at *9 (W.D.N.C. May 12, 2010) (citing Akeva L.L.C. v. Mizuno Corp., 212 F.R.D. 306, 309 (M.D.N.C. 2002); Fed.R.Civ.P. 37(b)(2)(A)(ii)). The imposition of sanctions for Rule 16(f) violations is a matter within the Court's discretion. Akeva, 212 F.R.D. at 311.

In determining the appropriate sanction, a court may consider a number of factors, including:

> (1) the explanation given for the failure to comply with the scheduling order; (2) the importance of the expert opinion; (3) the prejudice to the opposing party if the untimely disclosure were allowed; (4) the availability of alternative or less drastic sanctions; (5) the parties' interest in resolving the litigation expeditiously; (6) the Court's need to control and plan its docket; and (7) the public policy favoring the disposition of cases on their merits.

Snoznik, 2010 WL 1924483 at *9.

### 3. Dr. Kaufman

Dr. Kaufman's affidavit and report (Doc. 160-1) indicates that he was retained to rebut the opinions of Dr. Piqueras. However, Dr. Kaufman also opines that "the standard of care for the first-examination assessment and involuntary commitment of a patient was NOT met" and that Bryson "did not follow the accepted professional judgment, practice, and standards required of clinicians in the State of North Carolina who perform first commitment examinations." Doc. 160-1 (emphasis in original).

To the extent that Dr. Kaufman may appropriately be considered a rebuttal expert, his designation was timely given that it was tendered within 30 days after the designation of Defendants' experts.

The undersigned also concludes that, under the circumstances presented, including the inability of Plaintiff's original expert to proceed due to health issues and Plaintiff's prompt designation of Dr. Kaufman following the second cancelation of the deposition of Dr. Weiss, Plaintiff should be able to substitute Dr. Kaufman in place of Dr. Weiss.[5] To ensure there is no undue prejudice to Defendants as result of this substitution, Defendants will be given leave to take Dr. Kaufman's deposition, if they wish.

---

[5] In reaching this conclusion, the undersigned expresses no opinion regarding the reliability or admissibility of Dr. Kaufman's testimony.

### 4. Sheik Johns El

Sheik Johns El, however, cannot fairly be viewed as a rebuttal expert to either Prof. Botts or Dr. Piqueras. Those experts are expected to offer testimony concerning the statutory requirements for involuntary commitment under North Carolina law and whether the actions of the hospital staff comported with the standard practice for involuntary commitments, while it appears that Plaintiff expects to elicit testimony from Sheik Johns El concerning Plaintiff's cultural or religious beliefs.

Likewise, Sheik Johns El is not an appropriate substitute expert for Dr. Weiss. In his report, Sheik Johns El opines that some statements Plaintiff made while at Mission Hospital "were rooted in his sincerely held religious beliefs and would not have been considered delusional or irrational" in the context of Plaintiff's faith. Doc. 160-2 at ¶ 21. In contrast, Dr. Weiss stated that he was "qualified to address the complicated relationship between mental illness, physical illness, allegations of medical damages, and crossover treatment of multiple mental and physical conditions." Doc. 162-1 at 2.

Consequently, Plaintiff was required to designate Sheik Johns El by Plaintiff's expert deadline of December 22, 2023 such that his designation in late February 2024 was untimely.

The next question, then, is whether Plaintiff's untimely designation of Sheik Johns El should be stricken pursuant to Rule 16(f). The undersigned

9

concludes that it should.

Plaintiff has failed to provide a sufficient explanation as to why he did not retain Sheik Johns El until February 17, 2024 or designate him as a potential expert witness until February 28, 2024, which was shortly before the March 4, 2024 deadline for the completion of court-enforceable discovery. This failure is particularly egregious since Plaintiff has taken the position throughout this matter, as well as during Hesed El I and Hesed El II, that Bryson improperly recommended Plaintiff's involuntary commitment because, in part, she "failed to inquire into Plaintiff's worldview or religion…." Doc. 14 at ¶ 26; see also id. at ¶ 50 (alleging that Mission Hospital employees were "culturally incompetent" and "religiously indifferent"); Hesed El I, Doc. 2 at ¶ 12 (alleging defendant "made no meaningful effort to research, learn, or understand Plaintiff's history, culture, religion, or worldview prior to filing her IVC petition"); Hesed El II, Doc 1 at ¶ 13 ("Plaintiff believes [Bryson] did not demonstrate cultural competence or religious tolerance during the care of Plaintiff and the Defendants failed to take into consideration Plaintiff's worldview during his treatment.").

