IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00305-MR-WCM

| | |
|---|---|
| TAQI EYR HHAMUL HESED EL, ) <br> a/k/a BRO T. HESED-EL, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ROBIN BRYSON and ) <br> MISSION HOSPITAL, INC. ) <br> ) <br> Defendants. ) <br> _____ ) | **MEMORANDUM OF** <br> **DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's Motion to Strike Treating Physician Expert Witnesses [Doc. 172].

## I. PROCEDURAL BACKGROUND

Taqi Eyr Hhamul Hesed El (the "Plaintiff") commenced the present action by filing his Complaint on October 18, 2021, which he amended on February 22, 2022. [Docs. 1, 14]. The Plaintiff alleges negligence claims against Defendants[1] Robin Bryson and Mission Hospital, Inc., arising from his involuntary commitment in September of 2016. [Id.].

---

[1] The Plaintiff originally filed suit against additional defendants, but after such defendants filed Motions to Dismiss [Docs. 33, 60, 74], the Court granted their motions and ordered the case to proceed with respect to only Defendants Robin Bryson and Mission Hospital, Inc. [Doc. 87].

Per the Court's Pretrial Order and Case Management Plan, the Defendants were required to designate all experts by January 29, 2024. [Doc. 135 at 1]. On January 29, 2024, the Defendants timely designated treating physicians Dr. Suzanne Collier, Roberto Hess, Al L. Lyons, Dr. Sarah Volk, Dr. Frederick Weigel, Dr. Richard Zenn, and Defendant Robin Bryson as expert witnesses and served such designations upon the Plaintiff. [Doc. 188-1]. The Defendants specified that all of such experts would be testifying as to their opinions formed during the course of treatment and provided a summary of facts and opinions of expected testimony for each witness. [Id.].

The parties have now filed cross motions for summary judgment. [Docs. 165, 170]. On April 3, 2024, the Plaintiff filed the present Motion to Strike Treating Physician Expert Witnesses. [Doc. 172]. On April 17, 2024, the Defendants filed a Response in Opposition to the Plaintiff's Motion. [Doc. 188]. The Plaintiff has not filed a Reply and the time to do so has passed.

Having been fully briefed, this matter is now ripe for disposition.

## II. STANDARD OF REVIEW

State law controls the substantive tort issues in this matter, as it is pending in federal court pursuant to diversity jurisdiction. See Bryte *ex rel.* Bryte v. Am. Household, Inc., 429 F.3d 469, 476 (4th Cir. 2005). However,

2
Case 1:21-cv-00305-MR-WCM  Document 218  Filed 05/28/24  Page 2 of 6

federal law governs the admissibility of evidence. Id. Rule 702 of the Federal Rules of Evidence states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702.

Under Rule 702, trial judges are to serve "as 'gatekeepers of expert testimony' to protect the judicial process from the 'potential pitfalls of junk science.'" Sardis v. Overhead Door Corp., 10 F.4th 268, 275 (4th Cir. 2021) (quoting United States v. Bonner, 648 F.3d 209, 215 (4th Cir. 2011)). In fulfilling this gatekeeping function, a trial court must "ensure that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." Nease v. Ford Motor Co., 848 F.3d 219, 229 (4th Cir. 2017) (quoting Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 597 (1993)).

## III. DISCUSSION

Under Federal Rule of Civil Procedure Rule 26, a "treating physician" is a hybrid fact/expert witness who, during the ordinary care of a patient,

"forms an opinion of the causation of an injury to a patient and the prognosis of the patient's condition during the [course of] treatment." Hall v. Sykes, 164 F.R.D. 46, 48 (E.D. Va. 1995). It is undisputed that all the experts designated by the Defendants provided treatment to the Plaintiff at some point during the events at issue in this case.

Generally, a treating physician may testify as to their observations and opinions obtained through the course of treatment without providing an expert report. Fed. R. Civ. P. 26(a)(2)(C). Unlike for a witness who is retained or specially employed to provide expert testimony, for treating physician witnesses, parties must only identify the witness under Rule 26(a)(2)(A) and provide the disclosure of "the subject matter on which the witness is expected to present evidence" and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R Civ. P. 26(a)(2)(C); see also Fed. R. Civ. P. 26(a)(2) advisory committee's notes to 2010 amendment.

The Plaintiff, however, argues that none of the Defendants' designated experts are qualified as treating physician witnesses as none of them treated the Plaintiff for "a prolonged period of time." In so arguing, the Plaintiff relies on a Fourth Circuit case, Mitchell v. Schweiker, 699 F.2d 185 (4th Cir. 1983). [Doc. 173 at 2]. That case, however, discussed treating physicians in the

context of a claim for disability benefits from the Social Security Administration, and therefore its definition of a treating physician is not applicable in this case. See id. at 187.

Here, in their Rule 26 disclosures, the Defendants note that all their designated experts are fact witnesses who have not been retained by the Defendants and will testify only to their opinions formed over the course of their treatment of the Plaintiff. [Doc. 188-1 at 1]. The Defendants also have provided disclosure of the "subject matter on which the witness[es are] expected to present evidence" and "a summary of the facts and opinions to which the witness[es are] expected to testify" in accordance with Rule 26(a)(2)(C). [Id. at 2-3]. Therefore, the Defendants' designations of Dr. Suzanne Collier, Roberto Hess, Al L. Lyons, Dr. Sarah Volk, Dr. Frederick Weigel, and Dr. Richard Zenn are all in accordance with Rule 26.

With respect to Defendant Bryson only, the Plaintiff argues that the Defendants have not produced proof of her academic or professional credentials sufficient to qualify her as an expert. [Doc. 173 at 1]. The Defendants, however, have submitted two affidavits from Defendant Bryson over the course of this litigation that detail her qualifications, including her certification as a licensed clinical social worker and her certification by North Carolina's Department of Health and Human Services to perform first

examinations for involuntary commitment. [Doc. 168-3 at ¶ 3; Doc. 187-1 at ¶¶ 4-6]. These affidavits also state that Bryson held both of these credentials at the time of the events at issue in this case. [Id.]. The Plaintiff himself also provided subpoenaed documents from Department of Health and Human Services showing that Bryson was a certified examiner. [Doc. 185-1; Doc. 175-6 at ¶¶ 15-16]. It is also undisputed that Defendant Bryson is a healthcare professional who does not regularly provide witness testimony and not a retained expert, and therefore, the designations provided by the Defendants as to the subject matter and the opinions expected to be included in her testimony is in accord with Rule 26(a)(2)(C).

For all of the foregoing reasons, the Court finds that the Defendants properly disclosed and designated their expert witnesses under Rule 26, and the Plaintiff's Motion will be denied.

## ORDER

**IT IS THEREFORE ORDERED** that the Plaintiff's Motion to Strike Treating Physician Expert Witnesses [Doc. 172] is **DENIED**.

**IT IS SO ORDERED**.

Signed: May 27, 2024

Martin Reidinger
Chief United States District Judge