IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00305-MR-WCM

| | |
|---|---|
| TAQI EYR HHAMUL HESED EL, )<br>a/k/a BRO T. HESED-EL, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ROBIN BRYSON and )<br>MISSION HOSPITAL, INC. )<br>)<br>Defendants. )<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's "Motion to Seal" [Doc. 205], "Motion to Reconsider Magistrate's Decision to Strike Rebuttal Expert Sheik Johns El" [Doc. 209], which the Court will construe as an appeal of the Order of the Magistrate Judge [Doc. 200], "Motion for Leave to File Additional Briefs and Request for Oral Hearing" [Doc. 210], and "Motion for Leave to File Surreply" [Doc. 215]. Also before the Court is the Defendants' Motion to Seal [Doc. 212].

## I.  PROCEDURAL BACKGROUND

Taqi Eyr Hhamul Hesed El (the "Plaintiff") commenced the present action by filing his Complaint on October 18, 2021, which he amended on February 22, 2022. [Docs. 1, 14]. The Plaintiff alleges negligence claims

against Defendants[1] Robin Bryson and Mission Hospital, Inc., arising from his involuntary commitment in September of 2016. [Id.]. The parties have now filed cross motions for summary judgment. [Docs. 165, 170].

On May 14, 2024, the Plaintiff filed a Motion to Seal his Response in Opposition to Defendants' Motion for Summary Judgment and an Exhibit to said Response on the grounds that such documents contain private health information. [Doc. 205]. The Plaintiff also filed redacted and unredacted versions of such documents. [Docs. 203, 204]. On May 17, 2024, the Plaintiff filed a Motion to Reconsider Magistrate's Decision [Doc. 209], which the Court construes as an appeal of Judge Metcalf's prior Order striking the Plaintiff's expert designation of Sheik Johns-El [Doc. 200]. On the same day, the Plaintiff filed a Motion for Leave to File Additional Briefs and Request for Oral Hearing [Doc. 210]. On May 21, 2024, the Defendants filed a Motion to Seal their Reply in Support of their Motion for Summary Judgment. [Doc. 212]. Defendants have also filed redacted and unredacted versions of their Reply. [Docs. 211, 213]. On May 22, 2024, the Plaintiff filed a Motion for

---

[1] The Plaintiff originally filed suit against additional defendants, but after such defendants filed Motions to Dismiss [Docs. 33, 60, 74], the Court granted their motions and ordered the case to proceed with respect to only Defendants Robin Bryson and Mission Hospital, Inc. [Doc. 87].

Leave to File Surreply [Doc. 215] to the Defendants' Reply in Support of their Motion for Summary Judgment [Doc. 211].

These matters are now ripe for disposition.

## II. DISCUSSION

### A. Motions to Seal

The press and the public have, under both the First Amendment and the common law, a qualified right of access to judicial documents and records filed in civil and criminal proceedings. Doe v. Public Citizen, 749 F.3d 246, 265 (4th Cir. 2014). "The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.'" Id. at 265-66 (quoting in part Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988)). The First Amendment right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'" Id. at 266 (quoting in part In re Wash. Post Co., 807 F.2d 383, 390 (4th Cir. 1986)).

When presented with a motion to seal, the law of this Circuit requires this Court to: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less

3

Case 1:21-cv-00305-MR-WCM   Document 219   Filed 05/28/24   Page 3 of 8

drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

### 1. Plaintiff's Motion

In the present case, the public has been provided with adequate notice and an opportunity to object to the Plaintiff's motion. The Plaintiff's motion was filed on May 14, 2024, and has been accessible to the public through the Court's electronic case filing system since that time. Further, the Plaintiff has demonstrated that the documents at issue contain detailed medical and psychological information about the Plaintiff, and that the public's right of access to such information is substantially outweighed by the compelling interest in protecting the details of such information from public disclosure. Finally, having considered less drastic alternatives to sealing the documents, the Court concludes that the sealing of these materials is narrowly tailored to serve the interest of protecting this sensitive information.

Therefore, the Plaintiff's Motion to Seal will be granted.

