IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00305-MR-WCM

| | |
|---|---|
| TAQI EYR HHAMUL HESED EL, a/k/a BRO T. HESED-EL, <br><br> Plaintiff, <br><br> vs. <br><br> ROBIN BRYSON and MISSION HOSPITAL, INC. <br><br> Defendants. | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court *sua sponte* on the Plaintiff's Notice of Filing [Doc. 222] and Surreply in Opposition to Defendant's Reply [Doc. 223]. Also before the Court are the Plaintiff's Motion to Seal [Doc. 221], the Plaintiff's Motion for Rule 60(b) Relief from Judgment [Doc. 225], the Defendant's Motion to Quash and for Protective Order [Doc. 227], and the Plaintiff's Appeal of Magistrate Judge Decision [Doc. 230].

## I.  PROCEDURAL BACKGROUND

Taqi Eyr Hhamul Hesed El (the "Plaintiff") commenced the present action by filing his Complaint on October 18, 2021, which he amended on February 22, 2022. [Docs. 1, 14]. The Plaintiff's claims stem from what he contends was his involuntary commitment at Mission Hospital during

September and October of 2016. [Doc. 14]. Per the Court's Pretrial Order, the parties had until March 4, 2024, to complete discovery, and April 3, 2024, for the filing of dispositive motions. [Doc. 135 at 1].

The parties have now filed cross motions for summary judgment. [Docs. 165, 170]. On May 7, 2024, the Honorable W. Carleton Metcalf, United States Magistrate Judge, entered an Order granting in part the Plaintiff's Motion to Re-Designate Expert Witnesses [Doc. 149] and giving the Defendants additional time to depose said witness. [Doc. 200]. In this Order, the Magistrate Judge also denied the Plaintiff's Motion to Compel Discovery [Doc. 150]. [Doc. 200]. On May 17, 2024, the Plaintiff filed a Motion for Leave to File Additional Briefs in anticipation of needing to present additional evidence after the deposition of his new expert witness. [Doc. 210]. On May 21, 2024, after said deposition, the Defendants filed a Reply in support of their Motion for Summary Judgment. [Doc. 211].

On May 22, 2024, the Plaintiff filed a Motion for Leave to File Surreply to the Defendants' Reply. [Doc. 215]. The same day, the Plaintiff filed a Notice that he had served the Defendants with Subpoenas to Produce Documents. [Doc. 214]. This Court entered an order on May 28, 2024, denying the Plaintiff's Motion for Leave to File Additional Briefs [Doc. 210] and his Motion for Leave to File Surreply [Doc. 215]. [Doc. 219].

Nevertheless, on the same day, the Plaintiff filed his Surreply to the Defendants' Reply and a Motion to Seal the unredacted version of said filing. [Docs. 221, 222, 223].

On May 28, 2024, the Plaintiff also filed a Motion for Rule 60(b) Relief from Judgment as to this Court's Order [Doc. 219] denying him leave to file additional briefs. [Doc. 225]. On May 30, 2024, the Defendants filed a Motion seeking to quash the Plaintiff's subpoenas filed after the close of discovery and a protective order forbidding discovery of the requested documents. [Doc. 227]. On June 3, 2024, the Plaintiff filed an appeal of the portion of the Magistrate Judge's Order [Doc. 200] denying the Plaintiff's Motion to Compel. [Doc. 230].

## II. DISCUSSION

### A. Plaintiff's Surreply

Under Federal Rule of Civil Procedure 12, the Court may on its own "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Striking under Rule 12 is warranted where a party makes a filing in disregard of court orders. See Royce v. Michael R. Needle P.C., 950 F.3d 939, 952-53 (7th Cir. 2020). Furthermore, the Local Rules of this Court are clear that surreplies are not permitted without leave of court. LCvR 7.1(e).

Here, the Plaintiff filed a surreply in direct contradiction to the Court's Order denying him leave to do the same. Even assuming he filed his surreply without having notice of the Court's Order (which appears unlikely because he filed other motions in response to the same Order on the same day), his surreply was filed without leave of court and is therefore improper. For these reasons, the Court will strike the Plaintiff's Surreply [Docs. 222, 223] in its entirety. Accordingly, the Plaintiff's Motion to Seal the unredacted version of his Surreply [Doc. 221] will be denied as moot.

### B. Plaintiff's 60(b) Motion

Federal Rule of Civil Procedure 60(b) allows a court to enter an order providing relief from a final judgment or order under certain circumstances, including mistake, newly discovered evidence, fraud or misconduct by an opposing party, a void judgment, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). The movant has the burden to establish the grounds set forth in the motion and such grounds "must be clearly substantiated by adequate proof." In re Burnley, 988 F.2d 1, 3 (4th Cir. 1992) (quoting Thomas v. Colorado Trust Deed Funds, Inc., 366 F.2d 136, 139 (10th Cir. 1966)). Relief under Rule 60(b) is an "extraordinary remedy" to be applied only in "exceptional circumstances." Compton v. Alton S.S. Co., Inc., 608 F.2d 96, 102 (4th Cir. 1979).