With respect to potential prejudice, the information before the Court indicates that Sheik Johns El was deposed by Defendants on February 26, 2024 (two days before he was designated as an expert witness). Doc. 160-3. Defendants state, however, that this deposition was taken because Sheik

Johns El was referred to in Plaintiff's initial disclosures and during Plaintiff's

own deposition. Further, it does not appear that Plaintiff gave Defendants any

notice at the time that Sheik Johns El was deposed that Sheik Johns El might

be designated as an expert witness—even though he had been retained several

days earlier on February 17.

The need for the Court to control and plan its docket similarly supports

striking the designation of Sheik Johns El. As noted, this matter is the third

case Plaintiff has filed regarding the alleged underlying events and it has been

pending since October 2021. Further, dispositive motions have been filed and

are pending at this time.

### D. The Motion to Compel

By the Motion to Compel, Plaintiff asks the Court to require Bryson to

provide information regarding her education and training, and to require

Mission Hospital to respond to Interrogatories 2, 10, 15, and 16 and to Request

for Production 3.[6]

Defendants have responded in opposition to the Motion to Compel.

---

[6] Although neither side has submitted copies of the discovery requests at issue, they seem to agree that the requests seek information from Mission Hospital regarding individuals who could have information regarding Plaintiff's case, legal arguments regarding definitions and terms, claims or complaints filed against Mission Hospital in the last ten years, and statements made or recorded in this matter, and request that Mission Hospital produce "all documents received from the Department or Secretary within the past ten years related to any warning, discipline, correction, or similar action."

Plaintiff has not replied and the time for doing so has expired.

Having reviewed the parties' filings and taking into account the record as a whole as well as the need for discovery to be proportional to the needs of the case and to ensure the just, speedy, and inexpensive determination of this matter, the Motion to Compel will be denied. Fed. R. Civ. P. 1, 26.

**IT IS THEREFORE ORDERED THAT**:

1. Plaintiff's Motion to Withdraw Expert Witness (Doc. 148) is **GRANTED** and Dr. Weiss is deemed **WITHDRAWN** as Plaintiff's expert.

2. Plaintiff's Motion to Re-Designate Expert Witnesses (Doc. 149) and Defendants' Motion to Strike Plaintiff's Expert Witnesses (Doc. 159) are **GRANTED IN PART** and **DENIED IN PART** as follows:

   a. Plaintiff is **GRANTED LEAVE** to designate Dr. Kaufman in the place of Dr. Weiss as Plaintiff's expert.

   b. Defendants are **GRANTED LEAVE** through and including **May 21, 2024** to obtain Dr. Kaufman's deposition testimony if they so choose.

   c. Plaintiff's request to designate Sheik Johns El as an expert witness is **DENIED**, and Plaintiff's designation of Sheik Johns El is **STRICKEN**.

3. Plaintiff's Motion to Compel Discovery (Doc. 150) is **DENIED.**

4. Plaintiff's Motion to Seal (Doc. 181) is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. Plaintiff's request to seal his brief in opposition to Defendants' Motion to Strike (Doc. 162) is **DENIED**, and the Clerk is respectfully directed to **UNSEAL** Doc. 162.

    b. Plaintiff's request to seal Dr. Weiss's Affidavit is **GRANTED**, and Doc. 162-1 is **SEALED** until further order of the Court.

    c. Plaintiff's request to seal Doc. 174 is **PROVISIONALLY GRANTED**, subject to further consideration by the presiding District Judge.

5. Plaintiff's Motion for Leave to File Surreply (Doc. 182) is **GRANTED**, and the Clerk is respectfully directed to file Plaintiff's proposed surreply, with accompanying exhibits (Doc. 182-1 & 182-2), as a separate entry on the docket.

Signed: May 7, 2024

W. Carleton Metcalf
United States Magistrate Judge

13