### 2. Defendants' Motion

For essentially the same reasons, the Defendants' Motion to Seal will also be granted. The public has been provided with adequate notice and an

opportunity to object to the Defendants' motion, as it was filed on May 21, 2024, and has been accessible to the public since that date. Further, the Defendant has demonstrated that the documents at issue contain detailed protected medical information about the Plaintiff, and that the public's right of access to such information is substantially outweighed by the compelling interest in protecting the details of such information from public disclosure. Finally, having considered less drastic alternatives to sealing the documents, the Court concludes that the sealing of these materials is narrowly tailored to serve the interest of protecting this sensitive information.

Therefore, the Defendants' Motion to Seal will be granted.

**B.   Motion to Reconsider**

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, a party may submit objections to a Magistrate Judge's ruling on a non-dispositive pretrial motion and seek that the Order be set aside in whole or in part if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Under this standard, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948); Walton v. Johnson, 440 F.3d 160, 173-74 (4th Cir. 2006). Additionally, the

5
Case 1:21-cv-00305-MR-WCM   Document 219   Filed 05/28/24   Page 5 of 8

reviewing district "court is entitled to affirm on any ground appearing in the record, including theories not relied upon or rejected by the magistrate judge." Navient Sols., LLC v. L. Offs. of Jeffrey Lohman, 1:19-cv-461 (LMB/TCB), 2020 WL 1917837, at *4 (E.D. Va. Apr. 20, 2020) (citing Harrison v. Shanahan, 1:18-cv-641 (LMB/IDD), 2019 WL 2216474, at *4 (E.D. Va. May 22, 2019)).

The Plaintiff objects to the portion of the Court's order striking Sheik Johns-El as an expert, arguing that the expert was timely disclosed because he is properly classified as a rebuttal expert. [Doc. 209]. As Judge Metcalf found, Mr. Johns-El is not an appropriate rebuttal expert. He does not have any medical or psychological training, nor any expert knowledge of the relevant standards of care for involuntary commitment, as is the subject of the Defendants' experts' testimony. He therefore is seeking to opine on an entirely different issue and should have been designated as an affirmative expert by December 22, 2023.

For all these reasons, this Court concludes that the Magistrate Judge's partial denial of Plaintiff's Motion to Re-Designate Expert Witnesses [Doc. 149] was not clearly erroneous or contrary to law. Accordingly, the Magistrate Judge's Order is affirmed.

### C. Motions for Leave

The Plaintiff seeks leave to file additional briefs in opposition to Defendants' Motion for Summary Judgment and in support of his own Motion for Partial Summary Judgment on the grounds the Defendants would potentially argue based on new evidence from the deposition of Plaintiff's redesignated expert, Dr. Ryan Kaufman. [Doc. 210]. In a separate motion, the Plaintiff seeks leave to file a surreply to the Defendants' Reply that was filed on May 21, 2024, on the grounds that the Defendants have raised new arguments that warrant response. [Doc. 215].

However, in their Reply, the Defendants make no reference to their deposition of Dr. Kaufman, and only reference his affidavits that the Plaintiff previously filed with the Court. [Doc. 213 at 3]. Because the Defendants present no new evidence with regard to this witness, additional briefs are not warranted. The Defendants have also not raised any new arguments in their Reply, and instead address the arguments made by the Plaintiff in his Response and reiterate the arguments from their original Motion. Therefore, a surreply is not necessary.

For the foregoing reasons, the Court will deny both of the Plaintiff's Motions for Leave. Additionally, the Court declines the Plaintiff's request for

an oral hearing as the parties will have an adequate opportunity to present arguments in their briefs.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

(1) The Plaintiff's Motion to Seal [Doc. 205] is **GRANTED**, and the documents filed as Document 204 shall remain under seal until further Order of the Court;

(2) The Plaintiff's Motion to Reconsider [Doc. 209] is **DENIED**;

(3) The Plaintiff's Motion for Leave to File Additional Briefs and Request for Oral Hearing [Doc. 210] is **DENIED**, and the Plaintiff's request for hearing is **DENIED**;

(4) The Defendants' Motion to Seal [Doc. 212] is **GRANTED**, and the documents field as Document 213 shall remain under seal until further Order of the Court; and

(5) The Plaintiff's Motion for Leave to File Surreply [Doc. 215] is **DENIED**.

**IT IS SO ORDERED.**

Signed: May 27, 2024

_____
Martin Reidinger
Chief United States District Judge