Here, the Plaintiff seeks relief from the Court's Order denying him leave to file additional briefs relating to the re-designation and deposition of his rebuttal expert witness, Dr. Ryan Kaufman. [Doc. 225]. The Plaintiff claims that he discovered new evidence on May 7, 2024, when Dr. Kaufman performed a psychiatric evaluation of the Plaintiff, and on May 17, 2024, during the deposition of Dr. Kaufman. [Doc 226]. Both of these dates, however, predate the Court's Order on May 28, 2024, thus barring Rule 60(b) relief. Boryan v. United States, 884 F.2d 767, 771 (4th Cir. 1989). Furthermore, the Plaintiff has made no showing as to the materiality of his newly discovered evidence, nor that such evidence is not "merely cumulative." Id. (quoting Taylor v. Texgas Corp., 831 F.2d 255, 259 (11th Cir. 1987)) (internal quotations omitted). In sum, the Plaintiff has not made any showing of an "exceptional circumstance" that warrants relief under Rule 60(b). Therefore, his Motion for Relief will be denied.

C. **Defendants' Motion to Quash & for Protective Order**

"A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending," and "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "[T]o allow a party to continue with formal

discovery . . . after the discovery deadline unnecessarily lengthens [the] discovery process, and diverts the parties' attention, from the post-discovery aspects of preparing a case for Trial." Marvin Lumber & Cedar Co. v. PPG Indus., Inc., 177 F.R.D. 443, 445 (D. Minn. 1997). "Upon the determination that a Rule 45 subpoena constitutes discovery, courts have routinely held that said subpoenas served outside of the discovery period are untimely." Fleetwood Transp. Corp. v. Packaging Corp. of Am., No. 1:11MC45, 2011 WL 6151479, at *2 (M.D.N.C. Dec. 12, 2011). Moreover, upon timely motion, a court must quash a subpoena that "subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A).

The Pretrial Order in this case is clear. It states that "[d]iscovery requests that seek responses or to schedule depositions after the discovery completion deadline are not enforceable except by order of the Court for good cause shown." [Doc. 135 at 4]. The Plaintiff served subpoenas on the Defendants on May 20, 2024, nearly three months after the close of discovery. This alone is grounds for this Court to grant the Defendants' Motion to Quash, as the Plaintiff has not shown good cause for his late discovery request. However, enforcing the Plaintiff's subpoenas would also subject the Defendants to an undue burden as both parties have already filed dispositive motions in this case, and the case is set for trial in September.

Requiring the Defendants to continue to produce additional evidence is therefore unreasonable and unwarranted. The Defendants' Motion for Protective Order will thus be granted, and accordingly, the Plaintiff's subpoenas are quashed.

### D. Plaintiff's Appeal of Magistrate Judge's Order

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, a party may submit objections to a Magistrate Judge's ruling on a non-dispositive pretrial motion and seek that the Order be set aside in whole or in part if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Under this standard, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948); Walton v. Johnson, 440 F.3d 160, 173-74 (4th Cir. 2006). Additionally, the reviewing district "court is entitled to affirm on any ground appearing in the record, including theories not relied upon or rejected by the magistrate judge." Navient Sols., LLC v. L. Offs. of Jeffrey Lohman, 1:19-cv-461 (LMB/TCB), 2020 WL 1917837, at *4 (E.D. Va. Apr. 20, 2020) (citing Harrison v. Shanahan, 1:18-cv-641 (LMB/IDD), 2019 WL 2216474, at *4 (E.D. Va. May 22, 2019)).

The Plaintiff objects to the portion of the Magistrate Judge's Order [Doc. 200] denying his Motion to Compel Defendant Bryson to provide information regarding her education and training. [Doc. 209]. Federal Rule of Civil Procedure 26 is clear that

> the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the discovery sought is unreasonably cumulative or duplicative, [or] the party seeking discovery has had ample opportunity to obtain the information by discovery in the action.

Fed. R. Civ. P. 26(b)(2)(C).

As Judge Metcalf found, the record of this case and the need for a just and speedy resolution of this matter do not warrant the relief that the Plaintiff is seeking. The Plaintiff had ample opportunity to obtain the information he is seeking during the discovery period, and indeed, much of the information he is seeking is already in the record of this case, making additional discovery on these issues duplicative. Furthermore, for many of the same reasons articulated with respect to the Defendant's Motion to Quash, compelling production of additional evidence at this stage of litigation is inappropriate. The parties have already filed dispositive motions, and the discovery period has long been closed.

For all these reasons, this Court concludes that the Magistrate Judge's partial denial of Plaintiff's Motion to Compel [Doc. 150] was not clearly erroneous or contrary to law. Accordingly, the Magistrate Judge's Order is affirmed.

## ORDER

IT IS THEREFORE ORDERED that:

(1) The Plaintiff's Motion to Seal [Doc. 221] is **DENIED AS MOOT**;

(2) The Plaintiff's documents filed as Documents 222 and 223 are **STRICKEN**;

(3) The Plaintiff's Motion for Rule 60(b) Relief from Judgment [Doc. 225] is **DENIED**;

(4) The Defendant's Motion to Quash and for Protective Order [Doc. 227] is **GRANTED**; and

(5) The Plaintiff's Appeal of Magistrate Judge Decision [Doc. 230] is **DENIED**.

IT IS SO ORDERED.

Signed: June 27, 2024

Martin Reidinger
Chief United States District Judge